**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CEDARCRESTONE, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-4673 |
| | § | |
| **AFFILIATED COMPUTER** | § | |
| **SERVICES, LLC n/k/a XEROX** | § | |
| **BUSINESS SERVICES, LLC** | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF CEDARCRESTONE, INC.'S RESPONSE TO DEFENDANT
XEROX BUSINESS SERVICES, LLC'S MOTION FOR LEAVE
TO CONDUCT THE DEPOSITION OF JOHN ENAMA OUTSIDE OF THE
<u>DISCOVERY DEADLINE AND BRIEF IN SUPPORT</u>**

**I.   INTRODUCTION**

Despite having listed John Enama as a potential witness in its own Initial Disclosures served nearly a year and a half ago, Xerox never indicated an intent to take Mr. Enama's deposition until May 12, 2014 – only three days before the discovery deadline. This delay alone is sufficient grounds for denial of Xerox's Motion for Leave to Conduct the Deposition of John Enama Outside of the Discovery Deadline.

Xerox's Motion should also be denied because it has not shown the requisite good cause required for extending the discovery deadline and/or exceeding the agreed-upon 15 depositions in this matter. In particular, Xerox has offered no real explanation (beyond transparent pretext) regarding what information Mr. Enama might have that was undiscoverable prior to the close of discovery, nor does Xerox provide any legitimate rationale for its patent lack of diligence. Moreover, contrary to Xerox's bald assertion, permitting this deposition will prejudice CCI, forcing it to incur the cost of preparing for and travelling to yet another out-of-state deposition.

For these reasons, and those set forth more fully below, CCI respectfully requests the Court deny Xerox's Motion for Leave to Conduct the Deposition of John Enama Outside of the Discovery Deadline.

## II.  RELEVANT BACKGROUND

Discovery in this case closed on May 15, 2014. Three days prior to the cutoff (and over a year and half after Xerox itself disclosed Mr. Enama as a person likely to have discoverable information),[1] Xerox notified CCI of its intent to take Mr. Enama's deposition.[2] Notably, at the time of its request, Xerox had already noticed or taken in excess of fifteen fact witnesses and insufficient time remained in the discovery period for them to actually notice the deposition absent an extension of the discovery period (and leave to exceed fifteen depositions).[3]

Xerox alleges that its untimely request was prompted by testimony given at the deposition of Charlene Parsons, Vice President of Talent Optimization for non-party Cigna Corporation, on April 19, 2014. Xerox asserts that it "reasonably assumed" Ms. Parsons would have knowledge of certain areas of interest to Xerox and – upon discovery that she did not – had an epiphany, realizing for the very first time their need to depose Mr. Enama.[4]

Xerox's assertions run contrary to their own disclosures and the history of discovery in this case. Interestingly, Xerox's initial disclosures – made back in January 2013 – specifically identify only four individuals who are/were employees of Cigna with relevant knowledge of this

---

[1] *See* Defendant's Fed. R. Civ. P. 26(a)(1) Initial Disclosures, at 3 (listing John Enama) [App. at 1-10].

[2] See May 12, 2014 email string between counsel for CCI and Xerox [App. at. 11-12].

[3] On or about January 8, 2014, the Parties agreed to increase the deposition limit for this case (from ten under Rule 30) to fifteen per side.  *See* Dkt. 107, Plaintiff CedarCrestone, Inc.'s Motion for Protective Order, at Exhibit D (App. 24-26) (copy of January 8, 2014 email string increasing number of depositions per side).

[4] *See* Xerox Mot. pg. 2.

2

case.[5]  Mr. Enama is one of those witnesses. Ms. Parsons is not. Certainly at the time of Xerox's disclosures a year and a half ago they were aware or believed that Mr. Enama possessed a greater wealth of information related to this case than Ms. Parsons. The volume of documents produced by Xerox further bears this point out. Production by Xerox related to Mr. Enama by far exceeds the volume for Ms. Parsons. Indeed, Xerox produced roughly 17,000 documents with Mr. Enama's name and less than 6,000 documents related to Ms. Parsons.

