IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDARCRESTONE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-4673 |
| | § | |
| AFFILIATED COMPUTER | § | |
| SERVICES, LLC, n/k/a XEROX | § | |
| BUSINESS SERVICES, LLC | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S
REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT THE
<u>DEPOSITION OF JOHN ENAMA OUTSIDE OF THE DISCOVERY DEADLINE</u>**

Defendant/Counter-Plaintiff Affiliated Computer Services, LLC, n/k/a/ Xerox Business Services, LLC ("Xerox") files this Brief in Reply to CedarCrestone, Inc.'s ("CCI") Response to Defendant Xerox's Motion for Leave to Conduct the Deposition of John Enama Outside of the Discovery Deadline and Brief in Support ("Response").

**I.      Introduction**

CCI's basis for refusing to extend the discovery deadline for approximately two (2) weeks to accommodate the deposition of a third-party, John Enama at CIGNA, is based solely on inaccurate math and an amorphous claim of prejudice due to additional travel expenses that CCI will incur to attend the deposition. CCI's position is shocking in light of the fact that: (1) CCI has taken more depositions than Xerox to date; (2) the parties have already agreed to take certain depositions after the discovery deadline;[1] and (3) Xerox has traveled to numerous out of town

---

[1] The depositions of the following are scheduled to take place after the May 15, 2014 discovery deadline: Mike Howson, Todd Trivett, Scott Van Meter, Brian Turner, and Bob Gray.

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT THE DEPOSITION OF JOHN ENAMA OUTSIDE OF THE DISCOVERY DEADLINE- PAGE** 1

locations for CCI's depositions of third-parties to this action, including to Philadelphia, New York City, Orange County, and twice to Atlanta.

Despite CCI's inexcusable opposition to briefly extend the discovery deadline to accommodate Mr. Enama's deposition, CCI's arguments are patently wrong. First, Xerox has *not* exceeded 15 depositions. Moreover, despite CCI's criticisms regarding the timing of Xerox's decision to take Mr. Enama's deposition, Xerox and CCI both listed well over 60 individuals with personal knowledge in their Initial Disclosures. However, it was only after Ms. Parsons' deposition on April 9, 2014, that it became abundantly clear that Mr. Enama, not Ms. Parsons, is the person from CIGNA with personal knowledge about CCI and CCI's work on the CIGNA Project. Contrary to CCI's allegations, Xerox acted diligently in communicating with CIGNA's counsel regarding the deposition scheduling of Mr. Enama after April 9th, and alerted CCI to the available dates for Mr. Enama's deposition as soon as possible. CCI's arguments are unpersuasive, and CCI has not established that it will suffer any unfair prejudice based on the limited relief requested by Xerox in its Motion.

## II.     Xerox Has *Not* Exceeded 15 Depositions.

Contrary to CCI's assertions, Xerox has not exceeded the fifteen (15) deposition limit previously agreed to by the parties. Indeed, this very issue has already been fully briefed by the parties and ruled on by the Court. (*See* Order Denying Plaintiff's Motion for Protective Order, Brief and Objections to Notice, Docket No. 132). However, CCI again attempts to argue that the very same depositions mentioned in its Motion for Protective Order--which the Court denied--constitute Xerox's allotted 15 depositions. (*See* Plaintiff's Motion for Protective Order, Brief in Support and Objections to Notice, Docket No. 106 at 3.) To summarize, CCI yet again alleges that Xerox exceeded the allotted 15 depositions since Xerox deposed ten CCI employees, cross-subpoenaed two third party individuals, noticed two third-party customers of CCI, and deposed

CCI in conjunction with Rule 30(b)(6). Not only did this argument already fail, but CCI again neglects to mention that two of the depositions were cross-subpoenas, originally noticed by CCI. Moreover, Xerox has made it clear that it no longer is pursuing the depositions of CCI's customers, which CCI admits (albeit subtly in a footnote). (*See* Response, Docket No. 138 at 5.) Accordingly, in total, Xerox has taken ten depositions

### III.     Good Cause Exists To Extend The Discovery Deadline.

First, contrary to CCI's suggestion, Xerox did not oppose CCI's attempts to obtain discovery from CIGNA. In fact, Xerox did not oppose CCI's request to depose Ms. Parsons. Rather, Xerox traveled to Philadelphia for that deposition, which lasted nearly thirteen (13) hours. Further, Xerox simply filed its own objections to CCI's subpoena for documents to CIGNA based on standard objections appropriate under the Federal Rules. Interestingly, however, CCI has never moved to compel the wide-sweeping document requests it initially requested from CIGNA over a year ago. CCI is apparently concerned that Mr. Enama may present a less than positive story about CCI's work on the CIGNA Project, and refute some of Ms. Parsons' deposition testimony, which was not based on personal knowledge.

