IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDARCRESTONE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-cv-4673 |
| v. | § | |
| | § | |
| AFFILIATED COMPUTER SERVICES, LLC, n/k/a XEROX BUSINESS SERVICES, LLC | § § § | |
| | § | |
| Defendant. | § | |

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S RESPONSE
IN OPPOSITION TO PLAINTIFF CEDARCRESTONE, INC.'S MOTION FOR
PARTIAL SUMMARY JUDGMENT UNDER FED. R. CIV. P. 56**

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.4(a), Defendant Affiliated Computer Services, LLC, n/k/a Xerox Business Services, LLC ("Xerox") files this Response in Opposition to Plaintiff CedarCrestone, Inc.'s ("CCI") Motion for Partial Summary Judgment ("Motion").

**SUMMARY**

In accordance with Local Rule 56.4(b), this Motion is accompanied by Xerox's Responsive Brief and Appendix in Support, and Xerox respectfully submits that all facts, arguments, and legal authorities in support of its opposition are contained in those contemporanous filings.  Below, however, is a short summary detailing why CCI is not entitled to summary judgment on any of the issues it raises in its Motion.

*First*, contrary to CCI's assertions, Texas law supports the assertion of Xerox's fraud claim and permits Xerox to recover all of the damages it currently seeks.  Not only has the Court previously considered and rejected the argument that Xerox's fraud claim fails as a matter of

law, but this Court previously upheld a fraud claim under a fact pattern identical to the one in this case.

*Second*, there is an abundant factual record demonstrating that CCI committed fraud. Accordingly, because the Court is required to view all inferences drawn from the factual record in the light most favorable to Xerox, summary judgment on Xerox's fraud claim is inappropriate.

*Third*, contrary to CCI's argument, the Master Services Agreement's ("MSA") limitation of liability provision does not contractually limit Xerox's ability to recover the damages it seeks. The Court previously considered and rejected this very argument over a year ago. Furthermore, multiple provisions in the MSA and the Statement of Work ("SOW") expressly permit Xerox to recover all of the damages it currently seeks as a result of CCI's breach of contract and abandonment of the underlying project. Alternatively, if the Court finds that the relevant MSA and SOW provisions do not unambiguously allow Xerox to recover all of its damages for CCI's breach of contract, then the SOW must necessarily be viewed as ambiguous under Texas law. Because CCI, who bears the burden of proof on this issue, failed to set forth any evidence supporting its position, summary judgment is inappropriate. Finally, even assuming, *arguendo*, that the provision applies, Xerox's fraud claim is specifically excepted, as a matter of law, from this provision, and Xerox's claim for indemnificatoin also expressly falls outside the terms of the limitation. Accordingly, CCI's request that the court issue an order limiting the amount of damages Xerox may recover is inappropriate.

*Fourth*, CCI is not entitled to summary judgment on Xerox's indemnification claim. Not only is there ample evidence in the record supporting this claim, but this Court previously rejected CCI's argument that the claim duplicates Xerox's claim for breach of contract.

*Fifth*, a plain reading of Chapter 38 of the Texas Civil Practice and Remedies Code – by itself – requires the Court to reject CCI's argument that the MSA's limitation of liability provision precludes Xerox from recovering its reasonable attorneys' fees. Furthermore, Texas Courts have repeatedly refused to apply a contractual limitation of liability provision to the recovery of attorneys' fees.

*Finally*, because CCI committed the first material breach in this case, it is not entitled to summary judgment on its breach of contract claim. There is ample evidence in the record demonstrating that CCI, not Xerox, committed the first material breach of contract by failing to meet contractual deadlines and by failing to deliver a properly coded and developed system. Multiple courts in Texas have recognized that when there is a dispute regarding which party breached first, summary judgment is inappropriate. Additionally, the SOW's milestone credits are service level credits commonly used by service providers and their clients in the outsourcing industry. Because the parties never intended for the service level credits to act as a measure of recovery in the event of nonperformance or breach, they cannot be a liquidated damge or a penalty under Texas law.

For the foregoing reasons, and for all of the reasons set forth in Xerox's Responsive Brief, Xerox respectfully requests that the Court deny CCI's Motion in its entirety.

Date: June 2, 2014, 2014                    Respectfully submitted,

                                     */s/ Steven G. Schortgen*
                                     Steven G. Schortgen, *Lead Counsel*
                                         Texas State Bar No. 00794603
                                         steve.schortgen@klgates.com
                                   Craig W. Budner
                                         Texas State Bar No.03313730
                                         craig.budner@klgates.com
                                   Ann Marie Arcadi
                                         Texas State Bar No. 00786994
                                         annmarie.arcadi@klgates.com
                                   Jennifer Klein Ayers
                                         Texas State Bar No. 24069322
                                         jennifer.ayers@klgates.com
                                   Jack J. Stone
                                         Texas State Bar No. 24083592
                                         jack.stone@klgates.com

                                   K&L Gates LLP
                                   1717 Main St.
                                   Suite 2800
                                   Dallas, TX  75201
                                   214.939.5500
                                   214.939.5849 Facsimile

                                   **ATTORNEYS FOR AFFILIATED COMPUTER SERVICES, LLC, n/k/a XEROX BUSINESS SERVICES, LLC**

## CERTIFICATE OF SERVICE

     Pursuant to Local Rule 5.1(d), I certify that all counsel of record who have appeared in this case received a copy of this document via the Court's CM/ECF system on June 2, 2014.

                                   */s/ Steven G. Schortgen*
                                       Steven G. Schortgen