**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CEDARCRESTONE, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-cv-4673** |
| | § | |
| **AFFILIATED COMPUTER** | § | |
| **SERVICES, LLC, n/k/a XEROX** | § | |
| **BUSINESS SERVICES, LLC** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S MOTION TO STRIKE
EVIDENCE CITED IN SUPPORT OF PLAINTIFF CEDARCRESTONE, INC.'S
MOTION FOR PARTIAL SUMMARY JUDGMENT AND XEROX'S BRIEF IN
SUPPORT**

Pursuant to Rule 56(c)(2), Defendant Xerox Business Services, LLC ("Xerox") hereby objects to and moves to strike evidence that Plaintiff CedarCrestone, Inc. ("CCI") cited in support of its motion for partial summary judgment (Docket No. 112) and its brief in support (Docket No. 113) ("Brief"). Xerox files this motion and brief in support and respectfully shows as follows:

**I.     Introduction**

On May 12, 2014, CCI filed a motion for partial summary judgment and brief in support that rely heavily on unsupported allegations regarding the evidentiary record, and, as explained herein, inadmissible summary judgment evidence. For the reasons stated herein, Xerox respectfully requests that CCI's inadmissible summary judgment evidence stricken from the

summary judgment record and not considered in support of CCI's partial motion for summary judgment.

## II.     Arguments and Authority

"A party may object that the material cited [in a summary judgment motion] to support or dispute a fact cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2).  Further, the Court may consider summary judgment evidence only "to the extent that it is not based on hearsay or otherwise excludable at trial." *Wilson v. Vickery*, 267 F. Supp. 2d 587, 594 (E.D. Tex. 2002), *citing Marting v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).  Because the following record citations in CCI's Brief rely upon materials that are inadmissible in evidence, Xerox objects to CCI's use of such materials in support of its motion for partial summary judgment and respectfully requests that the Court strike such evidence from the summary judgment record.

### A.     CCI Wholly Fails to Authenticate its Summary Judgment Exhibits.

To be competent summary judgment evidence, documents must be authentic.  FED. R. EVID. 901(a); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).  Therefore, unauthenticated evidence should be stricken from the summary judgment record.  *E.g., Shockley v. Univ. of Tex. Med. Br.*, Civil Action No. 3:06-CV-0223-K, 2008 WL 2223083, at *2-3 (N.D. Tex. April 29, 2008) (Mag. J.) (recommending grant of motion to strike for Plaintiff's failure to provide affidavit to authenticate summary judgment evidence), *adopted by Shockley v. Univ. of Tex. Med. Br.*, Civil Action No. 3:06-CV-0223-K, 2008 WL 2223074, at *1 (N.D. Tex. May 15, 2008) (Kinkeade, J.).  Here, as in *Shockley*, CCI failed to provide any affidavit authenticating any of its summary judgment exhibits.  (*See generally*, Appendix in Support of Plaintiff/Counter-Defendant CedarCrestone, Inc.'s Motion for Partial Summary Judgment Under FED R. CIV. P.

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S MOTION TO STRIKE EVIDENCE CITED IN SUPPORT OF CCI'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND XEROX'S BRIEF IN SUPPORT** – PAGE 2

56, Docket No. 114.)  CCI has failed to otherwise authenticate its evidence.  Accordingly, all of

CCI's summary judgment evidence should be stricken as unauthenticated.

**B.      CCI Impermissibly Relies Upon Hearsay Evidence that Should Be Stricken.**

Likewise, evidence based on hearsay is not admissible and should be stricken absent an

applicable exception.  FED. R. EVID. 802; *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995)

(summary judgment evidence may be considered to the extent not based on hearsay or other

information excludable at trial).  Xerox objects to the following evidence to which CCI cites in

its Brief because such evidence constitutes or contains inadmissible hearsay:

| Page of CCI's Brief[1] | Citation to Evidence in CCI's Appendix[2] |
|---|---|
| 11 | Appendix pp. 283–284 |
| 16 | Appendix pp. 253–277[3] |

Each of the foregoing record citations constitutes or contains inadmissible hearsay evidence to

which no exception applies.  Therefore, Xerox respectfully requests that each citation be stricken

and the evidence not be considered in support of CCI's Motion.

