IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **CEDARCRESTONE, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-cv-4673 |
| § | |
| **AFFILIATED COMPUTER** § | |
| **SERVICES, LLC n/k/a XEROX** § | |
| **BUSINESS SERVICES, LLC** § | |
| § | |
| Defendant. § | |

## MOTION TO EXCLUDE OR STRIKE OPINION TESTIMONY OF XEROX NON-RETAINED EXPERTS MCGLOUGHLIN, MATSKO AND NOACK

Plaintiff/Counter-Defendant, CedarCrestone, Inc. ("CCI" or "Plaintiff") files this Motion to Exclude or Strike Opinion Testimony of Defendant/Counter-Plaintiff Affiliated Computer Services, LLC n/k/a Xerox Business Services, LLC ("Xerox" or "Defendant")'s Non-Retained Experts Mark McGloughlin ("McGloughlin"), Kathy Matsko ("Matsko") and Mike Noack ("Noack" collectively the "Non-Retained Experts"), and in support thereof states:

### I.  INTRODUCTION & SUMMARY

Xerox's designations of Non-Retained Experts McGloughlin, Matsko and Noack do not comply with the express, minimal requirements of Rule 26(a)(2)(C).  Xerox has neglected to disclose even a single fact or opinion (much less a summary of the facts and opinions) to which these witnesses are expected to testify.  Such a failure, in and of itself, demands Xerox's Non-Retained Experts be excluded and/or stricken.

## II.  ARGUMENT AND AUTHORITIES

### A.  Applicable Standard for Disclosure of Non-Retained Expert Testimony

For non-retained expert witnesses, "a party must disclose the subject matter of the testimony, and '**a summary of the facts and opinions to which the witness is expected to testify**.'" FED. R. CIV. P. 26(a)(2)(C) (emphasis added). While this disclosure requirement is less extensive than that of a retained expert, a party must do more than simply state that "some of [the witness's testimony [at trial] 'might be considered expert in nature" or merely reference "[the witness's] many depositions." *Retractable Techs., Inc. v. Becton, Dickinson & Co.,* Case No. 2:08-CV-16-LED-RSP, 2013 U.S. Dist. LEXIS 127732, at *7-8 (E.D. Tex. Sept. 6, 2013); *Hewlett Custom Home Design, Inc. v. Frontier Custom Builders, Inc*., Civil Action No. H-10-04837, 2013 U.S. Dist. LEXIS 39733 (S.D. Tex. Mar. 21, 2013). Accordingly, while reports are not required of non-retained experts, some disclosure to apprise the opposing party of both the facts and opinions to be proffered is essential to permit the testimony of a non-retained expert.

### B.  Xerox's Designations Utterly Fail to Meet the Standards of Rule 26; Xerox Does Not Provide Any Substantive Information Regarding Matsko, McGloughlin or Noack's Anticipated Opinions or the Facts Upon Which They Rely.

Xerox's designations of McGloughlin, Matsko and Noack do nothing more than generically list the proposed subject areas of their expected "expert" testimony. Indeed, Xerox uses identical language to designate each of their Non-Retained Experts.

> (Matsko/McGloughlin/Noack) is a (Senior VP, HRS IT Service Delivery for Xerox/Testing Lead for Xerox on the CIGNA Project.). He/She is a qualified expert based upon her/his education, background, training, experience, knowledge, and professional work life. (Matsko/McGloughlin/Noack) may address CCI's project management, in addition to coding and testing procedure and/or results, and CCI's failure to conform to customs, best practices, and standards for project management, coding, and testing procedures. (Matsko/McGloughlin/Noack) may also address Xerox's

>conformity with customs, best practices, and standards for project management coding, and testing.[1]

This language discloses *none* of the substance – no facts, nor any opinions whatsoever – that these three purported experts will testify to at trial. The express provisions of Rule 26 mandate that Xerox provide both (1) the subject matter of the non-retained experts testimony, as well as (2) summaries of the facts and opinions to which these witnesses will testify. Xerox's designations of Matsko, McGloughlin and Noack satisfy only one of Rule 26's requirements – identification of the general subject matter – and thus fall far short of the Federal standard. Xerox has provided absolutely no notice to CCI of what opinions these so called experts may ultimately testify on (or the underlying factual basis for that testimony).

