**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CEDARCRESTONE, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-4673 |
| | § | |
| **AFFILIATED COMPUTER SERVICES, LLC, n/k/a XEROX BUSINESS SERVICES, LLC** | § § § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE AND BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE OR EXCLUDE OPINION
TESTIMONY OF MCGLOUGHLIN, MATSKO, AND NOACK**

Plaintiff CedarCrestone, Inc.'s ("CCI") Motion to Strike or Exclude Opinion Testimony of Defendant Xerox Business Services, LLC's ("XBS") Non-Retained Experts, Mark McGloughlin, Kathy Matsko, and Mike Noack, misrepresents both the content of XBS's disclosures and the context in which those disclosures were made. Contrary to CCI's assertions, XBS's disclosure of Mr. McGloughlin's, Ms. Matsko's, and Mr. Noack's testimony fully complies with Federal Rule of Civil Procedure 26(a)(2)(C).

*First, CCI used the same type of "global" descriptions to identify and summarize the proposed testimony of its own non-retained technical experts.* See e.g., Appx. 0003–0005, Plaintiff CedarCrestone, Inc.'s Designation of Expert Witnesses. Accordingly, CCI's assertion that XBS failed to disclose adequately the facts that its non-retained experts rely upon and/or the specific opinions that they intend to offer is disingenuous, and demonstrates that CCI seeks to gain an unfair advantage at trial by having its technical employees provide opinion testimony

regarding the PeopleSoft application, while prohibiting XBS's technical employees from doing the same.

***Second, none of the case law CCI cites in its Motion supports granting it.*** In both of the cases that CCI cites, the disclosing party *completely failed* to identify the testimony that the non-retained experts would provide. In contrast, XBS specifically disclosed the facts and opinions that its non-retained experts intend to provide. CCI's complaint that this disclosure and summary is "not good enough" is unsupportable.

Finally, CCI previously deposed *all three* of the challenged designees, and had ample opportunity to examine these witnesses regarding their knowledge of the project. Any opinions offered by Mr. McGloughlin, Ms. Matsko, and Mr. Noack will be consistent with their prior deposition testimony. Accordingly, CCI's assertions that that it is unable to discern the opinion testimony for these three individuals from the content of XBS's disclosures is incorrect.

For the foregoing and following reasons, Defendant XBS respectfully requests that the Court deny CCI's Motion in its entirety.

I.  **FACTS & BACKGROUND.**

This lawsuit relates to an IT outsourcing agreement between CCI and XBS. XBS subcontracted with CCI to upgrade the PeopleSoft application for one of XBS's customers, Cigna, from version 8.9 to version 9.1. CCI's work included a "plain vanilla" upgrade from PeopleSoft version 8.9 to version 9.1, and all Cigna customizations, including all development, coding, and testing of those customizations. CCI's obligations and other details for its work on the project were included in an upgrade statement of work.

On March 17, 2014, CCI served its Designation of Expert Witnesses, identifying three of it employees, Karen Hutcherson, David Lord, and Jill Brown, as non-retained technical experts. Appx. 0003–0005. All three of these individuals were significantly involved in the PeopleSoft

application upgrade for Cigna. Ms. Hutcherson was the project manager, Mr. Lord was the technical lead, and Ms. Brown was the manager responsible for overseeing the "plain vanilla" upgrade. *Id.* XBS previously deposed both Ms. Hutcherson and Mr. Lord.

