**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CEDARCRESTONE, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Civil Action No. 3:12-cv-4673** |
| **v.** | § | |
| | § | |
| **AFFILIATED COMPUTER** | § | |
| **SERVICES, LLC n/k/a XEROX** | § | |
| **BUSINESS SERVICES, LLC** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF CEDARCRESTONE, INC.'S REPLY IN SUPPORT OF
ITS MOTION TO STRIKE OR EXCLUDE OPINION TESTIMONY OF
<u>MCGLOUGHLIN, MATSKO, AND NOACK</u>**

CedarCrestone, Inc. ("CCI") hereby files its Reply in Support of its Motion to Strike or Exclude Opinion Testimony of Xerox Business Services, LLC's ("Xerox" or "Defendant") Non-Retained Experts Mark McGloughlin, Kathy Matsko, and Mike Noack, (the "Non-Retained Experts") [Dkt. No. 168] and further states:

## I.   INTRODUCTION

Xerox's first and primary argument against CCI's Motion to Strike Xerox's Non-Retained Experts is not that Xerox properly designated its own experts; but, rather its contention that CCI's own non-retained expert designations are somehow improper.  Notably, Xerox did not move to strike any of CCI's non-retained experts (although it had the same opportunity to do so as CCI).  Thus any defect, actual or imagined, in CCI's designations is not only irrelevant but also incapable of curing Xerox's own defective designations.  Moreover, even if CCI's designations were defective (which they are not), Xerox fails to affirmatively cite to any case law or rule supporting its "tit for tat" position, relying instead upon attempts to artfully distinguish

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•COMERICA BANK TOWER, 1717 MAIN STREET, SUITE 4000•DALLAS, TEXAS 75201

the cases cited by CCI.  Xerox's arguments, aimed less at defending its own designations than at muddying the waters, simply underscore the obvious:  Xerox's designation of its Non-Retained Experts under falls well short of the standard of FED. R. CIV. P. 26(a)(2)(C), and must be stricken as a result.

## ARGUMENT

### A.    CCI's Designations, Although Irrelevant, Are Adequate

Rule 26 unambiguously requires that "a party must disclose the subject matter of the testimony, and '**a summary of the facts and opinions to which the witness is expected to testify.**'"  FED. R. CIV. P. 26(a)(2)(C) (emphasis added).  Xerox's designation of each expert is identical with three exceptions, the name of the witness, his/her and the title.  The designation is below:

> (Matsko/McGloughlin/Noack) is a (Senior VP, HRS IT Service Delivery for Xerox/Testing Lead for Xerox on the CIGNA Project.).  He/She is a qualified expert based upon her/his education, background, training, experience, knowledge, and professional work life.  (Matsko/McGloughlin/Noack) may address CCI's project management, in addition to coding and testing procedure and/or results, and CCI's failure to conform to customs, best practices, and standards for project management, coding, and testing procedures.  (Matsko/McGloughlin/Noack) may also address Xerox's conformity with customs, best practices, and standards for project management coding, and testing.[1]

Xerox makes no attempt to differentiate between the experts, the basis of their opinion, the substance of their opinion, or even the subject matter of their testimony beyond a global list which essentially encompasses all of the substantive issues in the lawsuit.

Even a cursory comparison of CCI's designations reveals that, unlike Xerox, CCI actually disclosed the opinions that may be offered by its non-retained experts.   Karen

---

[1] Defendant/Counter-Plaintiff Xerox's Amended Designation of Expert Witnesses is attached hereto as **Exhibit 1**.

Hutcherson, for example, may testify regarding "the scope of each party's work as to the PeopleSoft upgrade, as well as the procedures and practices of the parties in relation to preparation, review and acceptance and/or rejection of change orders."[2] Jill Brown, on the other hand, may testify about "the changing requirements imposed on the Upgrade Lab throughout the course of the Cigna Project, and the impacts of various late requests and/or changing priorities on CCI's performance of its obligations under the Upgrade Lab Statement of Work."[3] Each of the four non-retained experts designated by CCI contains a similar, detailed and distinct statement summarizing the facts and opinions they might offer, affording Xerox the opportunity to prepare for and potentially rebut those opinions. The contrast to Xerox's own designations is sharp; Xerox's identical, omnibus, and global designations offer no description of the testimony the Non-Retained Experts might offer and make no attempt to provide any differentiation between them whatsoever. Instead, the boilerplate language serves merely to provide broad notice that they may offer testimony on a variety of undifferentiated subjects. The Rules require Xerox to provide at least some notice – and Xerox has totally failed to do so. More fundamentally, CCI's designations have no bearing on Xerox's own defective designations. Indeed even if CCI totally failed to designate its non-retained experts that would provide no grounds to remedying Xerox's own failure to designate the Non-Retained Experts properly.

