**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CEDARCRESTONE, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **Civil Action No. 3:12-cv-4673** |
| **v.** | § | |
| | § | |
| **AFFILIATED COMPUTER** | § | |
| **SERVICES, LLC n/k/a XEROX** | § | |
| **BUSINESS SERVICES, LLC** | § | |
| | § | |
| **Defendant.** | § | |

**CEDARCRESTONE, INC.'S MOTION FOR CLARIFICATION OF RULING ON
CCI'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND BRIEF IN SUPPORT THEREOF**

Date: December 29, 2014

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

Brian A. Colao
State Bar No.  00793528
Thomas M. Hanson
State Bar No. 24068703
Christine A. Nowak
State Bar No. 24050200
1717 Main Street, Ste. 4200
Dallas, Texas 75201
214-462-6400
bcolao@dykema.com
**ATTORNEYS FOR CEDARCRESTONE**

## **TABLE OF CONTENTS**

INTRODUCTION ......................................................................................................... 1

PROCEDURAL HISTORY............................................................................................. 1

STANDARD OF REVIEW ............................................................................................ 3

ARGUMENT .................................................................................................................. 6

     I.     CCI Requests Clarification of the Court's Order Permitting Xerox's
           Declaratory Judgment Act Claim to Proceed to Trial............................................. 6

     II.    CCI Requests Clarification Of The Order Allowing Xerox's Fraud Claim to
           Proceed................................................................................................................... 7

     III.   CCI Requests Clarification of the Court's Order Denying Summary Judgment
           with Regard to the Limitation of Liability Clause Agreed to by the Parties. ....... 10

CONCLUSION.............................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Albritton Props. v. Am. Empire Surplus Lines*,
    No. 3:04-CV-2531, 2005 WL 975423 (N.D. Tex. Apr. 25, 2005) ...........................................6

*Assistmed, Inc. v. Conceptual Health Solutions, Inc.*,
    No. 3:05-CV-0880, 2006 WL 3691003 (N.D. Tex. Dec. 14, 2006) .............................6, 11, 12

*Bartucci v. Jackson*,
    No. 04-2977, 2006 U.S. Dist. LEXIS 65342 (E.D. La. Sept. 12, 2006) ...................................5

*Century Sur. Co. v. Hardscape Constr. Specialties, Inc.*,
    578 F.3d 262 (5th Cir. 2009) ....................................................................................................7

*City of The Colony v. N. Tex. Mun. Water Dist.*,
    272 S.W.3d 699 (Tex. App.—Fort Worth 2008, pet. dism'd) .................................................11

*Classical Vacations, Inc. v. Air France*,
    No. 01-01-01137-CV, 2003 WL 1848247 (Tex. App.—Houston [1st Dist.] April 10,
    2003, no pet.) ............................................................................................................................8

*Coker v. Coker*,
    650 S.W.2d 391 (Tex. 1983) ............................................................................................10, 11

*Curtis v. Caldwell*,
    No. 2:11-CV-14337, 2012 U.S. Dist. LEXIS 101501 (E.D. Mich. June 26, 2012) .................4

*DaimlerChrysler Motors Co., LLC v. Manuel*,
    362 S.W.3d 160 (Tex. App.—Fort Worth 2012, no pet.) ..................................................10, 11

*Dallas County v. MERSCORP, Inc.*,
    2 F. Supp. 3d 938, 2014 U.S. Dist. LEXIS 27200 (N.D. Tex. 2014) .......................................3

*Dos Santos v. Bell Helicopter Textron, Inc. District*,
    651 F. Supp. 2d 550 (N.D. Tex. 2009) ....................................................................................3

*Enter. Mgmt. Ltd. v. Warrick*,
    717 F.3d 1112 (10th Cir. 2013) ...............................................................................................4

*Gresham v. Carson*,
    No. 3:12-cv-00008, 2012 U.S. Dist. LEXIS 127781 (D. Alaska Sept. 7, 2012) .....................4

