**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CEDARCRESTONE, INC.,** | § | |
| | § | |
| **Plaintiff/Counter-Defendant,** | § | |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:12-cv-4673** |
| | § | |
| **AFFILIATED COMPUTER** | § | |
| **SERVICES, LLC n/k/a XEROX** | § | |
| **BUSINESS SERVICES, LLC** | § | |
| | § | |
| **Defendant/Counter-Plaintiff.** | § | |

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S**
**MOTION TO STRIKE PLAINTIFF'S AMENDED INITIAL DISCLOSURES AND**
**CERTAIN PORTIONS OF PLAINTIFF'S PRE-TRIAL DISCLOSURES**

## I.   INTRODUCTION.

Defendant Xerox Business Services, LLC, f/k/a Affiliated Computer Services, LLC ("Xerox") respectfully moves to strike Plaintiff CedarCrestone, Inc.'s ("CCI") Amended Initial Disclosures and Certain Portions of CCI's Pre-Trial Disclosures.  CCI waited until the day pre-trial disclosures were due to (1) serve Amended Initial Disclosures adding nearly $1.7 million in new damages, (2) produce documents supporting its new damages model, and (3) identify Brian Fees, CCI's Executive Vice President and Chief Financial Officer, as an expert on damages.

Because CCI failed to comply with Federal Rule of Civil Procedure 26(e)'s requirement to supplement timely its initial disclosures, document production, and expert disclosures, Xerox respectfully moves the Court to Strike (1) CCI's Amended Initial Disclosures; (2) CCI's untimely production; (3) CCI's Trial Exhibits 1364, 1365, and 1366; and (4) CCI's disclosure of Mr. Brian Fees as damages expert, and would show the Court as follows:

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S MOTION TO STRIKE**
**PLAINTIFF'S AMENDED INITIAL DISCLOSURES AND CERTAIN PORTIONS**
**OF PLAINTIFF'S PRE-TRIAL DISCLOSURES – PAGE 1**

## II.    FACTUAL BACKGROUND.

1.    On March 5, 2014, CCI filed an opposed Motion for Leave to File a Second Amended Complaint ("Motion for Leave"), seeking to add claims for fraud and negligent misrepresentation. Dkt. 58.

2.    On March 15, 2014, pursuant to the Court's Scheduling Order (Dkt. 45), CCI served its expert disclosures. *See* Ex. A-1, CedarCrestone, Inc's Designation of Expert Witnesses (APPX. 004-012). At that time, CCI did not include any expert disclosure relating to its fraud and negligent misrepresentation claims. *Id.*

3.    On March 17, 2014, Xerox filed its Response to CCI's Motion for Leave. Dkt. 68. The Motion was fully briefed on March 21, 2014, when CCI filed its Reply. Dkt. 73.

4.    On April 11, 2014, CCI Responded to Xerox's request for production on damages, stating "CedarCrestone has already and/or will produce any non-privileged, responsive documents" in "support of the damages calculation made in [CCI's] initial disclosures." *See* Ex. A-2, Excerpts from Plaintiff's Objections and Responses to Defendant's Fourth Request for Production (APPX.013-016).

5.    On April 15, 2014, pursuant to the Court's Scheduling Order (Dkt. 45) and the parties' agreement regarding the disclosure of rebuttal expert opinions, CCI served its supplemental designation of expert witnesses, disclosing only Mr. Robert P. Gray as a rebuttal expert on damages. *See* Ex. A-3, CedarCrestone, Inc.'s Supplemental Designation of Expert Witnesses (APPX. 017-020). Again, CCI did not include any expert disclosure relating to its claims for fraud and negligent misrepresentation claims. *Id.*

6.    May 15, 2014 was the discovery deadline in this case. *See* Scheduling Order, Dkt. 45. CCI did not amend its Initial Disclosures or supplement its production to include

damages relating to its fraud and negligent misrepresentation prior to the close of discovery - *or at any time during the next eight (8) months*.

7.        On June 24, 2014, the Court granted CCI's Motion for Leave to File a Second Amended Complaint.  Dkt. 178.

8.        On July 17, 2014, the Court entered an order resetting the previously scheduled trial from September 8, 2014, until March 2, 2015.  Dkt. 188.  In that Order, the Court instructed the parties to exchange pre-trial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) on January 30, 2015.

9.        On January 30, 2015, *220 days after the Court permitted CCI to file a Second Amended Complaint*, CCI amended its Initial Disclosures to identify damages associated with its claim for fraud for the very first time.[1]  *See* Ex. A-4, E-mail T. Hanson to S. Schortgen, *et al.*, attaching Plaintiff's Amended Disclosures (APPX. 021-036).  That same day, CCI produced new documents purporting to support its claim for fraud damages.  *See* Ex. A-5, E-mail from T. Hanson to S. Schortgen, *et al.*, attaching 8 MB of documents relating to CCI's claim for fraud (APPX. 037-038).

10.        Later that same evening, CCI served its Trial Exhibit List and its Witness List.  *See* Ex. A-6, E-mail from T. Hanson to S. Schortgen, *et al.*, attaching CCI's Pre-Trial Disclosures (APPX. 039).  Listed as Plaintiff's Exhibits 1364, 1365, and 1366 are documents that CCI served only five (5) hours earlier.  *See* Ex. A-7, Excerpts of Plaintiff's Trial Exhibit List (APPX. 040-042).  Additionally, CCI's Trial Witness List disclosed for the first time that Mr. Fees would offer "expert opinions and calculations regarding CCI's fraud damages."  *Compare*

---

[1]        CCI's disclosures make no reference to its claim for negligent misrepresentation, and it is unclear if CCI intends for its late disclosure to support its claim for negligent misrepresentation.

