IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDARCRESTONE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 3:12-cv-4673 |
| | § | |
| v. | § | |
| | § | |
| AFFILIATED COMPUTER | § | JURY TRIAL REQUESTED |
| SERVICES, LLC n/k/a XEROX | § | |
| BUSINESS SERVICES, LLC | § | |
| | § | |
| Defendant. | § | |

## SUPPLEMENT TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S WITNESSES

Plaintiff CedarCrestone, Inc. ("CCI") files this Supplement to Plaintiff's Motion to Compel Defendant's Witness Ann Vezina to Appear Live and Brief in Support, or alternatively, Motion in Limine to Limit Testimony Offered at Trial to Prior Deposition Testimony ("Motion to Compel") [Dkt. 206], and in support thereof respectfully states the following:

### SUMMARY

CCI filed its Motion to Compel on February 16, 2015. The following day, in conjunction with compiling and filing the parties' Joint Pretrial Order, Xerox advised that it had made changes to its list of witnesses, and is now designating Mike Noack, Nancy Sabatiel, Mike Howson and Ritesh Sharma as expected (instead of "possible") witnesses to be called at the time of trial. Following such designations, CCI requested (as it had with Ms. Vezina) that Xerox make these witnesses available to be called live in CCI's case-in-chief. As with Ms. Vezina, Xerox is unwilling to produce Ms. Sabatiel and Messrs. Noack, Howson and Sharma live for CCI's case-in-chief. And as with Ms. Vezina, Xerox's refusal to produce these witnesses for

CCI's case-in-chief (while still fully intending to call them live in its own) prejudices CCI's ability to fully and effectively present its evidence at trial. Accordingly, CCI respectfully requests that this Court order Xerox to produce Mr. Noack, Ms. Sabatiel, Mr. Sharma, and Mr. Howson to appear live during CCI's case-in-chief if they are to appear live during Xerox's defense-in-chief, or alternatively, order that both Parties are limited exclusively to presenting these witnesses via deposition at the time of trial.

## ARGUMENT

Since the filing of CCI's Motion to Compel, Xerox has identified an additional five witnesses it expects to call live in its case-in-chief, all of whom were designated as "may call" witnesses in Xerox's Pretrial Disclosures served on January 30, 2015. In its own January 30, 2015 Pretrial Disclosures, CCI designated deposition testimony from four of those witnesses – Ms. Sabatiel and Messrs. Noack, Howson and Sharma – for potential use in CCI's case-in-chief, and has designated all except Mr. Howson as "expect to call" witnesses in the Joint Pre-Trial Order.

As recited in CCI's Motion to Compel, federal courts have repeatedly recognized that "live testimony is preferable to depositions." *See, e.g., Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, No. C 06-2469 CW, 2006 WL 2868971, at *5 (N.D. Cal. Oct. 6, 2006) (citation omitted). Because Mr. Noack, Ms. Sabatiel, Mr. Howson and Mr. Sharma are designated to appear live in Defendant Xerox's case-in-defense, they should also be made available for questioning by CCI during its case-in-chief. As cited in CCI's Motion to Compel, numerous federal courts have approved and followed this approach in the interest of judicial efficiency.

Alternatively, even if this Court were not inclined to compel Mr. Noack's, Ms. Sabatiel's, Mr. Howson's and Mr. Sharma's live appearances, it should hold that both Parties are limited

exclusively to using the deposition testimony of these witnesses at the time of trial. It is appropriate under Federal Rule of Evidence 611(a)(1) to exclude live witnesses from testifying in Xerox's case-in-defense who are not made available for live testimony during CCI's case-in-chief. It also will eliminate jury confusion that would otherwise result from the jury hearing "dual media" testimony from the witnesses' deposition and live testimony. *See, e.g., Traylor v. Husqvarna Motor*, 988 F.2d 729 (7th Cir. 1993) (Posner, J.).

## CONCLUSION

For the reasons stated herein, Plaintiff CedarCrestone, Inc. requests that this Court compel the live appearance of Mr. Noack, Ms. Sabatiel, Mr. Sharma, and Mr. Howson during the presentation of CCI's case in chief. In the alternative, CCI requests that this Court enter an order in limine precluding Defendant from offering these witnesses live and limiting both Parties exclusively to presenting them through their deposition testimony.

Dated: February 18, 2015                                        Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/   *Christine A. Nowak*

Brian A. Colao
State Bar No. 00793528
Thomas M. Hanson
State Bar No. 24068703
Christine A. Nowak
State Bar No. 24050200
Dykema Gossett PLLC
1717 Main Street, Suite 4200
Dallas, Texas  75201
(214) 462-6400 (Telephone)
(214) 462-6401 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this Motion is being served the Court's CM/ECF system on all counsel of record on this 18th day of February, 2015.

   */s/  Christine A. Nowak*
Christine A. Nowak

**CERTIFICATE OF CONFERENCE**

Counsel for Plaintiff has conferred with counsel for Defendant regarding this Motion through email and telephone, and despite best efforts, the parties have not been able to resolve the issue.  Counsel for Defendant is opposed to the relief sought herein.

   */s/  Christine A. Nowak*
Christine A. Nowak