IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDARCRESTONE, INC., § | |
| § | |
| Plaintiff/Counter-Defendant, § | |
| § | |
| v. § | Civil Action No. 3:12-cv-4673 |
| § | |
| AFFILIATED COMPUTER § | |
| SERVICES, LLC n/k/a XEROX § | |
| BUSINESS SERVICES, LLC § | |
| § | |
| Defendant/Counter-Plaintiff. § | |

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL, OR, IN THE ALTERNATIVE, MOTION IN *LIMINE***

**I.   INTRODUCTION.**

Through its Motion, CCI asks the Court to compel six witnesses for Xerox Business Services, LLC ("XBS") to testify live in *CCI's* case in chief. CCI seeks this relief despite the following facts: (i) none of the witnesses live or work in Texas; (ii) none of the witnesses are officers of XBS; (iii) none of the witnesses have been designated as corporate representatives for XBS in this case; and (iv) all of the witnesses have been previously deposed by CCI. In fact, four of the six witnesses are not even current employees of XBS or any XBS affiliate. Rather, all six individuals are witnesses who XBS intends to present in *XBS's* case in chief to establish the elements of XBS's claims and defenses at trial.

Not only does Federal Rule of Civil Procedure 45 prohibit CCI from compelling XBS's witnesses to attend trial during CCI's case in chief, but also Federal Rule of Evidence 611 counsels against CCI diverging from the normal course of examination, and requires CCI to cross-examine XBS's witnesses during the presentation of *XBS's* case in chief.

There is nothing particularly unique about this litigation, nor any case law on point to support side-stepping the Federal Rules and compelling six of XBS's out-of-town witnesses to testify during CCI's case in chief. Accordingly, XBS respectfully requests that the Court deny CCI's Motion in its entirety.

## II.   ARGUMENT & AUTHORITIES.

### A.   CCI Cannot Compel the Attendance of XBS's Witnesses During CCI's Case in Chief Using Federal Rule of Civil Procedure 45.

CCI's request is directly contrary to Federal Rule of Civil Procedure 45. Rule 45 does not permit CCI to compel the attendance of Ms. Vezina, Mr. Howson, Mr. Noack, Ms. Sabatiel, Mr. Nigam, or Mr. Sharma during its case in chief. All of these witnesses reside and work outside the State of Texas and outside the 100-mile limit imposed by Federal Rule of Civil Procedure 45(c)(1).

Federal Rule of Civil Procedure 45(c)(1) provides:

> **For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition ***only as follows:***
>
> (A)   ***within 100 miles*** of where the person resides, is employed, or regularly transacts business in person; or
>
> (B)   ***within the state*** where the person resides, is employed, or regularly transacts business in person, **if** the person:
>
>     (i)   is a party or a party's officer; or
>
>     (ii)  is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45 (emphasis added).

Prior to its revision in 2013, courts split on "interpreting Rule 45's provisions for subpoenaing parties and party officers." *See* Fed. R. Civ. P. 45, 2013 Notes of Advisory

Committee, ¶ 12 (comparing *In re Vioxx Products Liability Litigation*, 438 F. Supp. 2d 664 (E.D. La. 2006) (finding authority to compel a party officer from New Jersey to testify at trial in New Orleans) *with Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213 (E.D. La. 2008) (holding that Rule 45 did not require attendance of plaintiffs at trial in New Orleans when they would have to travel more than 100 miles from outside the state)).

"Because [new] Rule 45(c) directs that compliance may be commanded *only as it provides*, [the 2013 amendments] resolve the split . . . . Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles *unless the party or party officer resides, is employed, or regularly transacts business in person in the state."*  Fed. R. Civ. P. 45, 2013 Notes of Advisory Committee, ¶ 12 (emphasis added).

All of the cases cited in CCI's Motion pre-date the 2013 amendment to Rule 45.  *See* Motion at p. 3–4.  In fact, *In re Vioxx Products Liability Litigation*, upon which CCI heavily relies, is the example used by the Advisory Committee to explain that the Rule now specifically prohibits the relief CCI requests.

