IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDARCRESTONE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 3:12-cv-4673 |
| | § | |
| v. | § | |
| | § | |
| AFFILIATED COMPUTER | § | JURY TRIAL REQUESTED |
| SERVICES, LLC n/k/a XEROX | § | |
| BUSINESS SERVICES, LLC | § | |
| | § | |
| Defendant. | § | |

### REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL CERTAIN OF DEFENDANT'S WITNESSES TO APPEAR LIVE OR, IN THE ALTERNATIVE, MOTION IN LIMINE TO LIMIT TESTIMONY OFFERED AT TRIAL TO PRIOR DEPOSITION TESTIMONY

Plaintiff CedarCrestone, Inc. ("CCI") files this Reply in Support of its Motion to Compel Defendant's Witness Ann Vezina to Appear Live and Brief in Support, or alternatively, Motion in Limine to Limit Testimony Offered at Trial to Prior Deposition Testimony, and Supplemental Motion thereto, and in support thereof respectfully states the following:

### NOTICE OF CORRECTED STATEMENT OF LAW

Defendant Xerox correctly notes that Federal Rule of Civil Procedure 45(c)(1) was amended as of December 1, 2013.  In particular, subsection (B) provides: "A subpoena may command a person to attend a trial, hearing, or deposition only as follows: (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person: (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur a substantial expense." Fed. R. Civ. P. 45.  According to the 2013 Notes of Advisory Committee, ¶ 12, "[b]ecause Rule 45(c) [as revised] directs that compliance may be commanded only as it

provides, [the 2013 amendments] resolve the split . . . Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." CCI apologizes to this Court for failing to bring the 2013 Notes of Advisory Committee to this Court's attention, and appreciates Defendant doing so. This omission was a result of CCI's unintentional oversight, and was not intended to mislead or misrepresent the state of the law to this Court. CCI would further note, however, that after the enactment of the 2013 revisions to Rule 45, some district courts within the Fifth Circuit have continued to hold that "party witnesses do not require compulsory process for trial." *See, e.g., Phoenix Licensing, LLC v. Royal Carribean Cruises Ltd.*, 2014 U.S. Dist. LEXIS 175879 (E.D. Tex. Dec. 22, 2014) (differentiating between party witnesses and those "witnesses for whom compulsory process to attend trial might be necessary" in ruling on a motion to transfer venue).[1] Under either interpretation of Rule 45 CCI should prevail on its requested relief.

## SUMMARY OF REPLY

This Court should order the live appearance of Ms. Vezina, Mr. Noack, Ms. Sabatiel, and Mr. Sharma, during the presentation of CCI's case-in-chief, or in the alternative, preclude

---

[1] *See also Chaput v. Griffin*, 2014 U.S. Dist. LEXIS 173877 (N.D. Tex. Dec. 16, 2014); *Fairfield Indus. v. Wireless Seismic, Inc.*, 2014 U.S. Dist. LEXIS 136648 (E.D. Tex. Sept. 26, 2014); *Nat'l Cheng Kung Univ. v. Intel Corp.*, 2014 U.S. Dist. LEXIS 135683 (E.D. Tex. Sept. 26, 2014); *Rockstar Consortium U.S. LP v. Google Inc.*, 2014 U.S. Dist. LEXIS 133758 (E.D. Tex. Sept. 23, 2014); *ComCam Int'l, Inc. v. Mobotix Corp.*, 2014 U.S. Dist. LEXIS 118588 (E.D. Tex. Aug. 26, 2014); *NFC Tech., LLC v. HTC Am.*, 2014 U.S. Dist. LEXIS 105230 (E.D. Tex. Aug. 1, 2014); *Rembrandt Patent Innovations, LLC v. Apple, Inc.*, 2014 U.S. Dist. LEXIS 105231 (E.D. Tex. Aug. 1, 2014); *Samson Contour E&P, LLC v. La. Delta Oil Co., LLC*, 2014 U.S. Dist. LEXIS 86404 (E.D. La. June 25, 2014); *Eight One Two, LLC v. Purdue Pharma, L.P.*, 2014 U.S. Dist. LEXIS 181624 (N.D. Tex. May 16, 2014); *Rosemond v. United Airlines, Inc.*, 2014 U.S. Dist. LEXIS 45162 (S.D. Tex. Apr. 2, 2014); *cf. Dietgoal Innovations LLC v. Taco John's Int'l, Inc.*, 2014 U.S. Dist. LEXIS 181625 (N.D. Tex. July 15, 2014); *Ingeniador, LLC v. Adobe Sys.*, 2014 U.S. Dist. LEXIS 3308 (E.D. Tex. Jan. 9, 2014). *But see Ishee v. Fannie Mae*, 2014 U.S. Dist. LEXIS 159619 (S.D. Miss. Nov. 13, 2014) (applying the plain language of the Rule).

