**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CEDARCRESTONE, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 3:12-cv-4673** |
| **AFFILIATED COMPUTER** | § | |
| **SERVICES, LLC n/k/a XEROX** | § | |
| **BUSINESS SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF CEDARCRESTONE, INC.'S RESPONSE IN OPPOSITION TO
DEFENDANT XEROX BUSINESS SERVICES, LLC'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff CedarCrestone, Inc. ("Plaintiff," or "CedarCrestone") hereby files its Response

in Opposition to Defendant Xerox Business Services, LLC's ("Xerox" or "Defendant") Motion

for Entry of Default Judgment [Dkt. #221] as follows:

## INTRODUCTION AND SUMMARY

On the eve of trial in this multi-million dollar commercial dispute, and *after* the parties

submitted a Joint Pre-Trial Order that identifies the issues to be tried to the jury *next week*,

Xerox has come before this Court asking for the entry of a default judgment on its amended

counterclaims against Plaintiff and Counter-Defendant CedarCrestone.  But Federal Rule of Civil

Procedure 55(a) does not permit the entry of default judgment here, as CedarCrestone has

consistently, aggressively and fully *"otherwise defended"* itself in this Court against all of

Xerox's counterclaims—including via both its Rule 12(b) Motion to Dismiss and, separately, its

Motion for Partial Summary Judgment.  In addition to challenging Xerox's counterclaims via

multiple dispositive motions, CedarCrestone has also defended itself by propounding and

responding to voluminous discovery related to Xerox's counterclaims.

Beyond CedarCrestone's robust and ongoing defense against these counterclaims, the parties stipulated and agreed in the parties' Joint Proposed Pre-Trial Order that Xerox's counterclaims (and CCI's affirmative defenses thereto) are among the claims and issues that must be presented, by consent of the parties, to the jury at trial. The parties' stipulations in the Proposed Joint Pre-Trial Order supersede the parties' respective pleadings, and Xerox is bound to its agreed contents. Thus, Xerox is estopped from seeking and/or has waived any argument for default judgment at this late juncture. Against this indisputable procedural backdrop, and consistent with controlling Fifth Circuit case law interpreting Rule 55, Xerox's cusp-of-trial attempt to escape adjudication on the merits is manifestly improper and must be denied.

## ARGUMENT

**I. Entry of Default Judgment Is Manifestly Improper Under FRCP 55 Because CedarCrestone Has Vigorously Litigated and "Otherwise Defended" Itself Against Xerox's Counterclaims.**

**A. CedarCrestone Timely Answered Xerox's Counterclaims for Breach of Contract and Attorneys' Fees, Thereby Preventing Default on Those Claims.**

Plaintiff CedarCrestone initiated this lawsuit against Defendant Xerox. Xerox filed counterclaims against CedarCrestone [Dkt. #7] and, as Xerox's Motion for Entry of Default Judgment ("Motion") correctly acknowledges, CedarCrestone timely filed an answer and affirmative defenses [Dkt. #10] against those original counterclaims. Motion at ¶ 2 (admitting "Plaintiff had previously appeared in this case"). In other words, CedarCrestone timely answered and thereby put at issue for trial (or other disposition) Xerox's counterclaims for breach of contract and attorneys' fees, which are *identical* to the amended counterclaims for breach of contract and attorneys' fees on which Xerox now seeks default judgment. *Compare* Dkt. #7 *with* Dkt. #40 (Xerox asserting an identical breach of contract claim and an attorneys' fees claim against CedarCrestone in both its original and first amended counterclaims).

The fact that CedarCrestone did not re-answer Xerox's breach of contract and attorneys' fees claims when those same claims were re-filed as nominally "amended" but actually *identical* counterclaims is not a basis for default judgment under Rule 55(a). This is because "[t]he Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits." *Amberg v. Federal Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991); *see also Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001); *Rehab Choice Inc. v. CLC Healthcare, Inc.*, No. 4:07-CV-314-Y, 2007 U.S. Dist. LEXIS 47723, at *6 (N.D. Tex. July 2, 2007) (Means, J.) ("It is a basic tenant of Texas jurisprudence that the law abhors a default," and "Federal jurisprudence equally disfavors default judgments.") (citations omitted). Moreover, "[s]trict enforcement of defaults has no place in the Federal Rules[.]" *Amberg*, 934 F.2d at 686. Stated simply, CedarCrestone timely answered and asserted affirmative defenses [Dkt. #10] against Xerox's flagship breach of contract claim and its related claim for attorneys' fees, making any default judgment on those two counterclaims manifestly improper. *See* FED. R. CIV. P. 55(a). To hold that Xerox's re-filing of those identical two counterclaims under the caption "amended" somehow invalidates CedarCrestone's answer and affirmative defenses [Dkt. #10] would be the antithesis of merits litigation and the height of the "tyranny of technicality" condemned by the Fifth Circuit. *Amberg v*, 934 F.2d at 686; *see also* FED. R. CIV. P. 1.

