IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CEDARCRESTONE, INC., | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| v. | § § | Civil Action No. 3:12-cv-4673 |
| AFFILIATED COMPUTER SERVICES, LLC n/k/a XEROX BUSINESS SERVICES, LLC | § § § § § | |
| Defendant/Counter-Plaintiff. | § § | |

**DEFENDANT XEROX BUSINESS SERVICES, LLC'S REPLY BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT**

**I.     INTRODUCTION.**

Plaintiff CedarCrestone, Inc.'s ("CCI") Response provides no explanation or excuse for its failure to answer Xerox's counterclaims. At the March 2, 2015 Pre-Trial Conference, the Court specifically requested the circumstances surrounding CCI's failure timely to answer. CCI's Response is remarkably silent on this issue. Furthermore, CCI did not provide any affidavit or declaration to address the issue. It is therefore undisputed that CCI can point to no good cause to excuse its failure to answer or otherwise respond to Xerox's counterclaims. Even today, CCI has not answered or filed a motion for leave to accept a late answer. CCI's cavalier indifference to the Court's instructions and the Federal Rules of Civil Procedure undermines each of CCI's arguments. Because CCI has refused to provide the Court any colorable explanation for its failure to answer, the Court should exercise its broad discretion to enter default. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (explaining that the entry of default judgment is left to the sound discretion of the trial court).

Moreover, default judgment on Defendant Xerox Business Services, LLC's ("Xerox") claims is substantively appropriate. It is undisputed that CCI never answered Xerox's counterclaims. In fact, CCI has never set forth any defenses whatsoever against Xerox's claims for fraud and declaratory relief. CCI's Response repeatedly touts that the parties' Joint Pre-Trial Order (Dkt. No. 209) now legally asserts its defenses. Yet, ***CCI's Response does not highlight or cite to a single affirmative defense contained within the Joint Pre-Trial Order that relates to Xerox's fraud and declaratory relief claims***. Ultimately, default judgment is now the appropriate remedy. Moreover, CCI's reliance on the Joint Pre-Trial Order is misplaced. As set forth below, CCI's inclusion of *contested issues of law or facts* has **no binding effect on Xerox** or this Court. CCI cannot now on the eve of trial insert matters into their contested section of a Joint Pre-Trial Order (over which Xerox has no editorial control) and suddenly claim that this contested issue is ripe for adjudication. Yet this is precisely the argument CCI now makes.

## II.   ARGUMENT AND AUTHORITIES.

### A.   CCI Has Failed to "Otherwise Defend" Xerox's Fraud and Declaratory Relief Claims.

It is undisputed that CCI never filed an answer to the counterclaims contained in Xerox's July 11, 2014 Answer to Plaintiffs' Second Amended Complaint, Affirmative Defenses, and Counterclaim (Dkt. No. 186). It is further undisputed that CCI has never, in any pleading or otherwise, answered Xerox's fraud or declaratory relief counterclaims. Finally, it is undisputed that CCI has offered no excuse or good cause for their failure to answer, despite the Court's request.

As an initial matter, CCI's brief repeatedly cites to *Bass v. Hoagland*, 172 F.2d 205 (5th Cir. 1949) and its progeny as supporting its position that CCI has "otherwise defend[ed]" Xerox's claims. Fed. R. Civ. P. 55 (stating that default judgment is appropriate against a party

that "has failed to plead or otherwise defend" a claim). However, *Bass* is entirely irrelevant to the instant analysis. In *Bass*, the court found procedural due process violations relating to notice and opportunity to appeal of sufficient magnitude so as to render the proceedings constitutionally invalid. *Bass*, 172 F.2d at 208–09. As the Fifth Circuit later explained:

> [O]ur finding in *Bass* that due process had been denied resulted from the *combined* circumstances of that case: the right to a jury trial was denied though demanded; default was entered solely as a result of Bass' attorney's failure to appear for trial; Bass was never provided with any notice of the default (which apparently was entered *sua sponte* by the Court); the Court found notice had been fraudulently withheld by the opposing party for 2 ½ years after entry of judgment; and finally, no trial or evidence was heard as to the amount of damages.

*Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984). The facts and legal issues underpinning the instant case are in stark contrast to those in *Bass*. In addition to the above, an important additional procedural distinction is that the defendant in *Bass* **filed an answer to the defaulted claims**. *See Bass*, 172 F.2d at 210 ("When Bass by his attorney filed a denial of the plaintiff's case neither the clerk nor the judge could enter a default against him."). In contrast, CCI has not filed any answer to any of Xerox's counterclaims in its live pleading and has never joined, in any way, Xerox's fraud and declaratory judgment counterclaims. Additionally, there exist no procedural due process hurdles in this case to default judgment. CCI has had full and fair notice of Xerox's claims and ample opportunity to respond. CCI simply has not presented any defenses in opposition to Xerox's fraud and declaratory relief claims.