Also notable, CCI elected to request documents from Cigna, and, in fact served Cigna with a subpoena duces tecum related to the Cigna Project.[6] A sample of the categories of documents sought by CCI were "all documents and communications concerning, referring or relating to CCI's performance of the Project," "the timing for completion of the Project," "any critical milestone or other deadline of the Project," and/or otherwise "relating to CCI with respect to the Project".[7] Remarkably, Xerox asserted numerous objections to each of these Requests, including asserting that they sought confidential information exempt from discovery. The Requests served by CCI – and to which Xerox strenuously objected – in large part mirror the very information Xerox now seeks leave to obtain from Mr. Enama.[8] Said another way, Xerox not only never sought the information it now seeks at the eleventh hour, but it in fact actively sought to block CCI's access to this same information.

In addition, CCI began seeking Ms. Parsons' deposition in January 2014.[9] In connection with CCI's request to Cigna for Ms. Parsons deposition, it immediately notified Xerox that it was

---

[5] App. at 3-4.

[6] *See* Defendant's Objections to Third Party Requests for Production Pursuant to Subpoena [App. at 13-21].

[7] *Id.* at 17-18.

[8] *Id.*

[9] See January 29, 2014 email string between counsel for CCI and Xerox [App. at. 22].

pursuing such deposition and worked with counsel for Xerox and Cigna to determine a mutually agreeable date and location. Ms. Parsons deposition was ultimately set in April – some four months later. Despite its contention that Ms. Parsons' testimony prompted its request, Xerox waited for a month after Ms. Parsons' deposition before advising CCI, three days before the close of discovery, that it desired to take Mr. Enama's deposition.[10] It was not until May 14, 2014 (the day before the close of discovery) that Xerox attempted to conference with CCI on its request to extend the discovery deadline;[11] and the instant Motion was not filed until the day of the discovery cutoff.

### III. ARGUMENT

#### A. Mr. Enama's Deposition Could Not be Completed Before the Discovery Deadline Passed

Xerox first notified CCI that it desired to depose Mr. Enama on May 12, 2014, with only three days remaining in the discovery period.[12] A deposition is not permitted if it cannot be completed before the discovery deadline has passed. FED. R. CIV. P. 30. *See e.g., In re Sulfuric Acid Antitrust Litig.,* 230 F.R.D. 527, 531 (N.D. Ill. 2005). Xerox does not dispute, and in fact readily admits, that because this deposition could not be completed within the discovery period, it is not permitted absent leave of Court to extend the discovery cutoff.

#### B. Xerox Has Already Exceeded 15 Depositions.

Moreover, Rule 30 expressly states "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition and: (i) the deposition would result in more than 10

---

[10] App. at. 11. Xerox's alleges that it was already discussing this deposition with Cigna. No evidence is provided to support this assertion, and Xerox offers no explanation for why, if it was already discussing the deposition with Cigna, it did not include CCI in those discussions until three days before the discovery cutoff.

[11] See May 14, 2014 email string between counsel for CCI and Xerox [App. at. 23].

[12] App. at. 11.

depositions being taken. . . ." FED. R. CIV. P. 30(a)(2)(A)(i). CCI has not stipulated to the taking of this deposition. The only stipulation between the Parties is regarding the limit on the number of depositions, which the Parties agreed to raise to fifteen (15). <u>Excluding</u> this additional non-party deposition, Xerox has already taken or noticed more than fifteen depositions.[13] Thus, absent leave of this Court to exceed the deposition limit, Xerox is further barred from taking Mr. Enama's deposition (even if the discovery deadline is extended).

### C. Xerox Cannot Satisfy the Standards of Rule 30 or Rule 16; Xerox Cannot Show Good Cause Exists to Exceed The Deposition Limit and Extend The Discovery Cutoff.