### A.     It did not become clear until after Ms. Parsons' deposition that Mr. Enama should be deposed.

Xerox understandably believed that Ms. Parsons would have personal knowledge as to CCI's performance on the CIGNA Project from CIGNA's perspective. Indeed, Ms. Parsons performed "oversight and management" for CIGNA of the Human Resources Business Processes Outsourcing ("HRBPO") project that is the subject of this lawsuit. (Parsons Tr. at 13:25–14:5 (Appendix to Defendant's Sealed Motion for Leave to Conduct the Deposition of John Enama Outside of the Discovery Deadline and Brief in Support, Docket No. 125 ("Appx.") at 0005-0006)). Further, documents produced in this case indicated that Ms. Parsons often

communicated with Xerox to express opinions regarding the parties' performance on the project. (*E.g., id.* at 231:15–232:16, 253:7–18 (Appx at 0007-0008)). Accordingly, rather than notice the deposition of yet another CIGNA employee and further burden third-party CIGNA, Xerox instead asked questions of Ms. Parsons regarding CCI's performance from CIGNA's perspective. However, Ms. Parsons testified on April 9th that Mr. Enama-- not Ms. Parsons--had personal knowledge about CCI's work on the CIGNA Project. Specifically, Ms. Parsons testified that she had no personal knowledge regarding much of CCI's performance. (*Id.* at 325:10–326:7, 332:23–333:8, 335:6–20, 365:5–25, 382:24–383:14, 395:22–400:10, 407:5–18, 412:3–22 (Appx at 0009-0018)). On the other hand, Ms. Parsons clearly testified that Mr. Enama would have personal knowledge regarding key topics including: whether CCI devoted inadequate resources to the CIGNA project; the numerous errors in CCI's development work and coding; CCI's failure to engage in knowledge transfer; and errors produced during system integration testing of CCI's coding work. (*Id* at 325:10–326:7, 332:23-333:8, 407:5–18, (Appx at 0010-0011, 0017)). Indeed, Ms. Parsons testified that Mr. Enama was "closer to CCI's actual work product" than she was. (*Id.* at 397:4–7 (Appx at 0015)).

As a result, within two weeks after Ms. Parson's deposition (by April 25, 2014), Xerox contacted CIGNA's counsel regarding additional CIGNA depositions. Once Xerox obtained an agreement from CIGNA's counsel to produce Mr. Enama for his deposition and available dates (on May 12, 2014), Xerox immediately notified CCI of its intent to depose Mr. Enama.[2] Thus, Xerox diligently sought the deposition of Mr. Enama, receiving his available dates on May 12th and then immediately notifying CCI.

---

[2] CCI further argues that Xerox "offers no explanation as to why it did not include CCI in these discussions until May 12th . . . " (*See* CCI's Response, Docket No. 138 at 8.) Interestingly, CCI neglects to mention that it began discussing the depositions of Annalie Radburn and Michael Stephan (two Deloitte individuals) with Deloitte as early as March 17, but failed to notify Xerox of its intentions to depose them until April 3.

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT THE DEPOSITION OF JOHN ENAMA OUTSIDE OF THE DISCOVERY DEADLINE- PAGE 4**

### B. CCI will not be unfairly prejudiced by the short discovery deadline extension to depose Mr. Enama.

CCI will not be unfairly prejudiced by Mr. Enama's deposition in June. Rather, if the deposition is not taken, *Xerox* will be unfairly prejudiced. Indeed, Mr. Enama has personal knowledge and can provide testimony regarding CCI's performance on the CIGNA Project from CIGNA's perspective as compared with Ms. Parsons, who was lacking in the requisite personal knowledge. Although CCI argues that it will have no opportunity to serve or seek any further discovery following Mr. Enama's deposition, this point is irrelevant and misses the mark. Indeed, neither party has been able to serve discovery (absent an agreement) since April 15, 2014,[3] even though depositions have continued since that time. Regardless, CCI has already conducted discovery from CIGNA. Moreover, CCI will also be able to cross-examine Mr. Enama at his deposition. Finally, Mr. Enama's deposition will occur in June 2014, allowing plenty of time before the September 2014 trial setting for CCI to prepare following the deposition.

Finally, CCI's complaint about travel expenses ignores that fact that Xerox has traveled for multiple third-party depositions that CCI has taken in this case. Specifically, Xerox has incurred travel expenses to attend third-party depositions noticed by CCI, including: Tina Bable (Atlanta), Mike Noack (Orange County), Shantanu Nigam (Atlanta), Annalie Radburn (New York), and Michael Stephan (New York).

Despite its diligence, Xerox could not schedule Mr. Enama's deposition prior to the discovery deadline. Good cause exists to permit Xerox to conduct that single important deposition shortly after the expiration of the discovery deadline to accommodate the schedule of a non-party witness.

---

[3] The Discovery Cutoff was May 15, 2014.

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT THE DEPOSITION OF JOHN ENAMA OUTSIDE OF THE DISCOVERY DEADLINE- PAGE 5**

For the foregoing reasons, Xerox respectfully requests that the Court grant leave for Xerox to conduct the deposition of non-party John Enama from CIGNA after the discovery deadline, specifically when Mr. Enama is available in June 2014.

Date: May 27, 2014                              Respectfully submitted,

                                               /s/ Jack J. Stone
                                         Steven G. Schortgen, Lead Counsel
                                             Texas State Bar No. 00794603
                                             steve.schortgen@klgates.com
                                       Craig W. Budner
                                             Texas State Bar No.03313730
                                             craig.budner@klgates.com
                                       Ann Marie Arcadi
                                             Texas State Bar No. 00786994
                                             annmarie.arcadi@klgates.com
                                       Jennifer Klein Ayers
                                             Texas State Bar No. 24069322
                                             jennifer.ayers@klgates.com
                                       Jack J. Stone
                                             Texas State Bar No. 24083592
                                             jack.stone@klgates.com

                                       K&L Gates LLP
                                       1717 Main St.
                                       Suite 2800
                                       Dallas, TX  75201
                                       214.939.5500
                                       214.939.5849 Facsimile

                                       **ATTORNEYS FOR AFFILIATED COMPUTER SERVICES, LLC,  n/k/a XEROX BUSINESS SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of May, 2014, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2)-(3).

                                           /s/ Jack J. Stone
                                           Jack J. Stone