**C.      CCI Impermissibly Relies Upon Evidence that is Speculative, not Based on Personal Knowledge, and/or Lacks the Requisite Foundation.**

Likewise, CCI improperly relies upon testimony and evidence about which the declarant

lacked personal knowledge and/or for whom no proper foundation regarding the declarant's

personal knowledge of such matters had been established.  "A witness may testify to a matter

only if evidence is introduced sufficient to support a finding that the witness has personal

knowledge of the matter."  FED. R. CIV. P. 602.  Thus, where, as here, a summary judgment

---

[1] (Docket No. 113.)
[2] (Docket No. 114.)
[3] Although Xerox believes this document is inadmissible hearsay, Xerox's summary judgment evidence relies on this document in the event the Court concludes otherwise.

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S MOTION TO STRIKE EVIDENCE CITED IN SUPPORT OF CCI'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND XEROX'S BRIEF IN SUPPORT** – PAGE 3

movant relies upon statements for which a declarant lacked personal knowledge or had not substantiated his or her foundation for the statements, such statements are not proper summary judgment evidence and should be stricken.  *See, e.g.*, *Hunsinger v. SKO Brenner Amer., Inc.*, Civil Action No. 3:13-CV-0988-D, 2014 WL 1462443, at *8 (N.D. Tex. Apr. 15, 2014) (granting motion to strike plaintiff's evidence of recordings of telephone conversations because plaintiff failed to adduce evidence sufficient to find that declarants had personal knowledge of matters stated within recordings).

Xerox objects to the following evidence to which CCI cites in its Brief because such evidence constitutes or includes statements for which the declarant lacked personal knowledge and/or statements for which CCI has not adduced evidence that establishes the declarant's foundation for the statements.

| Page of CCI's Brief | Citation to Evidence in CCI's Appendix |
|---|---|
| 10 | Appendix pp. 243 (Dep. Ex. 45)[4] |
| 10 | Appendix pp. 199-201 (Parsons Dep. pp. 301–309)[5] |
| 11 | Appendix pp. 283–84 (Dep. Ex. 274)[6] |
| 18 | Appendix pp. 253–277 (Dep. Ex. 57)[7] |
| 40 | Appendix pp. 195 (Parsons Dep. p. 51) |

Each of the foregoing record citations contains inadmissible statements for which the declarant lacked personal knowledge and/or for which CCI failed to adduce evidence of the declarant's

---

[4] *See* Parsons Dep. at 322:7-323:4, 326:8-18, 328:5-11, 331:23-332:7, 355:4-355:15, 367:6-10, 374:9-375:4, 417:10-422:23, 428:3-6, 433:20-434:10, App'x at 0002-7, 0011-15 (testifying regarding lack of personal knowledge).
[5] *See* Parsons Dep. at 404:4-407:18, App'x at 0009-10 (testifying regarding lack of personal knowledge).
[6] *See* Parsons Dep. at 382:11-383:10, App'x at 0008 (testifying regarding lack of personal knowledge).
[7] Although Xerox believes this document is inadmissible because it lacks relies upon evidence that is speculative, not based on personal knowledge, and/or lacks foundation, Xerox's summary judgment evidence relies on this document in the event the Court concludes otherwise.

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S MOTION TO STRIKE EVIDENCE CITED IN SUPPORT OF CCI'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND XEROX'S BRIEF IN <u>SUPPORT</u> – PAGE 4**

foundation for the statements.   Therefore, Xerox respectfully requests that each citation be stricken and the evidence not be considered in support of CCI's motion for partial summary judgment.