1. **The "Disclosures" Completely Fail to Identify Any Facts Relied Upon by the Non-Retained Experts.**

To reiterate, Rule 26 mandates that Xerox provide a "summary" of the **facts** to which each of its Non-Retained Experts is expected to testify. A cursory review of Xerox's designations show that Xerox has failed to identify or summarize any facts that its Non-Retained Experts will address, but rather, only globally asserts the subject areas the "experts" may address. The lack of any specifically identifiable facts does not comply with Rule 26; accordingly, the Non-Retained Experts must be excluded and their designations stricken.

2. **The "Disclosures" Fail to Provide A Summary of the Opinions of the Non-Retained Experts.**

In addition to Xerox's failure to summarize the facts upon which its' Non-Retained Experts rely, Xerox further fails to provide any information about such experts purported opinions. Again, it is not sufficient to only list global subject areas of testimony. The requirement to summarize a non-retained expert's opinions is independent of, and/or in addition

---

[1] Defendant/Counter-Plaintiff Xerox's Amended Designation of Expert Witnesses is attached hereto as **Exhibit 1**.

to the requirement to identify the subject matter or areas of testimony.  Here, Xerox has wholly failed to disclose or explain in any way what its Non-Retained Expert's opinions are regarding the "customs, best practices, and standards for project management, coding and testing procedures" (or how they happened to arrive at such opinions, including any facts they relied upon or were aware of).  Although the same level of rigor is not required of non-retained experts as it is of retained experts, Xerox's disclosures fail to provide any meaningful disclosure of the substance of the Non-Retained Expert's opinions.  The Rules require more, and the designations of the Non-Retained Experts must be stricken as a result and their proposed opinion testimony excluded.

### III.    CONCLUSION

For the reasons set forth above, CCI respectfully requests that the Court grant this motion, and enter an order (1) excluding Kathy Matsko, Mike Noack and Mark McGloughlin from testifying as expert witnesses; and further (2) striking Kathy Matsko, Mike Noack and Mark McGloughlin's designations as non-retained experts under Rule 26.

Date:  June 16, 2014

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ *Christine A. Nowak*
Brian A. Colao
State Bar No.  00793528
Thomas M. Hanson
State Bar No. 24068703
Christine A. Nowak
cnowak@dykema.com
State Bar No. 24050200
1717 Main Street, Suite 4000
Dallas, Texas 75201
214.462.6420

**ATTORNEYS FOR CEDARCRESTONE, INC.**

## **CERTIFICATE OF SERVICE**

      This is to certify that, on the 16th day of June, 2014, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2)-(3).

                                                    */s/     Christine A. Nowak*_____

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDARCRESTONE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-cv-4673 |
| v. | § | |
| | § | |
| AFFILIATED COMPUTER | § | |
| SERVICES, LLC, n/k/a XEROX | § | |
| BUSINESS SERVICES, LLC | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

## DEFENDANT/COUNTER-PLAINTIFF XEROX'S AMENDED DESIGNATION OF EXPERT WITNESSES

Defendant and Counter-Plaintiff Affiliated Computer Services, LLC, n/k/a Xerox Business Services, LLC ("Xerox") hereby files the following Amended Designation of Expert Witnesses pursuant to Federal Rules of Civil Procedure and the Court's Scheduling Order.

### EXPERT WITNESS DESIGNATION

Xerox as Defendant/Counter-Plaintiff discloses the following:

### Retained Expert

1. **J. Todd Trivett**
   DisputeSoft
   9920 Potomac Manors Dr.
   Potomac, MD 20854
   301.765.9673

Mr. Trivett has attained Information Technology's highest levels of certification in Project Management (PMP®) and Software Engineering (CSDP), in addition to holding his MBA. Mr. Trivett and DisputeSoft were retained to provide an independent opinion regarding the cause of the failure of the CIGNA HR BPO Program and the PeopleSoft Upgrade Project to go live on January 3, 2012. Mr. Trivett has prepared a written report containing both rebuttal and affirmative opinions based upon his experience and the standards that govern experts in his field, which was submitted as Exhibit A to Defendant/Counter-Plaintiff Xerox's Designation of Expert Witnesses.

As detailed in Exhibit A to Defendant/Counter-Plaintiff Xerox's Designation of Expert Witnesses, Mr. Trivett's analysis yielded the following rebuttal opinions:

- Mr. Turner's opinion that the CIGNA PeopleSoft upgrade project was complex when compared to other upgrades lacks factual basis and is not supported by an independently verifiable analysis.

- Mr. Turner's opinions relating to ACS's performance lack a factual basis and are not supported by independently verifiable analysis.