CCI's disclosures for each of these three individuals included broad, global statements regarding their proposed testimony. *Id.* For example, with respect to Ms. Brown, the manager of the plain vanilla upgrade, CCI's disclosure indicates, without identifying any specific facts, that she may address CCI's performance of its obligations on the upgrade. Appx. 0005. CCI's disclosure also indicates that she may testify regarding the work CCI performed on unidentified change requests. *Id.*

Furthermore, without disclosing Ms. Brown's *actual opinion*, CCI indicates that Ms. Brown may testify regarding the unidentified impacts that "various [unidentified] late requests and/or changing priorities" had on CCI's performance. *Id.* CCI closes its disclosure of Ms. Brown with a generic identification of Ms. Brown's opinion, indicating that she "will testify that CCI fulfilled its obligations . . . or that CCI's obligations were excused and/or rendered impossible due to the conduct of Xerox." *Id.*

In short, CCI's disclosure of Ms. Brown's factual testimony informs XBS that she will testify regarding the plain vanilla upgrade and unidentified changes in scope to that upgrade. *Id.* CCI's disclosure of Ms. Brown's opinion testimony informs XBS that she will provide favorable testimony regarding CCI's performance. *Id.*

On April 15, 2014, XBS timely served its Designation of Expert Witnesses.[1] In response to CCI's earlier designation, XBS's designation identified three of its current or former employees and contractors as non-retained technical experts. Appx. 0011–0012. XBS's

---

[1] XBS later amended its designations to remove two previously identified non-retained experts. The amendment does not impact CCI's Motion or this Response.

designation identifies the specific role that each of these three non-retained technical experts had on the project. *Id*. XBS designation also provides a short summary of the facts and opinions to which each witness will testify. *Id.*

For example, XBS's designation identifies Mike Noack as a non-retained technical expert. Appx. 0012. Mr. Noack worked on the Cigna Project first as a transition lead, and then later as a testing lead for XBS. *Id*. XBS's disclosure of Mr. Noack indicates that he "may address CCI's project management, in addition to coding and testing procedures and/or results, and CCI's failure to conform to customs, best practices, and standards for project management, coding, and testing procedures." *Id.* XBS's designation also indicates that Mr. Noack may address XBS's conformity with industry customs, best practices, coding, and and standards for project management, coding, and testing procedures. *Id.* Notably, CCI deposed Mr. Noack *after* XBS identified him as a non-retained technical expert.

XBS's disclosures relating to the remaining non-retained technical experts, Ms. Matsko and Mr. McGloughlin, provide a similar amount of information regarding the facts upon which those individuals will opine, and the opinions they will offer. Appx. 0011–12.

## II.   ARGUMENT & AUTHORITIES.

### A.   XBS's Designation of Mr. McGloughlin, Ms. Matsko, and Mr. Noack Complied with Federal Rule of Civil Procedure 26(a)(2)(C).

XBS's designation of Mr. McGloughlin, Ms. Matsko, and Mr. Noack fully complied with Federal Rule of Civil Procedure 26(a)(2)(C). For all three individuals, XBS specifically identified (1) the role that each person maintained on the project, (2) the underlying facts that each expert intends to testifying regarding, and (3) a summary of their opinion. Appx. 0011–12. Simply put, that is all the Rule requires. *See* Motion, p. 2 (acknowledging that Rule 26(a)(2)(C) does not require the same, extensive report that Rule 26(a)(2)(B) requires for a retained expert).

CCI's complaint that XBS used "global" descriptions to identify and summarize the proposed testimony of these witnesses is inapposite. First, XBS provides the exact same type of information that CCI provided to XBS in its disclosures. *Compare* Appx. 0005 (CCI's Brown Disclosure) *with* Appx. 0012 (XBS's Noack Disclosure). For example, CCI disclosed that Ms. Brown "may address CCI's performance of its obligations under the Upgrade Lab Statement of Work," and XBS disclosed that Mr. Noack "may address CCI's project management, in addition to coding and testing procedures and/or results." *Id.* Additionally, CCI disclosed that Ms. Brown "will testify that CCI fulfilled its obligations on the Cigna project, or that CCI's obligations were excused and/or rendered impossible due to the conduct of CCI," whereas XBS disclosed that Mr. Noack will testify that "CCI[] fail[ed] to conform to customs, best practices, and standards for project management, coding, and testing procedures," and that XBS properly "conform[ed] with customs, best practices, and standards for project management, coding, and testing procedures." *Id.*

CCI cannot realistically argue that its disclosures are materially different from the disclosures XBS made. *Id.* Essentially, CCI asks the Court to apply a double-standard to the admission of non-retained expert testimony, allowing opinion testimony favorable to CCI to be admitted, while excluding opinion testimony favorable to XBS. There is simply no basis in either the Rule or the case law for permitting this.