> **B.     Applicable Law Supports Striking Xerox's Designation**

In addition, Xerox has failed to provide citation to even one case where a cursory, global designation such as its own survived the scrutiny of the court. Indeed, rather than offer any affirmative argument or case law in support of its position that its designations are "good

---

[2] CedarCrestone, Inc.'s Designation of Expert Witnesses is attached hereto **Exhibit 2** at p. 3.

[3] *Id.* at 5.

enough", Xerox merely attempts to distinguish CCI's cases.  Xerox's efforts at distinguishing are

unsuccessful, and, in any event there is further and abundant case law supporting CCI's Motion.

First consider, *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, Case No. 2:08-CV-

16-LED-RSP, 2013 U.S. Dist. LEXIS 127732, at *7-8 (E.D. Tex. Sept. 6, 2013),  wherein a

party identified a witness as an expert and, rather than properly summarizing her opinions stated

simply that her testimony "'might be considered expert in nature,'" and "simply refer[ed]

[Opposing Party] to her many depositions."  *Id.*  Xerox argues that this total failure can be

distinguished from its own mere partial failure.  However, like this designation, Xerox's

designations of its Non-Retained Experts totally fail to identify the opinions to be offered by the

experts, or provide any summary of them.  Indeed, part of Xerox's defense to prejudice is that

CCI has deposed the Non-Retained experts.  But as *Retractable Techs* makes clear, deposition

testimony is no substitute for an appropriate designation under the Rules.  Similarly, *Hewlett

Custom Home Design, Inc. v. Frontier Custom Builders, Inc.,* Civil Action No. H-10-04837,

2013 U.S. Dist. LEXIS 39733 (S.D. Tex. Mar. 21, 2013) is unavailing to Xerox's position.  In

that case, as here, the disclosure consisted merely of a global statement that the designated non-

retained expert would provide expert testimony.  The language used in *Hewlett* was that the

testimony "would be based on his knowledge of the works at issue and experience in the building

design industry, and would explain what the works are and how they were created."  *Id.* at *5.

Xerox argues that this case may be distinguished because no specific opinions were identified,

only facts.  It entirely ignores the insufficiency of its own global description of the "facts" the

Non-Retained Experts testimony would be based upon.  It also fails to clarify how the global,

generic statements used in its own designation are any more helpful than a complete lack of

description of any opinion.[4]  *Id.*  The global statements Xerox offers if anything parallel the deficient fact descriptions in *Hewlett*, and its description of the "opinions" to be offered fail to improve upon the description of the expert opinion testimony to offered in *Hewlett*.

Moreover, even if the Court were inclined to find these cases distinguishable, they are not the only ones to address the subject.  In *Cont'l Cas. Co. v. F-Star Prop. Mgmt.*, 2011 U.S. Dist. LEXIS 76921, at \*17-19 (W.D. Tex. July 15, 2011), for example, the court struck designations which – like Xerox's designations – merely disclosed "the subject matter that the experts will testify" without including "a summary of the facts and opinions of the experts' expected testimony."  In that case, as here, a failure to identify any opinions or to summarize the bases for any opinions was improper and sufficient grounds to strike a party's designation of non-retained experts.  The burden is on the party that did not comply with Rule 26 to show that the failure to comply was substantially justified or harmless.  *See Journet v. Vehicle VIN No. 1GRAA06283T500670*, No. H-04-4730, 2006 WL 1663708, at \*10 (S.D. Tex. June 15, 2006).  Xerox has made no attempt to do so except to state that these witnesses have been deposed.  So they have, without the benefit of proper designations.  The Fifth Circuit has noted that even a slight delay in disclosing expert testimony can disrupt the court and the parties' schedule sufficiently to create prejudice.  *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (citations omitted).  Without a proper designation, CCI could not adequately prepared for the Non-Retained Expert's depositions (all of which, with the exception of Mr. Noack, took place before the disclosures were made on March 17, 2014).  *See Cont'l Cas. Co.,* 2011 U.S. Dist. LEXIS 76921, at \*19 (explaining the problems created in depositions by delaying disclosures).  Further, as the *Retractable Techs* recognized, deposition testimony is no substitute for a proper