*Grimes v. Dist. of Columbia*,
    464 F. App'x 3 (D.C. Cir. 2012)...............................................................................................4

*Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*,
    No., 2006 WL 2285575 (N.D. Tex. Aug. 9, 2006) ...................................................6

*Hooker v. Nguyen*,
    No. 14-04-00238-CV, 2005 WL 2675018 (Tex.App.—Houston [14th Dist.] 2005, pet.
    denied) .......................................................................................................................8

*IKON Office Solutions v. Eifert*,
    125 S.W.3d 113 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ...................8

*In re Nexium (Esomeprazole) Antitrust Litig.*,
    No. 12-md-02409-WGY, 2014 U.S. Dist. LEXIS 17718 (D. Mass. Feb. 12, 2014) ...............5

*J.M. Davidson, Inc. v. Webster*,
    128 S.W.3d 223 (Tex. 2003) ...................................................................................10

*JPMorgan Chase Bank, N.A. v. Dixon*,
    541 F. App'x 423 (5th Cir. 2013) .............................................................................3

*Kogul v. Xspediou Mgmt. Co.*,
    No. 3:04-CV-2518, 2005 WL 1421446 (N.D. Tex. Jun. 1, 2005) ............................6

*Mandry v. Fina Oil & Chemical Co.*,
    44 F.3d 1004, 1994 WL 733494 (5th Cir. 1994) .....................................................6

*McKinney v. Moutesdeoca*,
    No. 11 C 1433, 2012 U.S. Dist. LEXIS 173028 (N.D. Ill. Dec. 6, 2012) ................4

*Morse v. SEG US 95, LLC*,
    No. 2:09-CV-00541-EJL, 2011 U.S. Dist. LEXIS 99590 (D. Idaho Sept. 2, 2011) .................4

*O'Neill v. CitiMortgage, Inc.*,
    No. 4:13-cv-656-O, 2014 U.S. Dist. LEXIS 38549 (N.D. Tex. Mar. 24, 2014) ......................8

*Pan-Islamic Corp. v. Exxon Corp.*,
    632 F.2d 539 (5th Cir. 1980) ...................................................................................6

*Regus Mgmt. Group, LLC v. IBM*,
    No. 3:07-CV-1799-B, 2008 U.S. Dist. LEXIS 47276 (N.D. Tex. June 17, 2008) ...................6

*Seagull Energy E & P, Inc. v. Eland Energy, Inc.*,
    207 S.W.3d 342 (Tex. 2006) ...................................................................................11

*Sgroe v. Wells Fargo Bank, N.A.*,
    No. 4:12–CV–144, 2013 WL 1739502 (E.D. Tex. April 22, 2013) .........................8

*Smith v. Fifth Third Mortg. Co.*,
    No. 3:12-cv-01433-O, 2012 U.S. Dist. LEXIS 190362 (N.D. Tex. Nov. 14, 2012) ................7

*Smith v. United States DOJ*,
    No. 12-5078, 2013 U.S. App. LEXIS 197 (D.C. Cir. Jan. 3, 2013) ..........................................4

*Xtria LLC v. Tracking Sys., Inc.*,
    No. 3:07-CV-0160, 2007 WL 1791252 (N.D. Tex. Jun. 21, 2007)..........................................6

**RULES**

Fed. R. Civ. P. 12(b)(6)...........................................................................................................6

Fed. R. Civ. P. 54(b) ...............................................................................................................3

Fed. R. Civ. P. 56...........................................................................................................2, 3, 4, 10

## INTRODUCTION

The Court's Order of August 28, 2014 summarily denying Plaintiff/Counter-Defendant CedarCrestone, Inc.'s ("CCI's") motion for partial summary judgment does not provide CCI with sufficient notice of the claims which will be tried to the jury.  So that it may be afforded a full and fair opportunity to defend itself against Xerox's $28 million claim, CCI respectfully requests that the Court provide clarification and guidance as to any questions of fact that the Court has concluded exist with regard to the following three issues:   (a) Xerox' declaratory judgment claim; (b) Xerox' claim of fraud on the part of CCI, and (c) the limitation of liability provision in the parties' contract.  While the Court ruled that issues of fact precluded summary judgment on each of these issues, CCI, after careful review of the Parties' summary judgment pleadings, is unable to determine the factual issues upon which the Court's ruling were based.  In the interest of shortening trial, streamlining the presentations, and providing the Court with the information it requires to efficiently move the case forward, CCI accordingly requests that the Court elaborate on the reasons for its decision.