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S MOTION TO STRIKE PLAINTIFF'S AMENDED INITIAL DISCLOSURES AND CERTAIN PORTIONS OF PLAINTIFF'S PRE-TRIAL DISCLOSURES – PAGE 3**

Ex. A-1 (APPX. 004-012), CCI's Designation of Expert Witnesses; Ex. A-3, CCI's Supplemental Designation of Expert Witnesses (APPX. 017-020) *with* Ex. A-8, CCI's Trial Witness List at APPX. 044-045.

## III.   ARGUMENT & AUTHORITIES.

11.     Federal Rule of Civil Procedure 26(a)(1) requires all parties to provide a "computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based, including materials bearing on the nature and extent of injuries suffered."   Additionally, Rule 26(a)(2)(C) and the Court's Order (Dkt. 45) required CCI to identify non-retained experts by March 15, 2014.  Rule 26(e) requires any party who has made a disclosure or production under Rule 26(a) to supplement or correct its disclosure and production ***"in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect*** . . . ."

12.     Furthermore, Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party ***is not allowed to use that information or witnesses to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.***"

13.     CCI's failure to supplement its Rule 26(a) disclosures (including expert disclosures) and production was not substantially justified.  CCI moved to amend its Complaint on March 5, 2014, *before* the deadline for expert disclosures and *before* the discovery deadline.  Furthermore, ***CCI filed its Amended Complaint over six months ago***.  There is simply no justification supporting CCI's decision to wait until the day the parties were required to serve pre-trial disclosures to provide the new damages information.

14.     CCI's attempt to add nearly $1.7 million of damages and designate an additional expert witness to testify as to those damages at this late date is unfairly prejudicial to Xerox.[2]  By waiting until the day pre-trial disclosures were due to amend its initial disclosures and supplement its discovery responses, CCI prevented Xerox from timely serving additional discovery on these new damages.  Furthermore, CCI's failure to disclose Mr. Fees as an expert witness precluded Xerox from questioning Mr. Fees about his alleged expert opinions during his March 28, 2014, and July 17, 2014[3] depositions.  Finally, Xerox cannot possibly issue a rebuttal expert report on Mr. Fees's opinions at this late stage of the litigation if and as necessary. CCI's offer to permit Xerox to now – *just weeks before trial* – take yet a third deposition of Mr. Fees simply does not cure the unfair prejudice to Xerox.

15.     Because CCI can offer no justification for waiting until the eve of trial to add nearly $1.7 million in damages and an expert to testify about that figure, Xerox respectfully requests that the Court enter an order: (1) striking CCI's Amended Initial Disclosures; (2) striking CCI's untimely production; (3) striking Plaintiff's Trial Exhibits 1364, 1365, and 1366; and (4) striking CCI's disclosure of Mr. Brian Fees as damages expert.

---

[2]     "A district court considers four factors when determining if [a violation of Rule 37(c)(1) is harmless: (1) the explanation, if any, for the non-disclosing party's failure to comply with the discovery rule; (2) the prejudice to the opposing party; (3) the possibility of curing such a prejudice by granting a continuance; and (4) the importance of the evidence and related witnesses' testimony." *Wilson v. Home Depot U.S.A., Inc.*, Civ. A. No. 3:12-cv-5292-B, 2014 WL 1882024, at *2 (N.D. Tex. May 12, 2014) (granting motion to exclude untimely expert opinions).

[3]     Mr. Fees appeared for a 30(b)(6) deposition outside the discovery period pursuant to Court Order.  *See* Dkt. 132.

Date: February 9, 2015                    Respectfully submitted,


                                          *Ann Marie Arcadi*
                                          Steven G. Schortgen, Lead Counsel
                                            Texas State Bar No. 00794603
                                            steve.schortgen@klgates.com
                                          Ann Marie Arcadi
                                            Texas State Bar No. 00786994
                                            annmarie.arcadi@klgates.com
                                          Jennifer Klein Ayers
                                            Texas State Bar No. 24069322
                                            jennifer.ayers@klgates.com
                                          Jack J. Stone
                                            Texas State Bar No. 24083592
                                            jack.stone@klgates.com

                                          K&L Gates LLP
                                          1717 Main St.
                                          Suite 2800
                                          Dallas, TX  75201
                                          214.939.5500
                                          214.939.5849 Facsimile


                                          **ATTORNEYS FOR AFFILIATED COMPUTER
                                          SERVICES, LLC,  n/k/a XEROX BUSINESS
                                          SERVICES, LLC**

                          **<u>CERTIFICATE OF CONFERENCE</u>**

        Pursuant to the Local Rules of the Northern District of Texas, I hereby certify that on the
9th day of February, counsel for Defendant Xerox Business Services, LLC, Jennifer Klein Ayers,
conferred with counsel for Plaintiff CedarCrestone, Inc., Christine Nowak, regarding the basis of
this Motion and the relief requested in it.  Plaintiff opposes the Motion and all of Defendant's
requested relief.



                                          */s/ Ann Marie Arcadi*
                                          *Ann Marie Arcadi*




**DEFENDANT XEROX BUSINESS SERVICES, LLC'S MOTION TO STRIKE
PLAINTIFF'S AMENDED INITIAL DISCLOSURES AND CERTAIN PORTIONS
OF PLAINTIFF'S PRE-TRIAL DISCLOSURES – PAGE 6**

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that on the 9th day of February, a copy of the foregoing was sent to counsel of record for all parties pursuant to the Court's ECF system.


*/s/ Ann Marie Arcadi*
*Ann Marie Arcadi*