Here, none of the six individual witnesses CCI seeks to compel to testify in its case in chief are parties in this case, nor are they officers[1] or designated corporate representatives of XBS.  Even if they were, *none* of them reside, work, or regularly transact business within 100-

---

[1]    CCI does not argue (because it cannot) that Mr. Howson, Mr. Noack, Ms. Sabatiel, Mr. Nigam and Mr. Sharma are XBS's "corporate officers.  CCI does, however, argue that Ms. Vezina is a corporate officer of XBS.  She is not.  Ms. Vezina is the Executive Vice President of Human Resources at Xerox.  She is not an officer of XBS, nor is she a corporate officer of Xerox Corporation.  *See* Ex. A-1, Xerox Corporation's Form 10-K Annual Report (as of December 31, 2013), Item 10 (identifying executive officers at Xerox Corporation and listing Thomas J. Maddison as Xerox Corporation's Senior Vice President and Chief Human Resources Officer) (Res. Appx. 003-005).

miles of this District. And, *none* of them reside, work, or regularly transact business within the State of Texas:[2]

| Witness | Location |
|---|---|
| Ann Vezina (Employee of Xerox Corporation) | Nicholasville, Kentucky<br>(Ex. A-2, Vezina Dep. 7:8–12; Resp. Appx. 006-008) |
| Mike Howson (Employee of Xerox Corporation) | Wilton Manors, Florida<br>(Ex. A-3, Howson Dep. 7:23-8:1; Resp. Appx. 009-011) |
| Mike Noack (Former XBS Employee) | Huntington Beach, California<br>(Ex. A-4, Noack Dep. 11:11-13; Resp. Appx.012-014) |
| Nancy Sabatiel (Former XBS Employee) | Ridgewood, New Jersey<br>(Ex. A-5, Sabatiel Dep. 5:16–21; Resp. Appx. 015-017) |
| Shan Nigam (Former XBS Contractor) | Johns Creek, Georgia<br>(Ex. A-6, Nigam Dep. 8:11-14; Resp. Appx.018-020 ) |
| Ritesh Sharma (Former XBS contractor) | Atlanta, Georgia<br>(Ex. A-7, Sharma Dep. 10:20–23; Resp. Appx. 021-024) |

Accordingly, neither Rule 45, nor any of the cases discussing it, can support an order compelling these witnesses to testify at trial during CCI's case in chief. *See* Fed. R. Civ. P. 45.

### B. The Federal Rules of Evidence Do Not Support The Relief CCI Seeks.

Further, the Federal Rules of Evidence do not justify the extraordinary relief CCI seeks. The Rules of Evidence provide broad discretion to the Court to control the mode and order of examining witnesses and the presentation of evidence at trial. *See* Fed. R. Evid. 403; 611. Rule

---

[2] CCI makes no argument and provides no evidence that any of these six witnesses regularly transacts business within the State of Texas.

of Evidence 611 instructs the Court to exercise this discretion in order to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). CCI's Motion is inconsistent with each of these mandates.

*First*, CCI's requested relief will unnecessarily waste the Court's and the jury's time at trial. In the event the Court permits CCI to call six of XBS's fact witnesses adversely in its case in chief, XBS has two options – (1) it can hold questions until its own case in chief or (2) it can directly examine its witnesses following CCI's adverse direct examination. The first option unfairly prejudices XBS because the jury's first impression of XBS's witnesses would be during a hostile examination, without the opportunity for rebuttal or rehabilitation. It also unfairly provides CCI with a second bite at the apple when it cross-examines the same witnesses several days later during XBS's case in chief, and it is an inefficient use of the Court's and the jury's time. The second option wreaks havoc on the presentation of evidence, where the potential order of testimony is: (1) CCI adverse direct examination; (2) Xerox direct examination; (3) CCI cross-examination; (4) XBS re-direct; (5) CCI re-cross. Put simply, CCI's proposed order for the presentation of evidence and testimony is the *least efficient* and *most confusing* method for presenting the parties' evidence to the jury at trial.