Defendant Xerox from offering these witnesses live and limiting both Parties exclusively to presenting such witnesses through their deposition testimony. Defendant Xerox continues to resist CCI's attempts to procure the live testimony of four witnesses that Defendant has notified this Court it expects to call live at trial. Xerox contends that CCI should be limited to using the deposition testimony of these witnesses who will both be *physically available and presented live* at trial during Xerox's case-in-chief. Notably Ms. Vezina is an officer of Defendant and is amenable to the subpoena power of this Court under Rule 45 (as amended in 2013). Moreover, it would severely prejudice CCI to permit only Xerox to present Ms. Vezina and the other named witnesses live. It is well within the discretionary powers of this Court to grant CCI the relief it seeks.

## ARGUMENT

### I. Ms. Vezina, an Officer of Xerox, is Amenable to Subpeona under Rule 45.

Rule 45 provides that a subpoena may command a person to attend a trial "within the state where the person . . . regularly transacts business in person, if the person [] is a party or a party's officer[.]. Fed. R. Civ. P. 45(c)(1)(B). This Court may compel Ms. Vezina to attend trial and testify in CCI's case-in-chief under this provision because she both (a) regularly transactions business in person in the State of Texas and (b) is an officer of Defendant Xerox.

While Defendant claims that Ms. Vezina is "not an officer of XBS, nor is she a corporate officer of Xerox Corporation," (Resp. at 3 n.1), Defendant's own website tells another story. Xerox's website states "Ann Vezina is a corporate vice president and vice president of Human Resources for Xerox Services. She was named to this position in July 2013, and was appointed a vice president of Xerox in February 2012," *see* Ex. A, and Ms. Vezina is also listed as an officer ("CPO; EVP" of "Xerox Business Services, LLC") on Defendant's annual reports from 2012- 2014 with the State of Texas, *see* Ex. B. The fact that Defendant's SEC filings do not represent

Ms. Vezina as an officer is not persuasive; particularly where as here, Xerox publicly represents to the world, via the internet, and the State of Texas, via public filings, that she is indeed an officer of Defendant Xerox. Defendant has provided no authority to support its implied conclusion that one must be listed on SEC filings as an officer to be considered an officer under Rule 45. Thus, Ms. Vezina's public representation as an officer of Defendant Xerox, as noted herein, subjects her to subpoena power under Rule 45.

Second, Defendant claims that Ms. Vezina does not "regularly transact business within 100-miles of the District" or "within the State of Texas." Response to Plaintiff's Motion to Compel, or in the Alternative, Motion in Limine ("Response" or Resp.") at 2-3. Notably absent from Defendant's response is any evidence however to support this conclusory statement. Other courts including the Southern District of Mississippi in *Ishee v. Fannie Mae* have required – in finding a corporate officer could not be compelled - submission of an affidavit to support any contention that such officer did not regularly transact business in Texas. 2014 U.S. Dist. LEXIS 159619 (S.D. Miss. Nov. 13, 2014). Defendant has not provided such an affidavit. Moreover, Ms. Vezina's representation to the State of Texas that she is an officer of Defendant Xerox and has a Texas address, *see* Ex. B, suggests that she indeed regularly transacts business in the state. Specifically, Defendant's 2014 Texas Franchise Tax Public Info Report, page 2 of Exhibit B, provides an address for Ms. Vezina in the State of Texas: 2828 N. Haskell Ave., Dallas, Texas 75204. Despite Defendant's contentions to the contrary, Ms. Vezina clearly meets the requirements of Rule 45 for exercise of subpoena power by this Court.