**B. CedarCrestone Has "Otherwise Defended" Within the Meaning of Rule 55(a) Against All of Xerox's Counterclaims, Including Xerox's Claims for Fraud and Declaratory Relief.**

In addition to answering Xerox's counterclaims for breach of contract and attorneys' fees, CedarCrestone has also fully litigated and thus "otherwise defended" within the meaning of Rule 55(a) against *all* of Xerox's amended counterclaims. Facing CedarCrestone's Rule 12(c) Motion for Partial Judgment on the Pleadings as to Xerox's original counterclaims [Dkt. #21], Xerox

sought and obtained leave of Court to file amended counterclaims [Dkt. #28], including bringing

additional counterclaims for fraud and declaratory relief [Dkt. #40].  CedarCrestone promptly

challenged **all** of Xerox's amended counterclaims via a Rule 12(b) Motion to Dismiss and

supporting Brief [Dkt. #36 and #37] in conjunction with its pending Rule 12(c) Motion.  Under

well-established Fifth Circuit law, CedarCrestone "otherwise defend[ed]" itself within the

meaning of Rule 55(a) by timely filing its Rule 12(b) Motion to Dismiss against Xerox's

amended counterclaims, thereby precluding the entry of any default judgment for Xerox.  *See*

*Bass v. Hoagland*, 172 F.2d 205, 209 (5th Cir. 1949), *cert. denied*, 338 U.S. 816 (1949); *Sun*

*Bank of Ocala v. Pelican Homestead & Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("The

filing of a motion to dismiss is normally considered to constitute an appearance . . . ."); *Daniel v.*

*Hay*, No. 94-40721, 1995 U.S. App. LEXIS 43135, at \*9 (5th Cir. May 11, 1995) (Rule 55(a)

only permits a default against a party when it "has failed to plead or ***otherwise defend***' itself."

(emphasis added)).

For more than 65 years, the Fifth Circuit has recognized that, "[t]he words '***otherwise***

***defend***' refer to attacks on the service, ***or motions to dismiss***, or for better particulars, and the

like, which may prevent default without presently pleading to the merits."  *Bass*, 172 F.2d at 210

(emphasis added); *see also Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 400 n.2 (5th Cir. 1981)

(confirming that *Bass* remains binding precedent in the Fifth Circuit).  The Northern District of

Texas has routinely and repeatedly followed the Fifth Circuit's interpretation of Rule 55(a),

including by holding that "the interposition of various challenges to matters such as service,

venue, and the sufficiency of the complaint preclude a default even if pursued in the absence of a

responsive pleading.'"  *Flores v. Koster*, 3:11-CV-0726-M-BH, 2012 U.S. Dist. LEXIS 185052,

at \*10 (N.D. Tex. Dec. 28, 2012) (Ramirez, MJ) (citing *Rogers v. Barnhart*, 365 F. Supp.2d 803,

808 (S.D. Tex. 2004)), R&R adopted, 2013 U.S. Dist. LEXIS 5087 (N.D. Tex. Jan. 14, 2013) (Lynn, J.); *U.S. v. Caldwell*, 3:92-CV-1045-H, 1992 U.S. Dist. LEXIS 20155, at *3-4 (N.D. Tex. Dec. 22, 1992) (Sanders, J.) (setting aside default judgment because defendant had filed a motion to dismiss even though he did not file an answer); *Holloway v. ITT Educ. Servs., Inc.*, No. H-13-1317, 2014 U.S. Dist. LEXIS 120044, at *5 (N.D. Tex. Aug. 28, 2014) (denying request for default judgment because defendant had not "failed to . . . otherwise defend" the action, and noting the numerous examples of defense in the record, including that the "parties filed an Agreed Motion to Amend" the scheduling order, the parties jointly sought "to extend the deadline for mediation," the defendant filed its "Designation of Experts," and the defendant filed a "Motion for Summary Judgment"); *see also* 10 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 2682 at 409-410 (2d ed. 1983); 10 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 55.11[2][b] (3d Ed. 2014) ("The term 'otherwise defended' is not defined in Rule 55, but the term does include the assertion of those defenses that, under Rule 12(b), may be made by motion rather than in the pleadings.").