CCI contends that its Rule 12(c) motion for partial judgment (Dkt. No. 21), Rule 12(b)(6) motion to dismiss (Dkt. No. 36), and motion for partial summary judgment (Dkt. No. 112) satisfy the "otherwise defend[ing]" limitation of Rule 55. CCI is misguided. At most, CCI's Rule 12 Motion simply asserts (as do all Rule 12 motions procedurally must) that Xerox's claim is not

supported by the four corners of its Complaint. This is a far cry from interposing defenses. Moreover, the Court denied each of these motions rejecting CCI's legal insufficiency arguments. Additionally, none of these motions identifies a single affirmative defense to Xerox's claims. CCI's motion for summary judgment is instructive for showing the limited scope of CCI's motions. Nowhere does CCI's Motion to Dismiss present any actual affirmative defenses to Xerox's fraud or declaratory relief claims. Instead, it asserted that Xerox's claims failed as a matter of law. *See e.g.,* Dkt. No. 113 at 34.

CCI's summary judgment motion related to fraud is a regurgitation of the arguments contained in its earlier motion to dismiss. Therefore, it is unsurprising that CCI's summary judgment motion argues that "Xerox's two new claims [for fraud and declaratory relief] fail as a matter of law . . . ." Dkt. No. 37 at 7. But again, CCI's motion fails to outline any affirmative defenses to the claims. Simply stating that the merits do not support an asserted claim is materially distinguishable from interjecting affirmative defenses into the litigation.

CCI also ambiguously alleges that it responded "to voluminous discovery related to Xerox's counterclaims," thereby proactively defending Xerox's allegations. Dkt. No. 222 at 1. CCI only speaks in generalities. CCI points to nothing specific and includes no evidence or exhibits with its Response. CCI is correct that the parties have taken discovery on Xerox's breach of contract claim. Even with ample opportunity, CCI's Response identifies no specific discovery propounded regarding Xerox's fraud or declaratory relief claims. CCI does not point to any specific evidence (material or otherwise) it obtained or provided to substantiate any defense to these claims. In truth, CCI did not engage in voluminous discovery related to Xerox's fraud and declaratory relief claims and its attempt to bootstrap breach of contract related discovery begs the key point.

Clearly, CCI has not "otherwise defend[ed]" Xerox's claims with respect to CCI's alleged affirmative defenses. Accordingly, default judgment in favor of Xerox, especially with respect to its fraud and declaratory relief claims, is appropriate.

### B.  Xerox Agrees the Parties' Joint-Pretrial Order is Controlling.

Independent of Xerox's default judgment analysis, Xerox agrees with CCI that ***unobjected to portions*** of the parties' Joint Pre-Trial Order control the issues to be presented at trial. The Fifth Circuit has consistently held that "[i]t is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial." *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir. 1996) (quotation omitted). Indeed, when the parties jointly submit unobjected to portions of a pre-trial order, they are binding admissions on the parties. *See id.* (finding statements within a pretrial order binding on a party that "signed and did not object to a pretrial order"); *Loose v. Offshore Navigation, Inc.*, 670 F.2d 493, 498 (5th Cir. 1982) (holding that an unobjected to admission in a pre-trial order is a waiver of the assertion of a contrary position); *Canatxx Energy Ventures, Inc. v. Gen. Elec. Capital Corp.*, No. 07-20522, 2008 WL 4601691, at *2 (5th Cir. Oct. 16, 2008) (accord).

Here, the parties' ***unobjected to portions*** of the Joint Pre-Trial Order clearly delineate the scope of the claims and defenses for trial. Under the Joint Pre-Trial Order's heading "Joint Statement of Parties' Claims," CCI specifically identifies its ten asserted affirmative defenses. Dkt. No. 209 at 4–5. Each of these defenses is identified in CCI's Answer of CedarCrestone, Inc. to Counterclaim ("CCI's Answer") (Dkt. No. 10), which is in answer to Xerox's breach of contract claim outlined in its Answer to Plaintiff's First Amended Complaint and Counterclaim (Dkt. No. 7). At that time, Xerox only asserted a counterclaim for breach of contract. ***Accordingly, all of the affirmative defenses raised by CCI's Answer, and subsequently***

***incorporated into the jointly submitted portions of the Pre-Trial Order, are limited to Xerox's breach of contract claim***.  Therefore, all of the affirmative defenses contained in the parties' Joint Pre-Trial Order are limited to opposing Xerox's breach of contract claim.  No defenses exist to challenge Xerox's fraud or declaratory relief claims. Notably, the only defensive pleading CCI incorporated by reference in the parties' Joint Pre-Trial Order is CCI's Answer (Dkt. No. 10), which facially does not address the counterclaims included in Xerox's Answer to Plaintiffs' Second Amended Complaint, Affirmative Defenses, and Counterclaim (Dkt. No. 186).