To exceed the prescribed limit of depositions and conduct discovery beyond the discovery cutoff, a party (here Xerox) must show **good cause**. FED. R. CIV. P. 26; FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *Neely v. Khurana*, Civil Action No. 3:07-CV-1344-D, 2009 U.S. Dist. LEXIS 130886, at \*\*11-14 (N.D. Tex. Mar. 20, 2009) (finding that Plaintiff has not met burden to establish good cause for why the discovery period should be extended and therefore denying plaintiff's motion for hearing to reopen discovery). In order to modify the scheduling order, the "movant must show that, despite its diligence, it could not reasonably have met the scheduling order deadline." *Neely*, 2009 U.S. Dist. LEXIS 130886, at \*12; *S.W. Enters. v. SouthTrust Bank,* 315 F.3d 533 (5th Cir. 2003) (good cause requires showing that deadlines cannot reasonably be met despite

---

[13] The noticed depositions include: (1) Rosemary Long-Nutt, (2) Becky Hutcherson, (3) Ryan Roberts, (4) Sudhir Javangula, (5) David Lord, (6) Kim Vetter, (7) Eve Richardson, (8) Paul Simmons, (9) Brian Fees, (10) Jeff Sigelbaum, (11) Michael Stephen, (12) Annalie Radburn, (13) Boscov Department Stores, Inc., (14) Canon USA, Inc., (15) CSX Technology, Inc., (16) CedarCrestone, Inc., [Xerox has noticed two separate depositions of CedarCrestone, Inc.]. Now Xerox seeks to notice a further deposition of John Enama. CCI expressly incorporates by reference its arguments regarding the deposition limit included in its Motion for Protective Order [Dkt. 106] and Reply in Support of Motion for Protective Order [Dkt. 126]. Note, since filing this Motion, Xerox has evidenced an intent to no longer pursue the Canon and CSX depositions. Even if these two depositions are removed from the mix, Mr. Enama's deposition would still be in excess of fifteen noticed or taken by Xerox.

5

party's diligence). While diligence is the primary factor to be considered, in determining whether the movant has "met its burden under Rule 16(b)(4), courts may also consider: (1) the party's explanation; (2) the importance of the requested relief, (3) potential prejudice in granting the relief, and (4) the availability of a continuance to cure such prejudice." *Id*. at \*\*12-13.

In addition, in order to establish good cause to exceed the number of depositions, Xerox has a further obligation to "show the necessity of all the depositions [it] took in reaching the prescribed limit." *Barrow v. Greenville Indep. School Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) (Fitzwater, J.). "The mere fact that more than ten individuals may have discoverable information in a case does not mean that taking more than ten depositions makes sense." *United States v. Goertz*, 2010 U.S. Dist. LEXIS 72890, at \*1 (W.D. Tex. July 20, 2010). Good cause is particularly lacking where a party fails to diligently seek discovery or is unsatisfied with its own examination, and leave is inappropriate. *Byers v. Navarro County*, 2011 U.S. Dist. LEXIS 105514, at \*\*4-6 (N.D. Tex. Sept. 19, 2011) (denying leave to exceed the deposition limit where a party "had ample opportunity to obtain this discovery but 'did not request these documents until after nearly eight months had lapsed since the designation of the expert and more than three months after the discovery deadline had passed'"). *Byers* is particularly instructive here, Xerox issued six notices of deposition in addition to this motion for leave to depose Mr. Enama, in the last few weeks of a discovery period (that had been open for some fifteen months) indicative of a general lack of diligence. Xerox simply cannot satisfy its burden to show that good cause exists.

### 1. Xerox's Explanation is Transparent And Does Not Support Good Cause Or Their Assertion That The Information is "Key"

Xerox glibly states that it "reasonably assumed" Ms. Parsons would be able to provide testimony regarding certain categories of information related to CCI's performance on the Cigna

6

Project, but that during the course of her deposition it became clear Mr. Enama possessed more of the relevant knowledge Xerox seeks, prompting their now "apparent" need to depose Mr. Enama and file this Motion.[14]

Xerox's explanation for their delay in seeking Mr. Enama's deposition simply does not add up. As an initial matter, Xerox wholly fails to inform the Court of certain key facts:

(1) Xerox has known about and, in fact, Xerox disclosed that Mr. Enama possessed this relevant knowledge in January 2013 (Mr. Enama was one of only four Cigna witnesses disclosed by Xerox as having relevant knowledge).[15]

(2) The volume of Xerox's own document production makes clear that Mr. Enama likely possessed "more" personal knowledge than Ms. Parsons.