### D.  CCI Relies Upon Improper Opinion Testimony of Lay Witnesses.

CCI likewise proffers improper opinion testimony of lay witnesses.  "If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determine a fact in issue; ***and*** (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  FED. R. EVID. 701 (emphasis added).  Further, in order to present expert testimony, the witness must be qualified as an expert witness, and such testimony must comply with the requirements of Evidence Rule 702.  FED. R. EVID. 702.  CCI presents no evidence of a qualified expert witness, nor does it contend or establish that any testimony it submits in support of its motion complies with Rule 702.

Rather, CCI relies solely on the testimony of lay witnesses, much of which includes lay opinion testimony regarding scientific, technical, or other specialized knowledge, including legal opinions.  *See* Fed. R. Civ. P. 701; *Burlington N. R.R. Co. v. Deatherage*, No. 3:05CV116-B-A, 1997 WL 33384269, at *1 (N.D. Miss. May 21, 1997) (striking portions of witness's affidavit on the grounds that the witness is not competent to testify as to legal opinions or conclusions, finding that "a witness is not permitted to testify as to legal conclusions"), *citing Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983) (witness not permitted to give legal conclusions).  Xerox thus objects to the following evidence proffered by CCI which constitutes impermissible lay opinion testimony:

| Page of CCI's Brief | Citation to Evidence in CCI's Appendix |
|---|---|
| 10 | App. p. 196–197 (Parsons Dep. pp. 69–70) |
| 10 | App. p. 156 (Fenton p. 196) |
| 39 | App. p. 231 (Squiers Dep. pp. 114–115) |
| 39 | App. p. 154, 157-159 (Fenton Dep. 165–166, 232–238) |
| 39 | App. pp. 238-242 (Vezina Dep. pp. 81–89, 93–94) |
| 47 | App. p. 178 (McGloughlin Dep. pp. 234–236) |

Each of the foregoing record citations contains inadmissible lay opinions. Therefore, Xerox respectfully requests that each citation be stricken and the evidence not be considered in support of CCI's motion for partial summary judgment.

## CONCLUSION

For each of the foregoing reasons, Xerox respectfully requests that the Court strike from the summary judgment record all evidence to which CCI cites in its Brief, including specifically the impermissible hearsay statements, statements that lack personal knowledge and/or foundation, and lay opinions that Xerox specifically identifies in this Motion to Strike.

Date:  June 4, 2014

Respectfully submitted,

_/s/ Steven G. Schortgen_
Steven G. Schortgen, Lead Counsel
  Texas State Bar No. 00794603
  steve.schortgen@klgates.com
Craig W. Budner
  Texas State Bar No.03313730
  craig.budner@klgates.com
Ann-Marie Arcadi
  Texas State Bar No. 00786994
  annmarie.arcadi@klgates.com
Jennifer Klein Ayers
  Texas State Bar No. 24069322
  jennifer.ayers@klgates.com
Jack J. Stone
  Texas State Bar No. 24083592
  jack.stone@klgates.com

K&L Gates LLP
1717 Main St.
Suite 2800
Dallas, TX  75201
214.939.5500
214.939.5849 Facsimile

**ATTORNEYS FOR AFFILIATED COMPUTER
SERVICES, LLC, n/k/a XEROX BUSINESS
SERVICES, LLC**

## CERTIFICATE OF CONFERENCE

I certify that on June 4, 2014, counsel for Defendant Xerox, Jennifer Klein Ayers, conferred with counsel for Plaintiff CedarCrestone, Christine Nowak, regarding the relief requested in this Motion.  CCI opposes the Motion.

*/s/ Steven G. Schortgen*
Steven G. Schortgen

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1(d), I certify that all counsel of record who have appeared in this case received a copy of this document via the Court's CM/ECF system on June 4, 2014.

*/s/ Steven G. Schortgen*
Steven G. Schortgen