- Mr. Turner's opinions relating to CCI's competence, CCI's good faith, ACS impediments, and root cause of the missed go-live lack factual basis and are not supported by independently verifiable analysis.

As detailed in Exhibit A to Defendant/Counter-Plaintiff Xerox's Designation of Expert Witnesses, Mr. Trivett's analysis yielded the following affirmative opinions:

- The PeopleSoft upgrade configurations and customizations developed by CCI contained numerous open defects, including critical defects that prevented the Project from going live on January 3, 2012.

- CCI's Deviations from industry-standard methods of conducting unit and system testing resulted in an integration testing process overwhelmed by defects that were not and could not have been resolved by the January 3, 2012 go-live date.

- CCI's failure to maintain industry standard software configuration management resulted in serious problems maintaining the integrity of the customizations across environments.

## Non-Retained Experts

Xerox further discloses the following non-retained experts.

2. **Kathy Matsko**
   c/o K&L Gates LLP
   1717 Main Street, Suite 2800
   Dallas, TX 75201
   214.939.5500
   214.939.5849 (Facsimile)

Ms. Matsko is Senior VP, HRS IT Service Delivery for Xerox. She is a qualified expert based upon her education, background, training, experience, knowledge, and professional work life. Ms. Matsko may address CCI's project management, in

addition to coding and testing procedures and/or results, and CCI's failure to conform to customs, best practices, and standards for project management, coding, and testing procedures. Ms. Matsko may also address Xerox's conformity with customs, best practices, and standards for project management, coding, and testing procedures.

3. **Mark McGloughlin**
   c/o K&L Gates LLP
   1717 Main Street, Suite 2800
   Dallas, TX 75201
   214.939.5500
   214.939.5849 (Facsimile)

Mr. McGloughlin is a VP, HRS Service Delivery IT for Xerox. He is a qualified expert based upon his education, background, training, experience, knowledge, and professional work life. Mr. McGloughlin may address CCI's project management, in addition to coding and testing procedures and/or results, and CCI's failure to conform to customs, best practices, and standards for project management, coding, and testing procedures. Mr. McGloughlin may also address Xerox's conformity with customs, best practices, and standards for project management, coding, and testing procedures.

4. **Mike Noack**
   c/o K&L Gates LLP
   1717 Main Street, Suite 2800
   Dallas, TX 75201
   214.939.5500
   214.939.5849 (Facsimile)

Mr. Noack was a Testing Lead for Xerox on the CIGNA Project. He is a qualified expert based upon his education, background, training, experience, knowledge, and professional work life. Mr. Noack may address CCI's project management, in addition to coding and testing procedures and/or results, and CCI's failure to conform to customs, best practices, and standards for project management, coding, and testing procedures. Mr. Noack may also address Xerox's conformity with customs, best practices, and standards for project management, coding, and testing procedures.

## RESERVATION OF RIGHTS

Xerox reserves its right to designate further experts or supplement and/or amend this designation of experts in the event Plaintiff/Counter-Defendant CedarCrestone, Inc. ("CCI") supplements or amends its designation of experts. Xerox further reserves the right to amend or

supplement this expert designation, if necessary, once additional facts, documents, testimony and other information are obtained through discovery.

Xerox also expressly reserves the right to call any of CCI's designated expert(s), as well as any fact witness designated by any party who is also qualified as an expert at trial.

Date: May 13, 2014

Respectfully submitted,

*/s/ Jack J. Stone*

Steven G. Schortgen, Lead Counsel
  Texas State Bar No. 00794603
  steve.schortgen@klgates.com
Craig W. Budner
  Texas State Bar No.03313730
  craig.budner@klgates.com
Ann-Marie Arcadi
  Texas State Bar No. 00786994
  annmarie.arcadi@klgates.com
Jennifer Klein Ayers
  Texas State Bar No. 24069322
  jennifer.ayers@klgates.com
Jack J. Stone
  Texas State Bar No. 24083592
  jack.stone@klgates.com

K&L Gates LLP
1717 Main Street, Suite 2800
Dallas, Texas  75201
Telephone: (214) 939-5500
Facsimile: (214) 939-5849

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of May, 2014, a copy of the foregoing was sent to counsel for Plaintiff by email service, pursuant to agreement between the parties.

Thomas M. Hanson
THanson@dykema.com
214-462-6420 Direct
855-230-2439 Fax
Comerica Bank Tower
1717 Main Street, Suite 4000
Dallas, Texas  75201

*/s/ Jack J. Stone*
Jack J. Stone