Both of the cases CCI cites in support of the proposition that XBS's disclosures were "not good enough" involve completely different disclosures, which failed to provide *any* of the information required by Federal Rule of Civil Procedure 26(a)(2)(C). In *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, the Eastern District of Texas excluded the expert testimony (although not the lay opinion testimony) of plaintiff's witness because the plaintiff's designation

simply stated that the witness's testimony "might be considered expert in nature" and that "her opinions have been discussed in her depositions in this case." 2013 U.S. Dist. LEXIS 121999, *7–8 (E.D. Tex. Sept. 6, 2013). In short, the plaintiff failed to identify a single fact or a single opinion that the non-retained expert might provide. *Id.* Additionally, in *Hewlett Custom Home Design, Inc. v. Frontier Custom Builders, Inc.*, the plaintiff's purported Rule 26(a)(2)(C) disclosure identified the *factual basis* of the witness's knowledge, but failed to identify any *opinion testimony* that the expert would offer. 2013 U.S. Dist. LEXIS 39733, *4–5 (S.D. Tex. March 21, 2013).

This simply is not the case here, where XBS provided a short summary of the facts and opinions to which each witness is expected to testify. *See* Appx. 0011–12. Because XBS fully complied with Federal Rule of Civil Procedure 26(a)(2)(C), the Court should decline CCI's invitation to create an uneven playing field at trial and deny CCI's Motion.

Alternatively, XBS respectfully requests that the Court exercise its discretion and permit both CCI and XBS to amend their Rule 26(a)(2)(C) disclosures to provide additional information regarding the testimony of their non-retained experts. *See Hewlett Custom Home Design, Inc.*, 2013 U.S. Dist. LEXIS 39733, at *5–7 (permitting party to amend non-retained expert disclosure). The technical testimony of all the non-retained experts designated in this litigation goes to the central issues in this litigation. *Id.* Additionally, both parties previously deposed all of the non-retained technical experts, so there is absolutely no prejudice in allowing the parties to amend their disclosures at this time. *Id.*

### III. CONCLUSION.

For the foregoing reasons, Defendant Xerox Business Services, LLC, respectfully requests that the Court deny Plaintiff's Motion to Strike or Exclude Opinion Testimony of Non-Retained Experts.

Date: July 7, 2014                               Respectfully submitted,


                                        */s/ Steven G. Schortgen*
                                        Steven G. Schortgen, Lead Counsel
                                            Texas State Bar No. 00794603
                                            steve.schortgen@klgates.com
                                        Craig W. Budner
                                            Texas State Bar No.03313730
                                            craig.budner@klgates.com
                                        Ann Marie Arcadi
                                            Texas State Bar No. 00786994
                                            annmarie.arcadi@klgates.com
                                        Jennifer Klein Ayers
                                            Texas State Bar No. 24069322
                                            jennifer.ayers@klgates.com
                                        Jack J. Stone
                                            Texas State Bar No. 24083592
                                            jack.stone@klgates.com

                                        K&L Gates LLP
                                        1717 Main St.
                                        Suite 2800
                                        Dallas, TX  75201
                                        214.939.5500
                                        214.939.5849 Facsimile


                                        **ATTORNEYS FOR AFFILIATED COMPUTER SERVICES, LLC, n/k/a XEROX BUSINESS SERVICES, LLC**


## CERTIFICATE OF SERVICE

    Pursuant to Local Rule 5.1(d), I certify that all counsel of record who have appeared in this case received a copy of this document via the Court's CM/ECF system on July 7, 2014.


                                        */s/ Steven G. Schortgen*
                                        Steven G. Schortgen