---

[4] *See* **Exhibit 1.**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•COMERICA BANK TOWER, 1717 MAIN STREET, SUITE 4000•DALLAS, TEXAS 75201

designation. *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, 2013 U.S. Dist. LEXIS 127732, at *7-8.

Putting aside the cases, a simple reading of Rule 26 itself reveals that Xerox facially failed to comply with its requirements because it did not provide a summary of either the factual bases of the Non-Retained Experts' testimony or a summary of the opinions of the Non-Retained Experts. As a result, Xerox's designation of the Non-Retained Experts must be stricken.

## CONCLUSION

For the foregoing reasons, CedarCrestone, Inc. respectfully requests that the Court issue an order granting its Motion to Strike or Exclude Opinion Testimony of McGloughlin, Matsko, and Noack and granting such further relief as the Court deems just.

Date:  July 21, 2014                                     Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/ *Christine A. Nowak*
Brian A. Colao
State Bar No.  00793528
Thomas M. Hanson
State Bar No. 24068703
Christine A. Nowak
State Bar No. 24050200
1717 Main Street, Suite 4000
Dallas, Texas 75201
214.462.6420

**ATTORNEYS FOR CEDARCRESTONE, INC.**

## CERTIFICATE OF SERVICE

This is to certify that, on the 21st day of July, 2014, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2)-(3).

/s/       *Christine A. Nowak*_____

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•COMERICA BANK TOWER, 1717 MAIN STREET, SUITE 4000•DALLAS, TEXAS 75201

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDARCRESTONE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-cv-4673 |
| v. | § | |
| | § | |
| AFFILIATED COMPUTER | § | |
| SERVICES, LLC, n/k/a XEROX | § | |
| BUSINESS SERVICES, LLC | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

## DEFENDANT/COUNTER-PLAINTIFF XEROX'S AMENDED DESIGNATION OF EXPERT WITNESSES

Defendant and Counter-Plaintiff Affiliated Computer Services, LLC, n/k/a Xerox Business Services, LLC ("Xerox") hereby files the following Amended Designation of Expert Witnesses pursuant to Federal Rules of Civil Procedure and the Court's Scheduling Order.

## EXPERT WITNESS DESIGNATION

Xerox as Defendant/Counter-Plaintiff discloses the following:

## Retained Expert

1. **J. Todd Trivett**
   DisputeSoft
   9920 Potomac Manors Dr.
   Potomac, MD 20854
   301.765.9673

Mr. Trivett has attained Information Technology's highest levels of certification in Project Management (PMP®) and Software Engineering (CSDP), in addition to holding his MBA. Mr. Trivett and DisputeSoft were retained to provide an independent opinion regarding the cause of the failure of the CIGNA HR BPO Program and the PeopleSoft Upgrade Project to go live on January 3, 2012. Mr. Trivett has prepared a written report containing both rebuttal and affirmative opinions based upon his experience and the standards that govern experts in his field, which was submitted as Exhibit A to Defendant/Counter-Plaintiff Xerox's Designation of Expert Witnesses.

As detailed in Exhibit A to Defendant/Counter-Plaintiff Xerox's Designation of Expert Witnesses, Mr. Trivett's analysis yielded the following rebuttal opinions:

- Mr. Turner's opinion that the CIGNA PeopleSoft upgrade project was complex when compared to other upgrades lacks factual basis and is not supported by an independently verifiable analysis.

- Mr. Turner's opinions relating to ACS's performance lack a factual basis and are not supported by independently verifiable analysis.

- Mr. Turner's opinions relating to CCI's competence, CCI's good faith, ACS impediments, and root cause of the missed go-live lack factual basis and are not supported by independently verifiable analysis.