## PROCEDURAL HISTORY

CCI initiated this action against Xerox for Xerox's breach of contract in failing to pay CCI.  [Dkt. 1 (CCI's complaint); Dkt. 4 (CCI's First Amended Complaint ("FAC").]  In response to CCI's FAC, Xerox filed its Answer and brought a Counterclaim alleging a single count for breach of contract on December 3, 2012.  [Dkt. 7.]

On April 12, 2013, CCI moved for partial judgment on the pleadings [Dkt. 21], arguing *inter alia* that the limitation of liability provision capped Xerox's alleged damages to the amount paid by Xerox to CCI under the SOW, or approximately $1.7 million.  [*Id.*]  On May 24, 2013, in direct response to CCI's pending motion regarding the limitation of liability provision, Xerox amended its single-count Counterclaim with its First Amended Counterclaim ("FACC"), while

1

also responding to CCI's motion. [Dkt. 40 (FACC).] Xerox filed its FACC, asserting, for the first time, claims for fraud in Count II and declaratory judgment regarding an alleged right to indemnification from CCI in Count III of the FACC. [*Id*.] Xerox was unabashed in alleging that these claims were added in an effort to fit within the exception to the limitation of liability provision. [Dkt. 40, FACC, ¶51.] Specifically, the limitation of liability provision of Section 19 of the MSA exempts "indemnification as set forth in Section 18" of the SOW, which, in turn, allows Claims (a defined concept) by third-parties based upon the alleged "willful misconduct or gross negligence of" CCI. [Dkt. 114 (MSJ Appendix (hereinafter, "MSJ App.") pp. 116-117 (paragraphs 18 & 19 of the MSA).] Thus, to try to avoid the limitation of liability provision, Xerox needed claims that both asserted a right to indemnity and asserted "willful" misconduct; hence the addition of the fraud and declaratory judgment claims in the FACC.

On May 12, 2014, CCI brought a motion for partial summary judgment under Rule 56 requesting that the Court: (1) enter partial summary judgment that CCI's liability for Xerox's breach of contract claim is limited by the limitation of liability provision; (2) enter summary judgment on Xerox's claims for fraud, declaratory relief and attorneys' fees, (3) enter partial summary judgment for CCI as to liability on CCI's breach of contract claim and CCI's entitlement to attorney's fees; and (4) enter summary judgment dismissing Xerox's claim for breach of contract. [Dkt. 112 (motion), 113 (brief), 114 (appendix).] The parties fully briefed CCI's motion as of June 16, 2014 when CCI filed its Reply brief. [Dkt. 164.] On August 28, 2014, the Court issued its order denying CCI's motion for partial summary judgment because it concluded that there are genuine issues of material fact that exist. [Dkt. 192.] The Court's Order, however, did not identify any such issues, nor did it indicate whether it was ruling on any aspects of CCI's motion as a matter of law.

2

## STANDARD OF REVIEW

A request that the Court reconsider an interlocutory order is governed by Rule 54(b) of the Federal Rules of Civil Procedure. *Dallas County v. MERSCORP, Inc*., 2 F. Supp. 3d 938, 2014 U.S. Dist. LEXIS 27200, at \*35 (N.D. Tex. 2014) (O'Connor, J.), citing Fed. R. Civ. P. 54(b); *Dos Santos v. Bell Helicopter Textron, Inc. District*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) (Means, J.) ("A court reconsiders an interlocutory order under Rule 54(b)."). "'Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court.'" *Dallas County*, 2014 U.S. Dist. LEXIS 27200, at \*35, quoting *Dos Santos*, 651 F. Supp. 2d at 553.