*Second*, CCI's requested relief will unfairly and unnecessarily prejudice XBS in the presentation of XBS's witnesses in its own case in chief. Indeed, if CCI's Motion is granted, it would result in **over 80% of all live testimony occurring during CCI's case in chief** without any justification. According to the parties' proposed Joint Pretrial Order, CCI intends to call nine of its employees to present live testimony during its case in chief. Dkt. 209 at p. 33–34. In addition to those nine witnesses, CCI also asks the Court to compel Xerox to produce six of its witnesses

to testify adversely during CCI's case in chief, for a total of fifteen (15) live witnesses. In contrast, XBS would be left with just three XBS witnesses to present live during its own case:

|   | **CCI'S LIVE FACT WITNESSES** | **XEROX'S LIVE FACT WITNESSES** |
|---|---|---|
| 1 | Rebecca Karen "Becky" Hutcherson (CCI employee) | Kathy Matsko (XBS employee) |
| 2 | Jeff Sigelbaum (CCI employee) | Mark McGloughlin (XBS employee) |
| 3 | Sudhir Javangula (CCI employee) | Jose Jiminez (former XBS sub-contractor) |
| 4 | David Lord (CCI employee) | |
| 5 | Jill Brown (CCI employee) | |
| 6 | Paul Simmons (CCI employee) | |
| 7 | Rosemary Longo-Nutt (CCI employee) | |
| 8 | Brian Fees (CCI employee) | |
| 9 | Yulin Kriz (CCI employee) | |
| 10 | **Ann Vezina (XBS Witness – Xerox Corp. Employee)** | |
| 11 | **Mike Howson (XBS Witness – XBS Employee)** | |
| 12 | **Mike Noack (XBS Witness – Former Employee)** | |
| 13 | **Nancy Sabatiel (XBS Witness – Former Employee)** | |
| 14 | **Shan Nigam (XBS Witness – Former XBS Contractor)** | |
| 15 | **Ritesh Sharma (XBS Witness – Former XBS Sub-Contractor)** | |

The Court should not permit CCI to obtain such a blatantly uneven balance of live testimony – *and testimony generally* – in its own case in chief and remove XBS's ability to present its own case as it wishes. This is particularly true here where no rule would permit that

outcome, and CCI failed to identify any specific evidence that it requires from any of the six XBS witnesses to prove its own case.

*Third*, CCI's requested relief would place an undue burden on XBS's witnesses. (As noted above, four of the six witnesses are not currently employed by XBS or any affiliate of XBS.) If CCI's Motion is granted, XBS's witnesses will be required to attend trial *on CCI's requested schedule*. Further, the witnesses will need to remain in Dallas for an extended period of time – or fly back and forth to their home states – to testify in both CCI's case in chief and XBS's case in chief. Of course, considerable witness inconvenience and unnecessary, additional expenses would result from attempting to coordinate such an unusual scenario.

The Court should not permit CCI to stack the deck in its favor by requiring XBS to produce the majority of its own witnesses for testimony during CCI's case in chief. CCI has failed to provide any valid reason for altering the normal course of trial where CCI will have the opportunity to cross-examine XBS's live witnesses after they testify during XBS's case in chief, or to play portions of those witnesses' deposition testimony in its own case in chief if it chooses not to wait until the witness is on the witness stand.

### C. None of the Cases CCI Relies Upon Support Precluding XBS's Witnesses from Testifying.

None of the cases CCI cites in its Motion support precluding six of XBS's nine fact witnesses from testifying at trial. CCI generally relies upon two types of cases, neither of which support the relief CCI seeks.

*First*, in support of the general proposition that "live testimony" is preferable to "deposition testimony," CCI cites to multiple opinions relating only to motions to transfer. *See* Motion at 4–5 (citing *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d 1093 (C.D.

Cal. 2007) (denying motion to transfer venue); *Applied Elastomerics, Inc. v. Z-Man Fishing Prods., Inc.*, No. C 06-2469 CW, 2006 WL 2868971 (N.D. Cal. Oct. 6, 2006) (denying motion to transfer venue); *George F. Martin Co. v. Royal Ins. Co. of Am.*, No. C03-5859 SI, 2004 WL 1125048 (N.D. Cal. May 14, 2004) (granting motion to transfer venue); *Nat'l Prop. Investors VIII v. Shell Oil Co.*, 917 F. Supp. 324 (D.N.J. 1995) (granting motion to transfer venue); *Hotel Constructors, Inc., v. Seagrave Corp.*, 543 F. Supp. 1048 (D.C. Ill. 1982) (granting motion to transfer venue)). CCI's reliance upon these opinions is misplaced and ignores the fact that CCI will have ample opportunity to cross-examine all of XBS's witnesses live at trial.