II. **CCI and this Court can Rely on Xerox's Representation as to its Designated Corporate Representative for Trial.**

Xerox affirmatively represented to this Court in its Response that "none of the witnesses have been designated as corporate representatives for X[erox] in this case," with "witnesses"

here referring to Ms. Vezina, Mr. Noack, Mr. Howson, Ms. Sabatiel, Mr. Nigam, and/or Mr. Sharma.  Resp. at 1-2; 3 ("nor are they . . . designated corporate representatives of X[erox]"). With Xerox having made this representation in an effort to frustrate CCI's presentation of its case-in-chief, CCI hereby reserves its right to object to Xerox's offering the testimony of any of these listed witnesses in the capacity of corporate representative.

III. **Fundamental Fairness Requires that this Court Order Defendant's Witnesses to be made Available to Testify Live at Trial, or, in the Alternative, these Witnesses be Limited to Presentation by Deposition Testimony.**

   A. **CCI requests live testimony of these four witnesses merely in response to Defendant's trial designations.**

Contrary to Defendant's assertions, CCI has not asked for this Court to compel virtually all of Defendant's witnesses to testify in its case-in-chief; CCI's Motion and Supplemental Motion request relief (and not simply to "compel," as Xerox states) as to four witnesses: Ms. Vezina, Mr. Noack, Ms. Sabatiel, and/or Mr. Sharma, three of which CCI learned for the first time in submitting the Parties Joint Pre-Trial Order Xerox expects to call.  Xerox's Response thus overstates CCI's request of this Court.

   B. **The witnesses at issue will already be located in Dallas, Texas, and will suffer no undue burden.**

Even if these witnesses are "out-of-town" witnesses as a matter of procedural technicality, Defendant Xerox's designation of each of these witnesses as "expected" live witnesses places them as located in Dallas, Texas—the location of this trial—for the time of trial. While these witnesses may not be ordinarily in Dallas, Defendant's emphasis on the procedural label misstates the reality of their location during the time in which CCI seeks their live testimony, *at the same trial* at which they will appear live for Defendant.

Moreover, Defendant's contention that CCI's request that these witnesses testify live during CCI's case-in-chief, *during the same trial*, will place an "undue burden" on these

witnesses is unfounded.  Defendant offers no evidence of how CCI's request will actually burden the witnesses, beyond the base assertion that they "will need to remain in Dallas for an extended period of time—or fly back and forth to their home states." Resp. at 7.  As CCI noted in its original Motion, allowing presentation of these witnesses' live testimony during CCI's case-in-chief will take less time than first presenting their deposition testimony which will later be re-hashed with the same live witnesses; it will avoid duplicative and needless presentation of such testimony. *See Hewlett-Packard Co. v. Mustek Sys., Inc.*, 2001 WL 36166855, at *4 (S.D. Cal. June 11, 2001) (granting motion in limine that "promotes judicial economy and efficiency by avoiding needless presentation of evidence").  Defendant does not meaningfully refute this contention.