Here, of course, CedarCrestone vigorously "otherwise defended" itself under Rule 55 not just with its Rule 12(b) Motion to Dismiss [Dkt. #36 and #37], but also with a Motion for Partial Summary Judgment [Dkt. #112, #113 and #114] that challenged all of Xerox's counterclaims, and a request for Clarification of the Court's ruling regarding same [Dkt. #195]. As with a 12(b) motion, seeking summary judgment is a recognized way to "otherwise defend" within the meaning of Rule 55. *Rashidi v. Albright*, 818 F.Supp. 1354, 1356 (D. Nev. 1993) ("Clearly a summary judgment motion that speaks to the merits of the case and demonstrates a concerted effort and an undeniable desire to contest the action is sufficient to fall within the ambit of 'otherwise defend' for purposes of Fed. R. Civ. P. 55."); *Holloway*, 2014 U.S. Dist. LEXIS

120044 at *5 (noting that summary judgment is another form of "otherwise defend" under Rule 55).  Just so here.

In addition to filing multiple dispositive motions against Xerox's counterclaims, CedarCrestone also "otherwise defended" itself under Rule 55 in other ways specifically recognized by the Fifth Circuit and the Northern District of Texas.  For example, CedarCrestone and Xerox filed Agreed Motions to Amend Scheduling Order and Confidentiality and Protective Order [Dkt. #44, 51, 61], all of which the Court granted [Dkt. #45, 54, 70], and this further confirms CedarCrestone's intent to defend itself under Rule 55.  *Holloway*, 2014 U.S. Dist. LEXIS 120044 at *5.  CedarCrestone also "otherwise defended" by engaging in voluminous discovery, both affirmatively and in response to Xerox's onerous requests, including discovery motion practice [Dkt #55-57, 63, 93-95, 99-101, 106, 107, 126, 127, 138, 139, 155] and expert discovery [Dkt #111, 133, 158, 166-171, 191] related to Xerox's counterclaims.  *Id*. (noting that defendants satisfied the "otherwise defend" standard of Rule 55(a) by, among other things, filing a "Designation of Experts").   Finally, in addition to CedarCrestone's pre-trial disclosures and other pre-trial filings [Dkt #201, 202, 206-208, 211, 218, 219], the parties also entered into a Joint Proposed Pretrial Order [Dkt. # 209] that correctly acknowledges that Xerox's counterclaims, and CedarCrestone's defenses thereto, are among the claims and issues that must be presented to the jury at trial, thereby confirming CedarCrestone's intention and ability to defend itself at trial against Xerox's counterclaims.

The Fifth Circuit's rule in *Bass* and its progeny that a 12(b)(6) motion or motion for summary judgment prevents a default under Rule 55 makes perfect sense here: Xerox has not been forced to guess as to CedarCrestone's responses, positions, or defenses to any of Xerox's amended counterclaims, because CedarCrestone has repeatedly and exhaustively set those forth

in its Original Answer [Dkt. #7], Motion to Dismiss [Dkt. #36 and #37], Motion for Partial

Summary Judgment [Dkt. #112, #113 and #114], Joint Proposed Pretrial Order [Dkt. #209], and

numerous other filings with this Court.   For Xerox to contend on the eve of trial that

CedarCrestone was required to file the same information in a document bearing what Xerox

believes to be an acceptable caption, "Answer to Amended Counterclaims," at penalty of default,

is precisely the sort of exaltation of form over substance, and procedure over merits-based

adjudication, that the Fifth Circuit has repeatedly denounced.[1]   *See Amberg*, 934 F.2d at 686;

*Fibergrate Corp. v. Research-Cottrell, Inc.*, 481 F. Supp. 570, 572 (N.D. Tex. 1979) (rejecting a

party's construction of a statute that "would exalt form over substance and attach a heavy penalty

to a pleading error contrary to the policy of both the state and federal rules of procedure that

amendments ought to be freely allowed to avoid injustice."); *see also* FED. R. CIV. P. 1.