To be clear, the breach of contract affirmative defenses selected by CCI for the joint, unobjected to portion of the Joint Pre-Trial Order were not the result of a simple cut and paste of all asserted defenses.  Rather, CCI made a conscious decision as to which affirmative defenses to retain for trial.  For instance, CCI's Answer contains the additional affirmative defense that "CedarCrestone is not liable to Xerox for any Critical Milestone Credits set out in Appendix K to the SOW because such credits are unenforceable penalties under Texas law."  Dkt. No. 10 at 7. CCI deliberately did not include this defense in the Joint Pre-Trial Order.  Presumably, CCI took the same deliberate care in deciding what to include in the unobjected to portion of the Joint Pre-Trial Order.  That section is absolutely silent as to Xerox's fraud and declaratory judgment claims.  *See McGehee*, 101 F.3d at 1080 (holding that unobjected to pretrial order is binding upon the parties); *see generally* Fed. R. Civ. P. 16(e) ("The court may modify the order issued after a final pretrial conference to prevent manifest injustice."). The parties' jointly submitted and unobjected to portions of the joint pre-trial submission excluded any defenses to Xerox's fraud and declaratory relief claims, and is therefore binding on the scope of trial.

In *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 604 (5th Cir. 2000), the Fifth Circuit concluded that defendant Chevron Chemical, Co. failed to include certain issues in the

parties' joint pre-trial order. The court explained that "[t]he claims, issues, and evidence are narrowed by the pretrial order to expedite the proceeding. Once the pretrial order is entered, it controls the scope and course of the trial. If a claim or issue is omitted from the order, it is waived, even if it appeared in the complaint." *Kona*, 225 F.3d at 604 (citations omitted). Because Chevron omitted certain claims from the joint pretrial order, the Fifth Circuit deemed them waived. *See Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 206 (5th Cir. 1998) (finding wavier of claims not included in pre-trail order signed by the parties).

      Notably, all CCI points to in its Response on this point is rhetoric. CCI points to nothing specific in the Pre-Trial Order that would constitute a defense to Xerox's fraud and declaratory judgment claims (as distinct from Xerox's breach of contract claim). This is because it does not exist. Here, CCI's alleged, but still unidentified, affirmative defenses should be excluded from trial since CCI failed to include them in the Joint Pre-Trial Order. *See Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-cv-913-D, 2005 WL 39086, at *8 n.18 ("[O]nce the pretrial order is signed, it will control the claims and damages that are to be tried."); *McGehee*, 101 F.3d at 1080 ("It is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial." (quotation omitted)).

      The general and vague assertion that CCI's fraud and declaratory relief affirmative defenses are contained in the Joint Pre-Trial Order is incorrect. CCI's Response fails to specifically cite to any defense in the Joint Pre-Trial Order, let alone to any pertaining to Xerox's fraud and declaratory relief claims. Permitting CCI to now insert additional defenses for trial due to its failure to adhere to the Federal Rules of Civil Procedure is unjustified. It would fly in the face of rationale jurisprudence to allow CCI to now expand the issues for trial after it has failed to include the issues in any pleading. Further, it would be severely prejudicial to permit

the addition of matters in the *contested* portions of a Pre-trial Order where the opposing party was never made aware of the defenses. If this dilatory tactic were permissible, a party could purposefully hide-the-ball and then produce an entirely new defense on the eve of trial without affording the opposing party an opportunity to conduct sufficient discovery or adequately prepare for trial. *Quick Technologies, Inc. v. Sage Grp. PLC*, 313 F.3d 338, 346 (5th Cir. 2002) ("Even though amendment of the Pretrial Order may be allowed where no surprise or prejudice to the opposing party results, where . . . the evidence and the issue were known at the time of the original pretrial conference, amendments may generally be refused. Each party has an affirmative duty to allege at the pretrial conference all factual and legal bases upon which the party wishes to litigate the case. Failure to do so may implicate waiver of the issue at the discretion of the trial court, subject to considerations of fairness and efficient administration of justice."); Fed. R. Civ. P. 16(e) ("The court may modify the order issued after a final pretrial conference only to prevent manifest injustice."); *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 139 F. Supp. 2d 1071, 1103 (N.D. Iowa 2001), *aff'd*, 298 F.3d 736 (8th Cir. 2002).