(3) CCI sought discovery from Cigna that encompasses the areas of testimony Xerox alleges are of great import. CCI specifically sought written discovery regarding "CCI's performance" on the Project from Cigna. This topic area is the primary reason provided by Xerox in its Motion (*see* Mot. pg. 4-5 "Cigna's opinion as to CCI's performance is likely to constitute compelling evidence on key issues") to justify Mr. Enama's late deposition. Xerox objected and opposed CCI's efforts to obtain this very information during the discovery period.[16]

(4) Xerox elected not to serve any written any written discovery of its own on Cigna or seek depositions of any of the four Cigna witnesses it expressly identified to CCI has having relevant knowledge during the discovery period. Said another

---

[14] *See* Xerox Mot. at 2-5.

[15] App. at 3-4.

[16] App. at 17-18.

7

way, Xerox not only never explored during the course of discovery whether the information it now seeks at the eleventh hour could have been obtained in a more convenient, less burdensome or less expensive manner, but it in fact actively sought to block CCI's access to this same information.

### 2. Xerox Was Not Diligent; CCI Should Not Be Prejudiced by Xerox's Failure to Act Diligently and A Continuance is Not Available to Cure Such Prejudice

Even if this Court were to overlook each of these items, the fact remains that Ms. Parsons – the purported trigger for this deposition – was deposed on April 9, 2014. Xerox cross-examined her for over three hours and then waited for more than a month to reach out to CCI about its desire to take the deposition of Mr. Enama. Xerox alleges that it began discussing the deposition with Cigna prior to the May 12, 2014 date when it contacted CCI, but offers no explanation as to why it did not include CCI in these discussions until May 12th, by which time the deposition plainly could not be completed within the discovery period.[17]

Xerox has provided absolutely no explanation of why it delayed for a month in notifying CCI. Xerox certainly has not demonstrated why it could not notice Mr. Enama's deposition within the discovery period. Good cause requires a showing that deadlines cannot reasonably be met despite party's diligence – in fact, diligence is the primary factor the Court must consider. *S.W. Enterprises,* 315 F.3d. at 533. Xerox has exhibited a total lack of diligence, and is devoid of any explanation on this point other than the unsupported assertion that Mr. Enama was not available for deposition until after the discovery deadline. Xerox well knows, however, that third party depositions can be difficult to schedule; and attempting to secure a deposition of third party witness days before the discovery deadline can hardly be described as diligent. CCI should

---

[17] App. at 23.

not be made to suffer for Xerox's lack of diligence, and on this basis alone Xerox's motion should be denied.

Moreover, CCI will be prejudiced if this Court grants leave. Not only because, as Xerox acknowledges, both Parties wish to adhere to their current trial date (meaning that a continuance is not available to cure any prejudice), but further because CCI will have no opportunity to serve or seek any further discovery following Mr. Enama's deposition. Mr. Enama is a non-party. Should issues arise or testimony be provided during the deposition of Mr. Enama that CCI needs to further pursue it will have no avenue to do so. CCI will not be able to reach an agreement with Xerox to seek a further deposition or serve additional written discovery requests to further test or discovery information stemming from Mr. Enama's testimony.

### D. In Addition to Xerox's Failure to Show Good Cause, Further Reason Exists to Deny Leave

Beyond Xerox's failure to establish good cause, further reason exists to deny Xerox's request for leave to depose Mr. Enama, namely that (1) Xerox has already had ample opportunity to obtain the information it seeks, and (2) the burden of the deposition at this juncture outweighs the benefit. *See* FRCP 26(b).