As detailed in Exhibit A to Defendant/Counter-Plaintiff Xerox's Designation of Expert Witnesses, Mr. Trivett's analysis yielded the following affirmative opinions:

- The PeopleSoft upgrade configurations and customizations developed by CCI contained numerous open defects, including critical defects that prevented the Project from going live on January 3, 2012.

- CCI's Deviations from industry-standard methods of conducting unit and system testing resulted in an integration testing process overwhelmed by defects that were not and could not have been resolved by the January 3, 2012 go-live date.

- CCI's failure to maintain industry standard software configuration management resulted in serious problems maintaining the integrity of the customizations across environments.

**Non-Retained Experts**

Xerox further discloses the following non-retained experts.

2. **Kathy Matsko**
   c/o K&L Gates LLP
   1717 Main Street, Suite 2800
   Dallas, TX 75201
   214.939.5500
   214.939.5849 (Facsimile)

Ms. Matsko is Senior VP, HRS IT Service Delivery for Xerox. She is a qualified expert based upon her education, background, training, experience, knowledge, and professional work life. Ms. Matsko may address CCI's project management, in

addition to coding and testing procedures and/or results, and CCI's failure to conform to customs, best practices, and standards for project management, coding, and testing procedures. Ms. Matsko may also address Xerox's conformity with customs, best practices, and standards for project management, coding, and testing procedures.

3. **Mark McGloughlin**
   c/o K&L Gates LLP
   1717 Main Street, Suite 2800
   Dallas, TX 75201
   214.939.5500
   214.939.5849 (Facsimile)

Mr. McGloughlin is a VP, HRS Service Delivery IT for Xerox. He is a qualified expert based upon his education, background, training, experience, knowledge, and professional work life. Mr. McGloughlin may address CCI's project management, in addition to coding and testing procedures and/or results, and CCI's failure to conform to customs, best practices, and standards for project management, coding, and testing procedures. Mr. McGloughlin may also address Xerox's conformity with customs, best practices, and standards for project management, coding, and testing procedures.

4. **Mike Noack**
   c/o K&L Gates LLP
   1717 Main Street, Suite 2800
   Dallas, TX 75201
   214.939.5500
   214.939.5849 (Facsimile)

Mr. Noack was a Testing Lead for Xerox on the CIGNA Project. He is a qualified expert based upon his education, background, training, experience, knowledge, and professional work life. Mr. Noack may address CCI's project management, in addition to coding and testing procedures and/or results, and CCI's failure to conform to customs, best practices, and standards for project management, coding, and testing procedures. Mr. Noack may also address Xerox's conformity with customs, best practices, and standards for project management, coding, and testing procedures.

## <u>RESERVATION OF RIGHTS</u>

Xerox reserves its right to designate further experts or supplement and/or amend this designation of experts in the event Plaintiff/Counter-Defendant CedarCrestone, Inc. ("CCI") supplements or amends its designation of experts. Xerox further reserves the right to amend or

supplement this expert designation, if necessary, once additional facts, documents, testimony and other information are obtained through discovery.

Xerox also expressly reserves the right to call any of CCI's designated expert(s), as well as any fact witness designated by any party who is also qualified as an expert at trial.

Date:  May 13, 2014

Respectfully submitted,

_____
Steven G. Schortgen, Lead Counsel
  Texas State Bar No. 00794603
  steve.schortgen@klgates.com
Craig W. Budner
  Texas State Bar No.03313730
  craig.budner@klgates.com
Ann-Marie Arcadi
  Texas State Bar No. 00786994
  annmarie.arcadi@klgates.com
Jennifer Klein Ayers
  Texas State Bar No. 24069322
  jennifer.ayers@klgates.com
Jack J. Stone
  Texas State Bar No. 24083592
  jack.stone@klgates.com

K&L Gates LLP
1717 Main Street, Suite 2800
Dallas, Texas  75201
Telephone: (214) 939-5500
Facsimile: (214) 939-5849

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of May, 2014, a copy of the foregoing was sent to counsel for Plaintiff by email service, pursuant to agreement between the parties.