CCI requests that the Court exercise its discretion and reconsider its order so as to provide the parties with an explanation of the issues to be tried, as the Court's Order did not identify the issues of fact which, according to the Court, preclude summary judgment. Such an explanation is contemplated in the 2010 amendments to Federal Rule of Civil Procedure 56, wherein a provision was added under subdivision (a) stating that the "court should state on the record the reasons for granting or denying the motion" for summary judgment. The "Committee Notes on Rules—2010 Amendment" explains that this amendment "adds a new direction that the court should state on the record the reasons for granting or denying the motion." Although the "form and detail of the statement of reasons are left to the court's discretion," the "***identification of central issues may help the parties to focus further proceedings***," such as the trial. *Id*. (emphasis added).

Because this amendment is relatively recent, there is little authority regarding "the degree to which a summary judgment opinion should be detailed." *JPMorgan Chase Bank, N.A. v. Dixon*, 541 F. App'x 423, 429 (5th Cir. 2013). Notwithstanding, numerous courts have noted the new directive of Rule 56(a) and its change from former practice. *See, e.g., Jones v. Wash.*

3

*Metro. Area Transit Auth.*, No. 08-cv-2193, 2011 U.S. Dist. LEXIS 113314, at *2 n.2 (D.D.C. Oct. 2, 2011) (noting that "Rule 56(a) was amended in 2010 to require the trial court to 'state on the record the reasons for granting or denying the motion [for summary judgment],'" whereas "***[p]rior to the 2010*** amendments a statement of reasons was generally not required, even when granting summary judgment, since the trial court makes no actual factual findings and the legal ruling is reviewed *de novo*.") (emphasis added); *see also Enter. Mgmt. Ltd. v. Warrick*, 717 F.3d 1112, 1116 n.4 (10th Cir. 2013) ("Normally, the district court 'should state on the record the reasons for granting or denying the motion'"), citing Fed. R. Civ. P. 56(a); *Grimes v. Dist. of Columbia*, 464 F. App'x 3, 4 (D.C. Cir. 2012) ("the judgment of the District Court [is] vacated and the case remanded so that the  District Court can consider the effect of the 2010 amendments to Federal Rule of Civil Procedure 56 and 'state on the record the reasons for granting or denying [the summary judgment] motion'"), citing Fed. R. Civ. P. 56(a); *Smith v. United States DOJ*, No. 12-5078, 2013 U.S. App. LEXIS 197, at *1-2 (D.C. Cir. Jan. 3, 2013) (same, quoting *Grimes*); *McKinney v. Moutesdeoca*, No. 11 C 1433, 2012 U.S. Dist. LEXIS 173028, at *2 (N.D. Ill. Dec. 6, 2012); *Gresham v. Carson*, No. 3:12-cv-00008, 2012 U.S. Dist. LEXIS 127781, at *13-14 (D. Alaska Sept. 7, 2012) ("When  granting or denying a motion for summary judgment, a court should state on the record its reasons for doing so."), citing Fed. R. Civ. P. 56(a); *Curtis v. Caldwell*, No. 2:11-CV-14337, 2012 U.S. Dist. LEXIS 101501, at *4 (E.D. Mich. June 26, 2012); *Morse v. SEG US 95, LLC*, No. 2:09-CV-00541-EJL, 2011 U.S. Dist. LEXIS 99590, at *4 (D. Idaho Sept. 2, 2011) (noting and applying the amendment to Rule 56(a) regarding stating the reasons for granting or denying a motion for summary judgment even though the case began before the amendment).