*Second,* CCI generally cites cases in which the defendant failed to confirm whether a witness would be made available for live testimony and, as a result, the plaintiff played deposition testimony during its case in chief. *See e.g., R.B. Matthews, Inc. v. Transamerica Transp. Servs, Inc.*, 945 F.2d 269 (9th Cir. 1991) (judge properly excluded live testimony from both defendant and plaintiff where defendant attempted to call two live witnesses whose deposition transcripts were already read into the record); *Niebur v. Town of Cicero*, 212 F. Supp. 790, 806 (N.D. Ill. 2002) (defendant not permitted to present live testimony where third party witness decided to testify only after plaintiff read his deposition into the record).[3] Put simply, these cases do not support the relief that CCI seeks. Unlike the plaintiffs in those cases, XBS previously informed CCI that these witnesses will provide live testimony, and CCI will have

---

[3] When CCI met and conferred with XBS regarding this Motion, it indicated that it intended to call XBS's witnesses adversely without identifying specifically what testimony, if any, CCI needed to prove its claims. In response, XBS indicated that the proper course of action would be for CCI to cross-examine XBS's witnesses during the presentation of XBS's cases to obtain the unidentified information. XBS also indicated that CCI could present some of the ample deposition testimony it obtained from XBS's witnesses during its case in chief if necessary. XBS is of the opinion that CCI need not rely upon any deposition testimony for the witnesses who will appear live at trial, and that the ability to cross-examine XBS's witnesses live at trial is more than sufficient. In any event, that is CCI's choice consistent with the Court's practices or requirements.

ample opportunity to prepare its case in anticipation of cross-examining those witnesses live.[4] Furthermore, none of the cases support the remarkable proposition that CCI should be permitted to present more than 80% of the live testimony during its own case in chief.

CCI also cites a single hearing transcript from *SmithKline Beecham Corp. v. Abbott Labs.*, No. C-07-5702-CW (N.D. Cal.) for the proposition that "numerous federal courts" have approved "excluding live testimony of defense witnesses not made available in plaintiff's case-in-chief." *See* Motion at 5. Respectfully, CCI misstates the Court's position in that transcript:

> I don't like to have witnesses called twice. So, as always, there are a lot of witnesses that the Plaintiff wants to call that are Defendant's witnesses. And what I'd like to do is have those people called in Plaintiff's case, but at the same time, have them examined fully by Defendant at that time.
>
> ***If the Defendant -- you could sort of decide amongst yourselves -- I think the best way to do it really is to have the Defendant do the direct rather than have a little weird cross followed by a full-fledged direct followed by more cross. I think it really flows better if the Plaintiff just lets the Defendant take those witnesses on direct and then do all of its cross.***
>
> [***]
>
> It also requires that the Defendant fish or cut bait with respect to live or depo because if they want the testimony from the person and can't get it unless you bring them, and if you don't bring them they do it for depo, then I don't want to hear depo and then have them come live later.
>
> ***So you're going to need to decide before the Plaintiff's case who you're going to bring live and who you're not.***

---

[4] In the event one of XBS's third party witnesses experiences a last minute conflict with the Court's trial schedule, XBS will inform CCI prior to the close of CCI's case so that it may present deposition testimony from that third party witness in its case in chief if necessary.

*Transcript of Hearing*, pp. 7–8 (Feb. 8, 2011), *SmithKline Beecham Corp. v. Abbott Labs.*, No. CV-07-5702 (N.D. Cal. Feb. 8, 2011) (emphasis added). First, like the other cases discussed above, the court's underlying point is that a defendant should not play "gotcha" with the plaintiff and require them to play depo tape if the defendant plans to call a witness live. Second, in its Motion, CCI indicates only that it wishes to call XBS's witnesses adversely – not that XBS may directly exam its witnesses during the middle of CCI's case in chief, followed by a traditional cross. Finally, there is nothing in the transcript indicating the number of witnesses the plaintiff seeks to adversely examine, and accordingly the Northern District of California does not address overarching issue with CCI's current proposal – the prejudice to Xerox if more than 80% of all live testimony occurs during CCI's case in chief