Finally, Defendant's characterization of CCI's request ignores the significant portion of CCI's Motion and Supplemental Motion requesting this Court enter an order in limine precluding Defendant from offering these witnesses live and limiting both Parties exclusively to presenting them through their deposition testimony, in the event Defendant does not agree to grant CCI access to these witnesses that it undoubtedly controls.  CCI does not seek relief from this Court as to all of the listed witnesses under Rule 45; instead, CCI requests this Court preclude Defendant from keeping several key fact witnesses outside the reach of CCI and instead forcing them to rely on deposition testimony in CCI's case-in-chief.  These four witnesses are crucial to CCI's breach of contract and fraud claims, for which CCI bears the burden of proof, and should Defendant move for directed verdict after CCI's case-in-chief and before CCI can directly examine these witnesses, CCI will face significant harm and prejudice, warranting relief from this Court.

CCI's request is far from extraordinary; in *Buchwald v. Renco Group, Inc.*, the United States District Court for the Southern District of New York, Hon. Nathan sitting, recently stated:

> **To prevent unfairness and avoid wasting time, numerous courts have held that a party may not limit a witness that the party intends to call at trial from testifying only during its own case in chief. Instead, the party must either permit its opponent to directly examine the witness, so that both parties may elicit the witness's live testimony during their cases in chief, or rely itself on the witness's deposition testimony, so that neither party may elicit the witness's live testimony during its case in chief. . . . Courts have found support for this approach in Federal Rule of Evidence 611(a), which gives district courts authority to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence" . . . [C]onsistent with Rule 45(c)(1), this Court cannot *compel* the five witnesses in question to testify at trial, but the Court does have authority under Rule 611(a) to prevent those witnesses from testifying for Defendants if they are not made available to testify for the Trustee.**

2014 U.S. Dist. LEXIS 118239, *3 (S.D.N.Y. Aug. 22, 2014).[2]  Here, CCI requests that this Court "denounce[] this strategy as 'gamesmanship'" as the District Court did in *Buchwald*, as "[t]his gamesmanship will not assist the ascertainment of truth and will needlessly consume the jury's time[.]" *Id.* "[T]he 2013 amendments to Rule 45(c)(1) are entirely irrelevant" to this portion of CCI's motion; "[t]he reason that the witness cannot be subpoenaed is beside the point." *Id.* Instead, CCI requests this Court exercise its discretion to prevent significant prejudice to CCI if Defendant is allowed to shield its own live witnesses from live direct examination by CCI.

## CONCLUSION

For the reasons stated herein, Plaintiff CedarCrestone, Inc. requests that this Court compel the live appearance of Ms. Vezina during the presentation of CCI's case in chief. In the alternative, Plaintiff requests that this Court enter an order in limine precluding Defendant from

---

[2] Moreover, "it is commonplace for trial judges, in ordering and expediting trials, to require witnesses to testify only once." *Health Grades, Inc. v. MDX Med., Inc.*, 2014 U.S. Dist. 61964 (D. Colo. April 30, 2014). Outside of the motion to transfer venue context, from which Defendant criticizes CCI's citations, "the preference for live testimony is still endorsed by federal courts." *Baskin v. Pepsi MidAmerica Co.*, 2015 U.S. Dist. LEXIS 14465 (W.D. Ken. Feb. 6, 2015) (addressing plaintiff's objection to defendant's designation of deposition testimony for use at trial); *see, e.g., Fuller v. United States*, 2002 U.S. Dist. LEXIS 3775, *3 (E.D. La. Feb. 26, 2002) (addressing objection to deposition testimony for use at trial).

offering Ms. Vezina, Mr. Noack, Ms. Sabatiel, and/or Mr. Sharma, live and limiting both Parties exclusively to presenting them through their deposition testimony.

Dated: February 27, 2015

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: /s/    *Christine A. Nowak*

Brian A. Colao
State Bar No. 00793528
Thomas M. Hanson
State Bar No. 24068703
Christine A. Nowak
State Bar No. 24050200
Dykema Gossett PLLC
1717 Main Street, Suite 4200
Dallas, Texas  75201
(214) 462-6400 (Telephone)
(214) 462-6401 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this Motion is being served the Court's CM/ECF system on all counsel of record on this 27th day of February, 2015.

   */s/  Christine A. Nowak*
Christine A. Nowak