   In sum, it is hard to conceive of a case where a party has more easily satisfied the

"otherwise defend" standard of Rule 55, as interpreted by the Fifth Circuit in *Bass* and its

decades of progeny, rendering any entry of a default judgment manifestly improper.[2]   *See Bass v.*

---

[1] It should also be noted that Xerox is not merely seeking the entry of a default (which itself is unwarranted because CedarCrestone has appeared and defended within the meaning of Rule 55); it is seeking a default *judgment*.  Yet, Xerox's 1-page, 2-paragraph motion (which fails to cite any authority from any jurisdiction) does not even attempt to establish Xerox's entitlement to default *judgment* and, indeed, Xerox has no such entitlement. *See Cunningham v. Burns*, No. 3:12-CV-1824-L, 2013 U.S. Dist. LEXIS 120217, at *10 (N.D. Tex. Aug. 5, 2013) (Ramirez, MJ) ("[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'"), R&R adopted, 2013 U.S. Dist. LEXIS 119743 (N.D. Tex. Aug. 23, 2013) (Lindsay, J.).  "Default judgment 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" *Cunningham*, 2013 U.S. Dist. LEXIS 120217, at *10, citing *Mason & Hanger-Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).  "Courts may consider 'the amount of money at stake, the possibility of a dispute concerning material facts, and the strong policy favoring decisions on the merits.'"  *Cunningham*, 2013 U.S. Dist. LEXIS 120217, at *10-11.  In this case, there are substantial legal barriers to Xerox's counterclaims as well as, at minimum, disputed issues of fact precluding judgment for Xerox on its claims seeking $28 million in damages to which it is not entitled.

[2] Under Fifth Circuit law, where a default is entered against a defendant notwithstanding that the defendant appeared and "otherwise defended" within the meaning of Rule 55(a), and was therefore not in default, the defendant has been denied due process of law and the judgment is void. *Bass*, 172 F.2d at 209-210; *NY Life Ins. Co. v. Brown*, 84 F.3d 137, 1996 U.S. App. LEXIS 11333, at *15 (5th Cir. May 15, 1996) (setting aside a default judgment as being void and in violation of due process, citing *Bass*); *A.L.T. Corp. v. SBA*, 801 F.2d 1451, 1459 n.11 (5th Cir. 1986) (in rare

*Hoagland*, 172 F.2d 205, 209 (5th Cir. 1949).

**II.    Having Stipulated and Agreed to the Issues to Be Tried in the Joint Proposed Pretrial Order, Xerox Has Consented to Trying its Amended Counterclaims to the Jury, and Xerox Is Estopped from Seeking, and Has Waived, Any Argument for Default Judgment.**

### A. Xerox Consented to Trying its Amended Counterclaims to the Jury.

Under Federal Rule of Civil Procedure 15(b)(2), "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." *Elder Offshore Leasing, Inc. v. Bolivarian Republic of Venez.*, 297 Fed. Appx. 351, 355;  2008 U.S. App. LEXIS 22151, at *9-10 (5th Cir. Oct. 22, 2008), quoting Fed. R. Civ. P. 15(b)(2).   In applying Rule 15(b)(2), the Fifth Circuit "has established that ***a stipulation between the parties functions as providing express consent to try an issue*.*"  Id.* (emphasis added), citing *Emmons v. S. Pac. Transp. Co.*, 701 F.2d 1112, 1118-19 (5th Cir. 1983); *Am. Standard Credit, Inc. v. Nat'l Cement Co.*, 643 F.2d 248, 257 n.4 (5th Cir. 1981); *Nat G. Harrison Overseas Corp. v. Am. Tug Titan*, 516 F.2d 89, 96 (5th Cir. 1975); 6A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1493 n.4 (2d ed. 2008).   "Moreover, [the Fifth Circuit] has held that even when neither the pleadings nor the pretrial order contain a claim, that claim may still proceed if the record contains sufficient evidence to convince the court that the parties consented to the adjudication of the issue." *Elder Offshore Leasing, Inc.*, 297 Fed. Appx. at 355, citing *Am. Standard Credit*, 643 F.2d at 257 n.4.

In this case, pursuant to both Federal Rule of Civil Procedure 16 and this Court's Scheduling Order, the parties jointly submitted a Proposed Pretrial Order [Dkt. #209] that, among other things, identifies the claims and issues to be presented to the jury at trial next week,

---

cases such as this, the Fifth Circuit "allows collateral attack of a default judgment for procedural errors amounting to a due process violation.").

including Xerox's amended counterclaims and CedarCrestone's defenses thereto.[3]  *See* FED. R.