Moreover, CCI's proposed jury instructions reflect the Joint Pre-Trial Order and CCI's intention to not present any defenses to Xerox's fraud and declaratory relief claims. First as context, CCI's jury instructions contain a liability question regarding Xerox's breach of contract claim. Dkt. No. 209-11 at 13. Thereafter, CCI's jury instructions also include a question regarding "CedarCrestone's Defenses to Breach of Contract." *Id.* at 16. In this question CCI identifies the defenses of "excuse[ ] by Xerox's alleged prior repudiation," "excuse[ ] by Xerox's previous failure to comply with a material obligation," "excuse[ ] if compliance is waived," and "excuse[ ] if compliance was impossible." *Id.*

In contrast, CCI's proposed jury charge is void of any instruction or question regarding Xerox's fraud or declaratory relief claims.[1] ***CCI's proposed charge neither has an initial question regarding CCI's liability for fraud nor a follow-up question regarding CCI's defenses to fraud***. The same is true regarding Xerox's declaratory relief claim. Clearly, and in accordance with the Joint Pre-Trial Order, CCI did not intend to contest liability for these claims, much less present affirmative defenses on these issues. The fact that CCI now alleges it has "otherwise defend[ed]" these claims is entirely inconsistent with its decision to leave all issues related to Xerox's fraud and declaratory relief claims out of its final pre-trial submission. CCI must now live with the consequences of its decision to not contest Xerox's fraud and declaratory relief claims.

## III. CONCLUSION.

CCI has refused to provide this Court with any explanation whatsoever of its failure to answer Xerox's counterclaims. Instead, CCI broadly alleges that it has "otherwise defend[ed]" Xerox's claims, when in fact, it has not. CCI also vaguely contends the Joint Pre-Trial Order contains all of its defenses, but cannot point to a single specific citation, including a reference to defenses to Xerox's fraud and declaratory relief claims.

Based on the foregoing, Xerox respectfully requests that the Court enter a default judgment against CCI and in Xerox's favor as to all of Xerox's counterclaims of (1) breach of

---

[1] In a footnote, CCI criticizes Xerox for the inclusion of its fraud and declaratory relief claims in its proposed jury instructions. However, this is no different than a party simply attempting to preserve issues in the event the Court allows them to proceed to trial. For instance, had a pending motion for summary judgment existed as of the deadline for filing pre-trial materials, the parties would have been forced to include issues in the pre-trial materials which were subject to summary judgment. Otherwise, the parties would risk waiver of those issues and arguments. Xerox's inclusion of fraud and declaratory relief claims against CCI in its jury instructions reflects Xerox's intention to present these claims for trial in the event the Court declines early resolution of these issues. To avoid any doubt, Xerox's proposed questions do not include any reference to CCI's non-alleged fraud or declaratory relief defenses.

contract; (2) fraud; (3) declaratory judgment; and (4) attorneys' fees as set forth in Xerox's July 11, 2014 Answer to Plaintiffs' Second Amended Complaint, Affirmative Defenses, and Counterclaim (Dkt. No. 186), and grant Xerox such other and further relief to which it is entitled.

Date: March 5, 2015                                             Respectfully submitted,

*Ann Marie Arcadi*
Steven G. Schortgen, Lead Counsel
   Texas State Bar No. 00794603
   steve.schortgen@klgates.com
Ann Marie Arcadi
   Texas State Bar No. 00786994
   annmarie.arcadi@klgates.com
Jennifer Klein Ayers
   Texas State Bar No. 24069322
   jennifer.ayers@klgates.com
Jack J. Stone
   Texas State Bar No. 24083592
   jack.stone@klgates.com

K&L Gates LLP
1717 Main St.
Suite 2800
Dallas, TX  75201
214.939.5500
214.939.5849 Facsimile

**ATTORNEYS FOR AFFILIATED COMPUTER SERVICES, LLC,  n/k/a XEROX BUSINESS SERVICES, LLC**

## CERTIFICATE OF SERVICE

      Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas, I hereby certify that on the 5th of March, 2015 a copy of the foregoing was sent to counsel of record for all parties pursuant to the Court's ECF system.

                                        */s/ Ann Marie Arcadi*
                                        *Ann Marie Arcadi*