#### 1. Xerox Had Ample Opportunity to Obtain the Information it Seeks.

There has been ample opportunity for Xerox to obtain this discovery prior to this last-minute, last-ditch attempt. *See* FED. R. CIV. P. 26(b)(2)(C)(ii) ("[T]he court must limit the frequency or extent of discovery . . . if it determines that . . . the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"). Discovery was open for more than a year in this case. Xerox has known about Mr. Enama since the date of its own initial disclosures; he is one of only 24 employees witnesses of Xerox/Cigna that Xerox

9

identified.[18] Said another way, Xerox was well aware that Mr. Enama would "likely have discoverable information that [it] may use to support its claims or defenses" since the inception of this case, more than a year ago. He was on Xerox's own short list.[19]

Simply put, there is no reason Xerox could not have completed Mr. Enama's deposition within the discovery period. Xerox's own Motion perhaps drives home this point the best. Xerox argues that CCI will not be prejudiced if leave is granted because "CCI has already conducted (and had the opportunity to conduct) discovery from Cigna, including via document requests and the deposition of Ms. Parsons [and CCI] will be able to cross-examine Mr. Enama at his deposition."[20] This argument proves to much: Xerox has had the same opportunity that CCI did to conduct discovery of Cigna. Xerox could have also served Cigna with documents requests. Xerox certainly could have similarly noticed a Cigna witness of its choosing for deposition during discovery. Absolutely nothing precluded Xerox from timely noticing Mr. Enama or another Cigna witness prior to or contemporaneously with Ms. Parsons' deposition or the discovery cut-off. Xerox has only itself to blame for having failed to avail itself of these ample opportunities during the discovery period, and falls well short of showing the good cause required for relief from the Court.

### 2. Forcing CCI To Travel to Philadelphia to Attend Another Non-Party Deposition Would Impose Undue Burden and Expense on CCI and Outweighs Any Benefit.

Permitting Mr. Enama's deposition will impose yet further travel costs and expenses on

---

[18] App. at 1-4.

[19] *Id.* In addition, Xerox attempts to argue that it could not previously depose Mr. Enama because "CCI initially designated no less than 130 fact witnesses . . . [but] Xerox . . . may not take 130 depositions. . . ." *See* Xerox's Mot. at 4. Contrary to Xerox's position that "CCI . . . misses the point," Xerox also included Mr. Enama in its initial disclosures; he was one of only four Cigna employees identified by Xerox itself making clear that Xerox was well aware of possibility that Mr. Enama would "likely have discoverable information." *Id.*

[20] *See* Xerox Mot. at 5.

10

CCI after discovery has closed.  Mr. Enama, a non-party, resides in Philadelphia.  Proceeding with his deposition would therefore require counsel for CCI to travel to Philadelphia to attend the deposition notwithstanding that counsel has previously traveled to Philadelphia for a Cigna deposition in April.  The burden that would be imposed on CCI to attend another non-party deposition (when Xerox could have noticed Mr. Enama's deposition for the same time the parties were already scheduled to be in Philadelphia for Ms. Parsons' deposition) would outweigh any benefit.  Requiring CCI and its counsel to incur the cost of traveling to Philadelphia again is unreasonable in any event, but particularly given that the discovery period is closed and the deposition exceeds the number to which the parties agreed.

## V.     CONCLUSION

Xerox has failed to establish good cause under Rule 16(b)(4) to modify the court's scheduling order and has not even attempted to establish good cause under Rule 30 to take this deposition in excess of the fifteen deposition limit.  For the foregoing reasons, CedarCrestone, Inc. respectfully requests that the Court deny Defendant Xerox's Motion for Leave to Conduct the Deposition of John Enama Outside of the Discovery Deadline.

Date:  May 23, 2014                                       Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ *Christine A. Nowak*
Brian A. Colao
State Bar No.  00793528
Thomas M. Hanson
State Bar No. 24068703
Christine A. Nowak
State Bar No. 24050200
1717 Main Street, Suite 4000
Dallas, Texas 75201
214.462.6420

**ATTORNEYS FOR CEDARCRESTONE, INC.**

11

## CERTIFICATE OF SERVICE

This is to certify that, on the 23rd day of May, 2014, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2)-(3).

/s/     *Christine A. Nowak*_____

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•COMERICA BANK TOWER, 1717 MAIN STREET, SUITE 4000•DALLAS, TEXAS 75201