Thomas M. Hanson
THanson@dykema.com
214-462-6420 Direct
855-230-2439 Fax
Comerica Bank Tower
1717 Main Street, Suite 4000
Dallas, Texas  75201

_____
Jack J. Stone

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| CEDARCRESTONE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-cv-4673 |
| | § | |
| AFFILIATED COMPUTER SERVICES, | § | JURY TRIAL REQUESTED |
| LLC n/k/a XEROX BUSINESS | § | |
| SERVICES, LLC, | § | |
| | § | |
| Defendant. | § | |

## CEDARCRESTONE, INC.'S DESIGNATION OF EXPERT WITNESSES

Pursuant to Federal Rule of Civil Procedure 26(a)(2), Plaintiff/Counter-Defendant CedarCrestone, Inc. ("CCI") serves the following Designation of Expert Witnesses:

## RESERVATION OF RIGHTS

CCI herein reserves its right to designate further experts or supplement and/or amend this designation of experts in the event Defendant/Counter-Plaintiff Affiliated Computer Services, LLC n/k/a Xerox Business Services, LLC ("Xerox") makes, supplements or amends its designation of experts. CCI further reserves the right to amend or supplement this expert designation, if necessary, once additional facts, documents, testimony and other information are obtained through discovery and/or based upon or in rebuttal to the expert designations and expert reports of Xerox.

CCI also expressly reserves the right to call any of Xerox's designated expert(s), as well as any fact witnesses designated by any party who is also qualified as an expert at trial.

## DESIGNATION OF EXPERT WITNESSES

CCI hereby designates and discloses the following experts:

### Retained Expert

1.      Brian Turner
        Point B
        National Practice Director, Project Leadership Services
        1420 5th Avenue, Suite 2200
        Seattle, WA  98101
        206.517.5000

Mr. Turner is the National Practice Director for Project Leadership Services for Point B, a management consulting company.  Mr. Turner and Point B were retained to complete research and a forensic analysis to determine the root cause of the failed implementation of the January 3, 2012 "go-live" on the Cigna HRO BPO Transition at issue in this lawsuit, and to provide expert opinion and testimony regarding, among other things, industry standards and the root cause of the failed implementation.  The subject matter of Mr. Turner's testimony, the general substance of his mental impressions and opinions, and a brief summary of his opinions are included in his report attached hereto as Exhibit A.  Mr. Turner's report further reflects the general basis for those opinions and lists the documents, tangible things and other materials provided to, reviewed by or prepared by Mr. Turner in anticipation of his testimony.  Mr. Turner's qualifications, including a list of all publications authored in the previous 10 years, as well as a statement of his compensation, are also included in the report.  As detailed in Exhibit A, Mr. Turner's analysis yielded the following conclusions:

- The PeopleSoft Upgrade was complex compared to other upgrades

- ACS was responsible for project management

- CCI demonstrated competence on the PeopleSoft Upgrade project

- Xerox's project management actions impeded CCI's ability to successfully deliver the PeopleSoft Upgrade

- CCI operated in good faith throughout the project.

- The unsuccessful PeopleSoft Upgrade did not cause the overall Cigna HR BPO Transition Program to fail

### Non-Retained Experts

CCI further designates the following individuals who have not been specially retained by CCI to testify as expert witnesses in this case. These individuals were involved with or have personal knowledge of the issues in this case and because of their specific education, training, experience, expertise and knowledge, may provide expert testimony to assist the jury.

2.      Karen Rebecca Hutcherson

        c/o Dykema Gossett PLLC
        1717 Main Street, Ste. 4000
        Dallas, TX 75201
        214.462.6400
        214.462.6401 (Facsimile)

Ms. Hutcherson is a Project Manager and Consultant, specifically as to PeopleSoft upgrades and implementation. She is qualified as an expert based upon her education, background, training, experience, knowledge and professional work life. Ms. Hutcherson may address project management, resource allocation, project planning, functional requirements and scope change with regard to the project at issue in this lawsuit. She may also testify as to the contractual relationship between the parties, particularly as it relates to the defined scope of each party's work as to the PeopleSoft upgrade, as well as the procedures and practices of the parties in relation to preparation, review and acceptance and/or rejection of change orders. Ms. Hutcherson may also address the various plans and status reports she prepared, updated and/or

was provided on the project at issue, and will address the changing requirements throughout the course of the project.