In *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 12-md-02409-WGY, 2014 U.S. Dist. LEXIS 17718, at *19 (D. Mass. Feb. 12, 2014), the court went so far as to administratively close the case while it prepared its considered written opinion on the motions for summary judgment.  The court explained:

> Pursuant to Federal Rule of Civil Procedure 56(a) ("The court should state on the record the reasons for granting or denying the motion"), the parties deserve to have these rulings fully explicated in a thorough written opinion. In a case as complex as this, such composition and writing will take time. As the case is fully prepared for trial, it is important to minimize wasteful transaction costs. Accordingly, save for motions for reconsideration, this case is ordered administratively closed while the Court prepares its full written opinion.

While no administrative closure or any other delay is necessary in this case, obtaining a "thorough written opinion" which fully explains the Court's ruling will enable CCI, which is facing approximately $28 million in claims, to properly prepare its defense as to the facts the Court believes are genuinely disputed.  As in *Nexium*, this is a large case that is relatively complex with several issues in play and, potentially, tens of millions of dollars at stake.  Indeed, the parties have conducted dozens of depositions, reviewed and produced millions of pages of documents, and briefed a multitude of issues.  Judicial economy, encouragement of settlement, the resources of the parties, and effective defense would benefit from identifying, and therefore narrowing, the issues to be prepared for trial.[1]

---

[1] "'Summary judgment serves important functions which would be left undone if courts too restrictively viewed their power.'"  *Bartucci v. Jackson*, No. 04-2977, 2006 U.S. Dist. LEXIS 65342, at *10-11 (E.D. La. Sept. 12, 2006), citing *Washington Post Co. v. Keogh*, 365 F.2d 965, 967 (D.C. Cir. 1966).  "'Chief among these [functions] are avoidance of long and expensive litigation productive of nothing, and curbing the danger that the threat of such litigation will be used to harass or coerce settlement.'"  *Id.*

## ARGUMENT

**I.      CCI Requests Clarification of the Court's Order Permitting Xerox's Declaratory Judgment Act Claim to Proceed to Trial.**

CCI sought summary judgment with regard to Xerox' declaratory judgment claim on the basis that it was entirely duplicative of Xerox' breach of contract claim.  The Fifth Circuit has long held that declaratory judgment claims which are merely duplicative of other causes of action – particularly breach of contract claims – are subject to dismissal.  *See Pan-Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980) (affirming refusal to allow leave to add claims that were adequately raised in the original complaint); *Mandry v. Fina Oil & Chemical Co.*, 44 F.3d 1004, 1994 WL 733494 at *2 (5th Cir. 1994) (reversing award of declaratory relief where "[t]he declaratory judgment does not declare any significant rights not already at issue in the contract dispute.").

This Court has repeatedly and firmly applied this iron-clad rule.  *See, e.g., Regus Mgmt. Group, LLC v. IBM*, No. 3:07-CV-1799-B, 2008 U.S. Dist. LEXIS 47276, at *4-6 (N.D. Tex. June 17, 2008) (dismissing declaratory judgment claim that was duplicative of the plaintiff's claim for breach of contract because courts in the Fifth Circuit "regularly reject declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit"); *Xtria LLC v. Tracking Sys., Inc.*, No. 3:07-CV-0160, 2007 WL 1791252, at *3 (N.D. Tex. Jun. 21, 2007) (dismissing declaratory judgment action under Rule 12(b)(6) where it duplicated an existing breach of contract claim); *Assistmed, Inc. v. Conceptual Health Solutions, Inc.*, No. 3:05-CV-0880, 2006 WL 3691003, at *17 (N.D. Tex. Dec. 14, 2006) (same); *Hanson Aggregates, Inc. v. Roberts & Schaefer Co.*, No., 2006 WL 2285575, at *3 (N.D. Tex. Aug. 9, 2006) (dismissing counterclaim for declaratory judgment while noting that "a motion for declaratory judgment that merely restates a party's defenses is insufficient"); *Albritton Props. v.*

*Am. Empire Surplus Lines*, No. 3:04-CV-2531, 2005 WL 975423, at *2 (N.D. Tex. Apr. 25, 2005) (dismissing counterclaim for declaratory judgment where the disputed issues were already pending before the court); *and Kogul v. Xspediou Mgmt. Co.*, No. 3:04-CV-2518, 2005 WL 1421446, at * 4 (N.D. Tex. Jun. 1, 2005) (same).