Finally, CCI cites *Maran Coal Corp. v. Societe Generale De Survelliance S.A.*, an unpublished opinion issued in 1996 by the Southern District of New York in support of its arguments. In that case, the Court held that the defendants must produce two witnesses to testify during the plaintiff's case in chief or be precluded from calling them live. *See* No. 92-cv-8728-DLC, 1996 WL 11230 (S.D.N.Y. Jan. 10, 1996). The facts of that case, however, are easily distinguishable from the facts here. In *Maran Coal Corp.*, the plaintiff sued the defendant over tests that the defendant conducted on the plaintiff's behalf in Pakistan on four shiploads of product. *Id.* at *1. The plaintiff alleged that the defendant failed to conduct the tests in a workman like manner. *Id.* The two witnesses the plaintiff sought to have testify during its case in chief were the two people responsible for supervising and directing the tests. *Id.* In other words, they were the only two fact witnesses capable of testifying as to what occurred during the defendant's performance of the inspection and tests. *Id.* In contrast, CCI's Motion fails to provide any specific facts, testimony, or information that it requires from any of the six XBS

witnesses it seeks to call adversely that it must have (but cannot obtain from its own witnesses) to establish CCI's claims.

Instead, CCI makes the vague and unfounded assertion that "[XBS's] refusal to produce [six of its nine witnesses] for CCI's case-in-chief (while still fully intending to call them live in its own) prejudices CCI's ability to fully and effectively present its evidence at trial." *See* Dkt. 211 at p. 1–2. CCI's generic statements, however, do not justify the extraordinary and highly unusual relief that it seeks.

### D. The Court May Eliminate Any Potential Prejudice to CCI Using Other Less Prejudicial and More Efficient Mechanisms at Trial.

Finally, although CCI's Motion fails to identify specifically what testimony, if any, it requires from an XBS witness to prove its claims, the Court has at its disposal various alternatives that completely eliminate any potential unfair prejudice to CCI, while also preserving all of XBS's rights to a fair trial. For example, XBS would be agreeable to permitting the open cross examination of Ms. Vezina, Mr. Howson, Mr. Noack, Ms. Sabatiel, Mr. Nigam, and Mr. Sharma during XBS's case in chief. Federal Rule of Evidence 611(b) empowers the Court to "allow inquiry into additional matters as if on direct examination" during cross. Assuming CCI requires testimony from these six witnesses on topics not addressed during XBS's direct examination, Rule 611(b) provides a simple solution without creating a distorted perception of each party's case at trial.

### III. CONCLUSION.

For the foregoing reasons, XBS respectfully requests that the Court deny CCI's Motion to Compel, or in the Alternative Preclude the testimony of six of XBS's nine fact witnesses.

Date: February, 23, 2015                    Respectfully submitted,

                                                *Ann Marie Arcadi*
                                               Steven G. Schortgen, Lead Counsel
                                                 Texas State Bar No. 00794603
                                                 steve.schortgen@klgates.com
                                               Ann Marie Arcadi
                                                 Texas State Bar No. 00786994
                                                 annmarie.arcadi@klgates.com
                                               Jennifer Klein Ayers
                                                 Texas State Bar No. 24069322
                                                 jennifer.ayers@klgates.com
                                               Jack J. Stone
                                                 Texas State Bar No. 24083592
                                                 jack.stone@klgates.com

                                               K&L Gates LLP
                                               1717 Main St.
                                               Suite 2800
                                               Dallas, TX  75201
                                               214.939.5500
                                               214.939.5849 Facsimile

                                               **ATTORNEYS FOR AFFILIATED COMPUTER SERVICES, LLC,  n/k/a XEROX BUSINESS SERVICES, LLC**

**CERTIFICATE OF SERVICE**

      Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that on the 23rd day of February, a copy of the foregoing was sent to counsel of record for all parties pursuant to the Court's ECF system.

                                               */s/ Ann Marie Arcadi*
                                               *Ann Marie Arcadi*