CIV. P. 16(c)(2)(A)[4] (the parties must formulate, simplify and identify issues for trial to promote

efficiency and conserve judicial resources).  This Joint Proposed Pretrial Order [Dkt. #209] was

signed by counsel for both parties, and it was filed ***prior*** to Xerox's Motion for Default Judgment

[Dkt. #221].  As a matter of law, Xerox is bound to its pre-trial admissions and stipulations in the

Joint Proposed Pretrial Order —including its acknowledgment that its counterclaims are among

the "live" issues for trial.  *See Jones v. Wal-Mart Stores, Inc*., 870 F.2d 982, 985-86 (5th Cir.

1989) (stipulations in pretrial order are binding); *Trujillo v. Uniroyal Corp*., 608 F.2d 815, 817

(10th Cir. 1979) (same).  Accordingly, the parties' stipulation and consent to try to the jury

Xerox's amended counterclaims, as well as CedarCrestone's defenses thereto, "must be treated in

all respects as if raised in the pleadings."  *Elder Offshore Leasing, Inc.*, 297 Fed. Appx. at 355.

## B.  Xerox is Estopped, and has Waived, Any Argument for Default Judgment.

Separately, Xerox has also waived and is estopped from asserting any argument for

default judgment.  Xerox must be held to the representations it made to this Court in the parties'

Proposed Pretrial Order [Dkt. #209], and it cannot belatedly seek default judgment on claims that

it has already acknowledged in a signed pleading are ripe for trial next week.  *See Islamic*

*Republic of Iran v. Boeing Co*., 771 F.2d 1279, 1291 (9th Cir. 1985) (issues resolved by

agreement at pretrial conference and embodied in pretrial order may not be raised at trial).

Stated simply, the Joint Proposed Pretrial Order [Dkt. #209] submitted by the parties defines the

"live" claims and issues in this case, and, contrary to Xerox's 13th hour Motion for Default

---

[3] Similarly, in its Proposed Jury Charge [Dkt. #209, Exhibit L to Pre-Trial Order], Xerox has also specifically requested that the jury be asked questions regarding its counterclaims.

[4] Under Rule 16, the parties have an obligation to fully and fairly disclose their view of the real issues for trial.  *See Erff v. Markhon Indus., Inc.*, 781 F.2d 613, 617 (7th Cir. 1986).  Because of the controlling nature and case-defining function of the pretrial order, it is an abuse of discretion for a trial court to award judgment based on evidence not included in the pretrial order.  *See United States v. First Nat'l Bank*, 652 F.2d 882, 887 (9th Cir. 1981).

Judgment, it includes Xerox's amended counterclaims and CedarCrestone's defenses thereto.

Under basic estoppel and waiver principles, Xerox must be held to what it signed and filed with the Court. Stated another way, Xerox's filing of its Motion for Default Judgment on the eve of trial is totally inconsistent with its earlier filing (made jointly with CedarCrestone) of the Proposed Pretrial Order [Dkt. #209], and Xerox intended for this Court to rely upon that earlier filing. As such, Xerox is judicially estopped from radically changing course and suddenly seeking the entry of default judgment on counterclaims it has already admitted are ready for trial. *See Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 553 (5th Cir. 2014) (judicial estoppel is a flexible, equitable device which "prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding," while also protecting "the integrity of the judicial process"); *Ergo Science, Inc. v. Martin*, 73 F.3d 595, 598 (5th Cir. 1996).

## CONCLUSION

Plaintiff and Counter-Defendant CedarCrestone has vigorously litigated every aspect of this complex and hard-fought case, including by "otherwise defending" against all of Xerox's counterclaims with multiple dispositive motions and voluminous discovery. Moreover, in the parties' Joint Proposed Pretrial Order, Xerox agreed that its counterclaims are ripe for trial before the jury next week, and that joint pleading controls the live issues before the Court. Xerox's 13th hour Motion for Entry of Default Judgment [Dkt. #221] is meritless and should be **DENIED** in all respects. CedarCrestone requests such additional relief as it is entitled to in law or in equity.

Date:  March 3, 2015                                        Respectfully submitted,

**DYKEMA GOSSETT PLLC**


By: */s/ Brian A. Colao*
Brian A. Colao
State Bar No.  00793528
Thomas M. Hanson
State Bar No. 24068703
Christine A. Nowak
State Bar No. 24050200
1717 Main Street, Suite 4200
Dallas, Texas 75201
214.462.6400 (Telephone)
214.462.6401 (Fax)
thanson@dykema.com

**ATTORNEYS FOR PLAINTIFF**


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record who are deemed to have consented to

electronic service via the Court's CM/ECF system.

 */s/*  Brian A. Colao
Brian A. Colao