Ms. Hutcherson may address the opinions of Xerox's experts. Ms. Hutcherson will testify that CCI fulfilled its obligations on the Cigna project, or that CCI's obligations were excused and/or rendered impossible due to the conduct of Xerox. Any opinions offered by Ms. Hutcherson will be consistent with her prior deposition testimony. Ms. Hutcherson has not been retained or specially employed to provide this expert testimony, therefore, a written report is not required.

3.      David E. Lord

        c/o Dykema Gossett PLLC
        1717 Main Street, Ste. 4000
        Dallas, TX 75201
        214.462.6400
        214.462.6401 (Facsimile)

Mr. Lord is a Tech Lead and Consultant, specifically as to PeopleSoft upgrades and implementations. He is qualified as an expert based upon his education, background, training, experience, knowledge and professional work life. Mr. Lord may address the technical requirements for the PeopleSoft upgrade at issue in this lawsuit, including the impacts of existing documentation of customizations (or lack thereof) and constant security/system access issues on CCI's ability to perform development work on the project. He may also address the use of offshore resources to perform CCI's obligations, and the constant change in the technical requirements, both from the perspective of scope and priority.

Mr. Lord may address the opinions of Xerox's experts. Mr. Lord will testify that CCI fulfilled its obligations on the Cigna project, or that CCI's obligations were excused and/or

rendered impossible due to the conduct of Xerox.  Any opinions offered by Mr. Lord will be consistent with his prior deposition testimony.  Mr. Lord has not been retained or specially employed to provide this expert testimony, therefore, a written report is not required.

      4.     Jill Brown

          c/o Dykema Gossett PLLC
          1717 Main Street, Ste. 4000
          Dallas, TX 75201
          214.462.6400
          214.462.6401 (Facsimile)

Ms. Brown is the Manager of CCI's Upgrade Lab.  She is qualified as an expert based upon her education, background, training, experience, knowledge and professional work life.  Ms. Brown may address CCI's performance of its obligations under the Upgrade Lab Statement of Work relating to the Cigna project, including the Upgrade Lab's provision of out-of-scope services to Xerox at no cost.  Ms. Brown may also testify as to the changing requirements imposed on the Upgrade Lab throughout the course of the Cigna Project, and the impacts of various late requests and/or changing priorities on CCI's performance of its obligations under the Upgrade Lab Statement of Work.

Ms. Brown may address the opinions of Xerox's experts.  Ms. Brown will testify that CCI fulfilled its obligations on the Cigna project, or that CCI's obligations were excused and/or rendered impossible due to the conduct of Xerox. Ms. Brown has not been retained or specially employed to provide this expert testimony, therefore, a written report is not required.

      5.     Brian A. Colao, Esq.
          Dykema Gossett PLLC
          1717 Main Street, Ste. 4000
          Dallas, TX 75201
          214.462.6400
          214.462.6401 (Facsimile)

Mr. Colao, a licensed Texas lawyer, is counsel of record for CCI in this litigation. Mr. Colao has spent several years handling various litigation, including specifically commercial litigation, which matters allowed for the recovery of reasonable, necessary and fair attorneys' fees, including, but not limited to, cases pursuant to Chapters 37 and 38 of the Texas Civil Practice & Remedies Code. Based on his knowledge, training, and experience, as well as his familiarity with the work performed in this lawsuit, Mr. Colao may provide testimony as to the reasonableness and necessity of attorneys' fees incurred by Plaintiff in this matter both at trial and on appeal, if any. Mr. Colao may also testify in rebuttal to any attorneys' fees testimony purported to be offered by Xerox. Mr. Colao may further testify regarding the proper segregation of fees.

In addition to his own experiences, Mr. Colao will consider the factors identified by the Texas Supreme Court in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997), the Texas Disciplinary Rules of Professional Conduct, the usual and customary rates charged in Texas and the Dallas area for the type of work performed, and both Texas state and federal precedent regarding the reasonableness, necessity and fairness of attorneys' fees in rendering his opinion. In determining whether nor not certain fees and expenses should be segregated as pertaining to claims for which attorneys' fees and expenses are not recoverable, Mr. Colao will consider the factors identified by the Texas Supreme Court in *Tony Gullo Motors I, L.P. v. Chappa*, 212 S.W.3d 299 (Tex. 2006). Furthermore, Mr. Colao will review the pleadings and other filings of the parties in this case, the relevant invoices of attorney(s), the applicable attorney billing rates, the number of hours worked on the matter – either to date or an

estimate for the hours to be expended until the conclusion of this case and other selected documents in forming his opinion.