Here, Xerox's declaratory judgment claim is identical to its breach of contract claim:  It is based on the same contractual documents, it arises from the same alleged conduct, and it seeks the exact same relief.  [*Compare* Dkt 40, FACC, ¶¶40, 50(ii), *with* Dkt. 7, Counterclaim, ¶ 33.] Nonetheless, the Court ruled that genuine issues of material fact precluded summary judgment. The Court's Order does not identify the factual issue(s) to be determined by the jury in order to resolve this claim; as a result, CCI is significantly hampered in its ability to focus its trial preparation in a manner that will enable efficient presentation of the issues the Court views as unresolved.  CCI therefore respectfully requests clarification as to the basis on which the Court concluded that the federal declaratory judgment act claim is not duplicative of Xerox's breach of contract claim in Count I and may otherwise proceed as a standalone claim.

## II.    CCI Requests Clarification Of The Order Allowing Xerox's Fraud Claim to Proceed.

With regard to CCI's motion for summary judgment on Xerox' fraud claim, while the Court's Order denying CCI's motion for partial summary judgment stated that "genuine issues of material fact" precluded summary judgment, the Court's Order did not state what those issues of material fact are.

As the Court will recall, CCI presented several purely legal arguments in seeking summary judgment on Xerox's fraud claim.  First, CCI argued that Xerox's fraud claim is not viable because the parties' relationship is governed by contract.  *See Century Sur. Co. v. Hardscape Constr. Specialties, Inc.*, 578 F.3d 262, 267-68 (5th Cir. 2009) (dismissing tort claims

because "[w]hen the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract") (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 & n.2 (Tex. 1991)); *Smith v. Fifth Third Mortg. Co.,* No. 3:12-cv-01433-O, 2012 U.S. Dist. LEXIS 190362, at *21 (N.D. Tex. Nov. 14, 2012) (O'Connor, J.) (dismissing fraud claim because "the only damages Plaintiff seeks are the economic losses suffered as a result of Defendants allegedly breaching the terms of the [contract]"); *O'Neill v. CitiMortgage, Inc.*, No. 4:13-cv-656-O, 2014 U.S. Dist. LEXIS 38549, at *7-8 (N.D. Tex. Mar. 24, 2014) (O'Connor, J.) (Dismissing negligent misrepresentation claim because "Texas courts consistently have prohibited tort claims if the parties' relationship and attendant duties arise from a contract.") (citing *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625 (N.D. Tex. 2011) (Means, J.).

CCI argued secondarily that Xerox's fraud claim is barred by the economic loss rule. *Sgroe v. Wells Fargo Bank, N.A.*, No. 4:12–CV–144, 2013 WL 1739502, at *12 (E.D. Tex. April 22, 2013) (Mazzant, J.) (the "economic loss rule generally precludes recovery in tort where a plaintiff's only injury is an economic loss to the subject of a contract."), citing *Academy of Skills & Knowledge, Inc. v. Charter Schools, USA, Inc.*, 260 S.W.3d 529, 541 (Tex. App.–Tyler 2008, pet. denied) (citing *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007)); *Classical Vacations, Inc. v. Air France*, No. 01-01-01137-CV, 2003 WL 1848247, at *3 (Tex. App.—Houston [1st Dist.] April 10, 2003, no pet.) (mem. op.) (rejecting fraud and breach of fiduciary duty claims under the economic loss rule); *Hooker v. Nguyen*, No. 14-04-00238-CV, 2005 WL 2675018, at *7 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (mem. op.) (applying economic loss rule to preclude fraud claim, and stating, "we decline to extend

*Formosa Plastics* to include fraud that allegedly occurs after the formation of a contract and that results only in loss to the subject of the contract.")