Mr. Colao has not been retained or specially employed to provide this expert testimony, therefore, a written report is not required.

Again, Mr. Colao's testimony as to Xerox's fees, if any, is necessarily in the nature of rebuttal. To date, Mr. Colao has not been provided with any report from Xerox regarding its attorneys' fees, nor has he received copies of any of Xerox's engagement agreement and/or fee bills. Pursuant to the Parties' agreement dated March 7, 2014, these materials will be exchanged at a later date in advance of trial. Accordingly, CCI reserves the right to supplement or amend this disclosure and offer any testimony and/or report of Mr. Colao responsive to that evidence actually presented at trial.

6.    Thomas M. Hanson

Dykema Gossett, PLLC
1717 Main St., Suite 4000
Dallas, Texas 75201
214.462.6400
214.462.6401 (Facsimile)

Mr. Hanson, a licensed Texas lawyer, is counsel of record for CCI in this litigation. Mr. Hanson has spent several years handling various litigation, including specifically commercial litigation, which matters allowed for the recovery of reasonable, necessary and fair attorneys' fees, including, but not limited to, cases pursuant to Chapters 37 and 38 of the Texas Civil Practice & Remedies Code. Based on his knowledge, training, and experience, as well as his familiarity with the work performed in this lawsuit, Mr. Hanson may provide testimony as to the reasonableness and necessity of attorneys' fees incurred by Plaintiff in this matter both at trial

and on appeal, if any.   Mr. Hanson may also testify in rebuttal to any attorneys' fees testimony purported to be offered by Xerox.   Mr. Hanson may further testify regarding the proper segregation of fees.

In addition to his own experiences, Mr. Hanson will consider the factors identified by the Texas Supreme Court in *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997), the Texas Disciplinary Rules of Professional Conduct, the usual and customary rates charged in Texas and the Dallas area for the type of work performed, and both Texas state and federal precedent regarding the reasonableness, necessity and fairness of attorneys' fees in rendering his opinion.   In determining whether nor not certain fees and expenses should be segregated as pertaining to claims for which attorneys' fees and expenses are not recoverable, Mr. Hanson will consider the factors identified by the Texas Supreme Court in *Tony Gullo Motors I, L.P. v. Chappa*, 212 S.W.3d 299 (Tex. 2006).   Furthermore, Mr. Hanson will review the pleadings and other filings of the parties in this case, the relevant invoices of attorney(s), the applicable attorney billing rates, the number of hours worked on the matter – either to date or an estimate for the hours to be expended until the conclusion of this case and other selected documents in forming his opinion.

Mr. Hanson has not been retained or specially employed to provide this expert testimony, therefore, a written report is not required.

Again, Mr. Hanson's testimony as to Xerox's fees, if any, is necessarily in the nature of rebuttal.   To date, Mr. Hanson has not been provided with any report from Xerox regarding its attorneys' fees, nor has he received copies of any of Xerox's engagement agreement and/or fee bills.  Pursuant to the Parties' agreement dated March 7, 2014, these materials will be exchanged

at a later date in advance of trial.  Accordingly, CCI reserves the right to supplement or amend

this disclosure and offer any testimony and/or report of Mr. Hanson responsive to that evidence

actually presented at trial.

Dated March 17, 2014                               Respectfully submitted,

                                                   Brian A. Colao
                                                   State Bar No.  00793528
                                                   Thomas M. Hanson
                                                   State Bar No. 24068703
                                                   Christine A. Nowak
                                                   State Bar No. 24050200

                                                   Dykema Gossett PLLC
                                                   1717 Main Street, Suite 4000
                                                   Dallas, Texas 75201
                                                   214.462.6400
                                                   214.462.6401 (Facsimile)

                              **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2014, the foregoing document was served on the below counsel of record for Defendant/Counter-Plaintiff Affiliated Computer Services, LLC n/k/a Xerox Business Services LLC by electronic mail per agreement of the parties.

Ann Marie Arcadi
Jack J. Stone
Thomas K. Schroeter
K&L Gates LLP
1717 Main Street, Suite 2800
Dallas, Texas 75201

                                                   Thomas M. Hanson