Third, CCI argued that Xerox's fraud claim is impermissibly based on CCI's alleged statements during performance of the contract as to its ability to meet a contract deadline. *IKON Office Solutions v. Eifert*, 125 S.W.3d 113, 124 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (a "promise to act in the future constitutes fraud only when," at the time of the initial promise, it was "made with the intention, design and purpose of deceiving—a promise made with no intention of performing the act."), citing *Spoljaric v. Percival Tours, Inc*., 708 S.W.2d 432, 434 (Tex. 1986). As set forth in CCI's motion for summary judgment, there was no evidence meeting the required standard submitted to the Court. Xerox has not alleged any misrepresentations that were supported by any witness during discovery – rather, as outlined in CCI's motion for summary judgment, Xerox' witnesses expressly denied awareness of any misrepresentation by CCI.

CCI is not aware of any issue of fact that would need to be determined in order for the Court to rule in its favor on its first two arguments relating to the fraud claim. As to the third issue, whether CCI employees made any misrepresentation during the course of performance under the contract, CCI is not aware of any evidence presented to the Court suggesting a misrepresentation by CCI. CCI is therefore unable to efficiently prepare for trial in a way that satisfies both judicial economy and the strictures of fair notice. Accordingly, CCI respectfully requests clarification as to what factual issues remain on Xerox's fraud claim, as well as what factual issues would preclude the application of the legal bars presented by CCI.

### III.    CCI Requests Clarification of the Court's Order Denying Summary Judgment with Regard to the Limitation of Liability Clause Agreed to by the Parties.

A central issue in this litigation is the Limitation of Liability provision in Section 19 of the Master Services Agreement between Xerox and CCI, which limits Xerox's recovery to amounts it paid to CCI under the Statement of Work.  [Dkt. 114 (MSJ App. p. 117).]  Xerox alleges that it paid approximately $1.7 million to CCI under the Statement of Work for the CIGNA Project.   Accordingly, CCI moved for partial summary judgment that Xerox's counterclaim seeking more than $28 million in damages should be dismissed, and CCI's maximum possible exposure to Xerox should be limited at summary judgment to the approximately $1.7 million Xerox acknowledged as the amount it paid under the contract.  *See* Fed. R. Civ. P. 56(g) ("If the court does not grant all the relief requested by the motion [for summary judgment], it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.").

In opposing summary judgment enforcing the applicable cap on the amount of damages, Xerox has contended that the parties' contract is "ambiguous," *i.e.*, that there remains a "question of fact" as to whether the limitation applies, purportedly because other provisions of the parties' contract relating to types of damages Xerox could seek to recover are "inconsistent" or "conflict" with the limitation provision.  In response, CCI directed this Court to established Texas law that, when interpreting a contract and determining whether it is ambiguous, courts "examine and consider the entire document in an effort to harmonize and give effect to all provisions of the contract so that none will be rendered meaningless." *DaimlerChrysler Motors Co., LLC v. Manuel*, 362 S.W.3d 160, 178 (Tex. App.—Fort Worth 2012, no pet.).  CCI further explained that – per applicable precedent – there are no ambiguities, inconsistences, or other conflicts that

could in fact exist because the provisions relied upon by Xerox dealt only with the "types" of damages Xerox could seek, whereas Section 19 – the Limitation of Liability provision – is the only provision limiting the amount of damages regardless of how the damages may be labeled.

As CCI has briefed, under Texas law, the interpretation of an unambiguous contract is a question of law for the court to decide.  *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).  Whether a contract is ambiguous is also a question of law for the Court to decide.  *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003).  "Lack of clarity does not create an ambiguity," *DaimlerChrysler Motors Co., LLC v. Manuel*, 362 S.W.3d 160, 178-179 (Tex. App.—Fort Worth 2012, no pet.), and a "contract is not ambiguous merely because the parties disagree on its meaning."  *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006) (citation omitted).

The "primary concern when interpreting a contract is to ascertain and give effect to the intent of the parties as that intent is expressed in the contract."  *Seagull Energy*, 207 S.W.3d at 345 (citations omitted); *see also Coker*, 650 S.W.2d at 393; *City of The Colony v. N. Tex. Mun. Water Dist.*, 272 S.W.3d 699, 722 (Tex. App.—Fort Worth 2008, pet. dism'd).  The Court must "examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless."  *Seagull Energy*, 207 S.W.3d at 345; Coker, 650 S.W.2d at 393; *City of The Colony*, 272 S.W.3d at 722.  "No single provision taken alone will be given controlling effect; rather, all the provisions must be considered with reference to the whole instrument."  *Coker*, 650 S.W.2d at 393.  Where, as here, the Agreement documents pertain to the same subject matter, those documents must be considered together.  *DaimlerChrysler*, 362 S.W.3d at 178-179.

11

This Court has applied these tenets of Texas contract law in enforcing a nearly identical limitation of liability provision in *Assistmed, Inc. v. Conceptual Health Solutions, Inc.*, No. 3:05-CV-0880-D, 2006 U.S. Dist. LEXIS 90382 (N.D. Tex. Dec. 14, 2006) (Fitzwater, J.).  There, under the limitation of liability provision at issue, the defendant could not be liable for "INDIRECT, INCIDENTAL, CONSEQUENTIAL OR PUNITIVE DAMAGES," and damages were limited to "AMOUNTS PAID HEREUNDER DURING THE PRECEDING 12 MONTHS."  *Id.* at *17-18 (emphasis in original).  Thus, the contractual limitation at issue in *Assistmed* excluded the same types of damages as Section 19 of the MSA and similarly limited defendant's exposure to amounts paid under the contract within the previous year.  *Compare* 2006 U.S. Dist. LEXIS 90382, at *17, *with* MSA ¶19 (Dkt. 114, MSJ App. p. 117).

In denying CCI's motion based on the existence of "genuine issues of material fact," the Court has necessarily determined that (1) the Parties' agreement is not capable of being interpreted by the Court as a matter of law; and (2) that some aspect of the contract is ambiguous, requiring the presentation of, and the jury's interpretation of, parol evidence as to the intent of the parties.  The Court, however, did not identify which contractual provisions were ambiguous.  As a result, CCI is faced with defending a $28 million claim – some $26 million over the contractual limitation to which Xerox agreed – with no notice as to which, if any, contractual provision require the jury's interpretation.

For these reasons, CCI respectfully requests that the Court clarify its ruling to identify the specific contractual ambiguities and/or questions of fact that remain regarding enforcement of the parties' Limitation of Liability provision, such as whether the Court perceives any inconsistency or conflict in the applicable provisions and, if so, which provisions.  Absent the

12

Court's guidance as to the question or questions of fact the Court intends the jury to determine, CCI's defense against Xerox's $28 million claim will be severely compromised.

## CONCLUSION

For the foregoing reasons, CedarCrestone, Inc. respectfully requests that the Court clarify its order denying partial summary judgment by identifying the issues of fact that exist, and grant such further relief as the Court deems just.

Date: December 29, 2014

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Brian A. Colao*
Brian A. Colao
State Bar No.  00793528
Thomas M. Hanson
State Bar No. 24068703
Christine A. Nowak
State Bar No. 24050200
1717 Main Street, Ste. 4200
Dallas, Texas 75201
214-462-6400
bcolao@dykema.com

**ATTORNEYS FOR CEDARCRESTONE**

## CERTIFICATE OF CONFERENCE

This is to certify that, on the 24th day of December, 2014, I conferred with Counsel for Defendant Affiliated Computer Services, LLC n/k/a Xerox Business Services, LLC, Steve Schortgen, regarding the relief requested in the foregoing Motion.  Counsel for Defendant stated that he is opposed to this Motion.

*/s/ Thomas M. Hanson*
Thomas M. Hanson

13

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that, on the 29th day of December, 2014, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record electronically as authorized by Federal Rule of Civil Procedure 5(b)(2)-(3).

<u>/s/ Brian A. Colao</u>
Brian A. Colao

14